UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------- x

KEDWIN PAYAMPS,

                                        Plaintiff,

                  -against-


THE CITY OF NEW YORK; MAYOR BILL DE BLASIO;
NEW YORK CITY POLICE DEPARTMENT ("NYPD")
COMMISSION DERMOT SHEA; NYPD CHIEF OF
DEPARTMENT TERENCE MONAHAN; NYPD
INSPECTOR JESSE LANCE; NYPD OFFICER COREY
JOHNSON; FIRST NAME UNKNOWN ("FNU")
AUGUSTE (Tax I.D. 961629); and NYPD MEMBERS
JOHN AND JANE DOES 1-7.

                                        Defendants.

----------------------------------------------------------------------- x

**ANSWER TO THE COMPLAINT ON BEHALF OF DEFENDANTS CITY OF NEW YORK, DE BLASIO, SHEA, MONAHAN, AUGUSTE, AND JOHNSON.**

22-CV-0563 (AMD) (VMS)

**Jury Trial Demanded**

        Defendants City of New York, Mayor Bill De Blasio, New York City Police Department ("NYPD") Commissioner Dermot Shea, NYPD Chief of Department Terence Monahan, Police Officer Daniel Auguste, and Police Officer Corey Johnson[1] by their attorney, the Honorable Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, for their Answer to the Complaint, respectfully allege, upon information and belief, as follows:

        1.        Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of the Complaint.

        2.        Deny the allegations set forth in paragraph "2" of the Complaint, except admit that the City is a municipal corporation incorporated under the laws of the State of New York, that the

---

[1] By letter dated June 27, 2022, this Office requested that the Court *sua sponte* enlarge the time for defendant Lance to obtain legal representation and answer or otherwise respond to the Complaint from June 27, 2022 until July 27, 2022.

City maintains a police department, and respectfully refers to the New York City Charter and the Administrative Code for a recitation of the relationship between the City and the NYPD.

3.     Deny the allegations set forth in paragraph "3" of the Complaint, except admit that, defendant de Blasio was the Mayor of New York City and is responsible for appointing the New York City Police Commissioner at all times relevant to the Complaint and that plaintiff purports to proceed as stated therein.

4.     Deny the allegations set forth in paragraph "4" of the Complaint except admit that, defendant Shea was the Police Commissioner of New York City at all times relevant to the Complaint and that plaintiff purports to proceed as stated therein.

5.     Deny the allegations set forth in paragraph "5" of the Complaint, except admit that defendant Monahan was employed by the City of New York as the Chief of Department of the NYPD at all times relevant to the Complaint and that plaintiff purports to proceed as stated therein.

6.     Deny the allegations set forth in paragraph "6" of the Complaint, except admit that Jesse Lance was employed by the City of New York as an Inspector with the NYPD at all times relevant to the Complaint.

7.     Deny the allegations set forth in paragraph "7" of the Complaint, except admit that plaintiff purports to proceed as stated therein and deny knowledge or information sufficient to form a belief as to unidentified "John Doe" defendants.

8.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "8" of the Complaint as they pertain to the unidentified "John Doe" defendant.

9.     Deny the allegations set forth in paragraph "9" of the Complaint, except admit that Police Officer Daniel Auguste issued plaintiff a summons.

10.     Deny the allegations set forth in paragraph "10" of the Complaint, and further state that the allegations contained therein are legal conclusions to which no response is required.

11.     Deny the allegations set forth in paragraph "11" of the Complaint, and further state that the allegations contained therein are legal conclusions to which no response is required.

12.     Deny the allegations set forth in paragraph "12" of the Complaint, and further state that the allegations contained therein are legal conclusions to which no response is required.

13.     Deny the allegations set forth in paragraph "13" of the Complaint, and further state that the allegations contained therein are legal conclusions to which no response is required.

14.     Deny the allegations set forth in paragraph "14" of the Complaint, and further state that the allegations contained therein are legal conclusions to which no response is required.

15.     Deny the allegations set forth in paragraph "15" of the Complaint.

16.     Deny the allegations set forth in paragraph "16" of the Complaint, except admit that plaintiff purports to proceed as stated therein.

17.     Deny the allegations set forth in paragraph "17" of the Complaint, except admit that plaintiff purports to invoke jurisdiction as stated therein.

18.     Deny the allegations set forth in paragraph "18" of the Complaint, except admit that plaintiff purports to base venue as stated therein.

19.     Deny the allegations set forth in paragraph "19" of the Complaint, except admit that, upon information and belief, a document purporting to be a notice of claim was electronically submitted to the New York City Comptroller's Office on plaintiff's behalf on September 2, 2020.

20.     Deny the allegations set forth in paragraph "20" of the Complaint, except admit that, upon information and belief, a document purporting to be a notice of claim was electronically

submitted to the New York City Comptroller's Office on plaintiff's behalf on September 2, 2020 and no adjustment or payment has been made.

21.    Deny the allegations set forth in paragraph "21" of the Complaint, except admit that this case was filed on January 31, 2022 and respectfully refer the Court to the cited record for a complete and accurate recitation of its contents.

22.    Deny the allegations set forth in paragraph "22" of the Complaint, except admit that multiple protests occurred throughout the United States and New York City during the spring and summer of 2020, following the death of George Floyd.

23.    Deny the allegation set forth in paragraph "23" of the Complaint.

24.    Deny the allegation set forth in paragraph "24" of the Complaint.

25.    Deny the allegation set forth in paragraph "25" of the Complaint.

26.    Deny the allegation set forth in paragraph "26" of the Complaint.

27.    Deny the allegation set forth in paragraph "27" of the Complaint.

28.    Deny the allegation set forth in paragraph "28" of the Complaint, except admit that the COVID-19 pandemic was ongoing in the Summer of 2020.

29.    Admit the allegations set forth in paragraph "29" of the Complaint.

30.    Deny the allegations set forth in paragraph "30" of the Complaint.

31.    Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "31" of the Complaint.

32.    Admit only that plaintiff purports to incorporate by reference the reports referenced in paragraph "30" of the Complaint, including footnote 3, and deny the remaining allegations set forth therein.

33.     Deny the allegations set forth in paragraph "33" of the Complaint, including all its subparts, except admit that plaintiff purports to incorporate by reference the factual allegations of cases cited therein.  Further state that "mere citations to lawsuits, even if they did involve comparable conduct, do not alone establish a custom or practice that is widespread and persistent, particularly if the lawsuits did not result in an adjudication of liability." *Bethune v. Westchester County*, 18-CV-3500, 2020 U.S. Dist. LEXIS 36013, 2020 WL 1032508, at *5 (S.D.N.Y. Mar. 2, 2020) (citations omitted). Defendants further refer the Court to the cited cases for a full and accurate recitation of their allegations.

34.     Deny the allegations set forth in paragraph "34" of the Complaint, including all its subparts, except admit only that plaintiff purports to incorporate by reference the factual allegations of cases cited therein.  Further state that "mere citations to lawsuits, even if they did involve comparable conduct, do not alone establish a custom or practice that is widespread and persistent, particularly if the lawsuits did not result in an adjudication of liability." *Bethune v. Westchester County*, 18-CV-3500, 2020 U.S. Dist. LEXIS 36013, 2020 WL 1032508, at *5 (S.D.N.Y. Mar. 2, 2020) (citations omitted). Defendants further refer the Court to the cited cases for a full and accurate recitation of their allegations.

35.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the Complaint.

36.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the Complaint.

37.     Deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "37" of the Complaint, and further state that the allegations set forth in paragraph "37" of the Complaint are legal conclusions to which no response is required.

38.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the Complaint.

39.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the Complaint.

40.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the Complaint.

41.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the Complaint.

42.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the Complaint.

43.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the Complaint.

44.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the Complaint.

45.     Deny the allegations set forth in paragraph "45" of the Complaint, except admit that, upon information and belief, Inspector Lance struck plaintiff with his asp.

46.     Deny the allegations set forth in paragraph "46" of the Complaint, except respectfully refer the Court to the cited record for a complete and accurate recitation of its contents, and admit that plaintiff seeks to proceed as stated therein.

47.     Deny the allegations set forth in paragraph "47" of the Complaint, except respectfully refer the Court to the cited record for a complete and accurate recitation of its contents.

48.     Deny the allegations set forth in paragraph "48" of the Complaint.

49.     Deny the allegations set forth in paragraph "49" of the Complaint.

50.     Deny the allegations set forth in paragraph "50" of the Complaint.

51.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51" of the Complaint.

52.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52" of the Complaint except admit that, upon information and belief, Inspector Lance struck plaintiff with his asp.

53.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "53" of the Complaint.

54.     Deny the allegations set forth in paragraph "54" of the Complaint, including footnote 4, except respectfully refer the Court to the cited record for a complete and accurate recitation of its contents.

55.     Deny the allegations set forth in paragraph "55" of the Complaint.

56.     Deny the allegations set forth in paragraph "56" of the Complaint.

57.     Deny the allegations set forth in paragraph "57" of the Complaint.

58.     Deny the allegations set forth in paragraph "58" of the Complaint.

59.     Deny the allegations set forth in paragraph "59" of the Complaint.

60.     Deny the allegations set forth in paragraph "60" of the Complaint, except admit that plaintiff was placed in flex cuffs during his arrest.

61.     Deny the allegations set forth in paragraph "61" of the Complaint, except admit that plaintiff was transported to the 78th precinct in a police vehicle.

62.     Deny the allegations set forth in paragraph "62" of the Complaint.

63.     Deny the allegations set forth in paragraph "63" of the Complaint.

64.     Deny the allegations set forth in paragraph "64" of the Complaint.

65.     Deny the allegations set forth in paragraph "65" of the Complaint.

66.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "66" of the Complaint.

67.     Deny the allegations set forth in paragraph "67" of the Complaint.

68.     Deny the allegations set forth in paragraph "68" of the Complaint.

69.     Deny the allegations set forth in paragraph "69" of the Complaint.

70.     Deny the allegations set forth in paragraph "70" of the Complaint.

71.     Admit that on June 4, 2020, Officer Auguste issued plaintiff a summons bearing barcode number 4446255767.

72.     Admit only that, upon information and belief, on September 9, 2020, plaintiff's criminal proceeding was dismissed in the interest of justice pursuant to New York Criminal Procedure Law § 170.40 in Kings County Criminal Court.

73.     Deny the allegations set forth in paragraph "73" of the Complaint.

74.     Deny the allegations set forth in paragraph "74" of the Complaint.

75.     Deny the allegations set forth in paragraph "75" of the Complaint.

76.     Deny the allegations set forth in paragraph "76" of the Complaint.

77.     Deny the allegations set forth in paragraph "77" of the Complaint.

78.     Deny the allegations set forth in paragraph "78" of the Complaint.

79.     Deny the allegations set forth in paragraph "79" of the Complaint.

80.     Deny the allegations set forth in paragraph "80" of the Complaint.

81.     Deny the allegations set forth in paragraph "81" of the Complaint, except admit that plaintiff was placed in flex cuffs during his arrest.

82.     Deny the allegations set forth in paragraph "82" of the Complaint, except admit that plaintiff was transported to the 78th precinct in a police vehicle

83.     Deny the allegations set forth in paragraph "83" of the Complaint.

84.     Deny the allegations set forth in paragraph "84" of the Complaint.

85.     Deny the allegations set forth in paragraph "85" of the Complaint.

86.     Deny the allegations set forth in paragraph "86" of the Complaint.

87.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "87" of the Complaint.

88.     Deny the allegations set forth in paragraph "88" of the Complaint.

89.     Deny the allegations set forth in paragraph "89" of the Complaint.

90.     Deny the allegations set forth in paragraph "90" of the Complaint.

91.     Deny the allegations set forth in paragraph "91" of the Complaint.

92.     Admit that on June 4, 2020, Officer Auguste issued plaintiff a summons bearing barcode number 4446255767.

93.     Admit only that, upon information and belief, on September 9, 2020, plaintiff's criminal proceeding was dismissed in the interest of justice pursuant to New York Criminal Procedure Law § 170.40 in Kings County Criminal Court.

94.     Deny the allegations set forth in paragraph "94" of the Complaint.

95.     Deny the allegations set forth in paragraph "95" of the Complaint.

96.     Deny the allegations set forth in paragraph "96" of the Complaint.

97.     Deny the allegations set forth in paragraph "97" of the Complaint.

98.     Deny the allegations set forth in paragraph "98" of the Complaint.

99.     Deny the allegations set forth in paragraph "99" of the Complaint, and state that to the extent paragraph "99" constitutes a legal conclusion, no response is required.

100.    Admit only that, upon information and belief, on September 9, 2020, plaintiff's criminal proceeding was dismissed in the interest of justice pursuant to New York Criminal Procedure Law § 170.40 in Kings County Criminal Court.

101.    Deny the allegations set forth in paragraph "101" of the Complaint.

102.    Deny the allegations set forth in paragraph "102" of the Complaint, and state that to the extent paragraph "100" constitutes a legal conclusion, no response is required.

103.    Deny the allegations set forth in paragraph "103" of the Complaint.

104.    Admit the allegations set forth in paragraph "104" of the Complaint.

105.    Deny the allegations set forth in paragraph "105" of the Complaint.

106.    Admit the allegations set forth in paragraph "106" of the Complaint.

107.    Admit the allegations set forth in paragraph "107" of the Complaint.

108.    Admit the allegations set forth in paragraph "108" of the Complaint.

109.    Object to and deny the embedded assertion that the NYPD's response to the May 30, 2020 protests were violent, and state that the remaining allegations set forth in paragraph "109" of the Complaint are too vague to provide an informed response.

110.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "110" of the Complaint, including footnote 5, except admit, upon information and belief, that a demonstration was held on July 11, 2020 in Brooklyn.

111.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "111" of the Complaint, including footnote 6, except admit, upon information and belief, that a demonstration was held on July 13, 2020 in Brooklyn.

112.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "112" of the Complaint, including footnote 7, except admit, upon information and belief, that a demonstration protesting coronavirus restrictions was held in Brooklyn in October 2020.

113.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "113" of the Complaint, including footnote 8, except admit, upon information and belief, that a demonstration was held on October 25, 2020.

114.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "114" of the Complaint, including footnote 9.

115.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "115" of the Complaint, including footnotes 10 and 11.

116.    Deny the allegations set forth in paragraph "116" of the Complaint, including all its subsections and footnotes.

117.    Deny the allegations set forth in paragraph "117" of the Complaint.

118.    Deny the allegations set forth in paragraph "118" of the Complaint.

119.    Deny the allegations set forth in paragraph "119" of the Complaint, including footnote 16, and respectfully refer the Court to the cited article for its content and context.

120.     Deny the allegations set forth in paragraph "120" of the Complaint, including footnote 17, and respectfully refer the Court to the cited article for its content and context.

121.     Deny the allegations set forth in paragraph "121" of the Complaint, including footnote 18, and respectfully refer the Court to the cited article for its content and context.

122.    Deny the allegations set forth in paragraph "122" of the Complaint, including footnote 19, and respectfully refer the Court to the cited article for its content and context.

123.    Deny the allegations set forth in paragraph "123" of the Complaint.

124.    Deny the allegations set forth in paragraph "124" of the Complaint.

125.    State that paragraph "125" of the complaint fails to comply with Fed. R. Civ. P. 8(d), which requires each allegation to be simple, concise, and direct.  Further state that "mere citations to lawsuits, even if they did involve comparable conduct, do not alone establish a custom or practice that is widespread and persistent, particularly if the lawsuits did not result in an adjudication of liability." *Bethune v. Westchester County*, 18-CV-3500, 2020 U.S. Dist. LEXIS 36013, 2020 WL 1032508, at *5 (S.D.N.Y. Mar. 2, 2020) (citations omitted).  To the extent a response is required, deny the allegations set forth in paragraph "125" of the Complaint, including its subparts and footnotes, and respectfully refer the Court to the docket sheets of the cases referenced therein for a complete and accurate statement of the court opinions and/or dicta referenced therein.

126.    Deny the allegations set forth in paragraph "126" of the Complaint.

127.    Deny the allegations set forth in paragraph "127" of the Complaint.

128.    Deny the allegations set forth in paragraph "128" of the Complaint.

129.    Deny the allegations set forth in paragraph "129" of the Complaint.

130.    Deny the allegations set forth in paragraph "130" of the Complaint.

131.    Deny the allegations set forth in paragraph "131" of the Complaint.

132.    Deny the allegations set forth in paragraph "132" of the Complaint.

133.    Deny the allegations set forth in paragraph "133" of the Complaint.

134.    Deny the allegations set forth in paragraph "134" of the Complaint.

135.    Deny the allegations set forth in paragraph "135" of the Complaint.

136. State that the allegations set forth in paragraph "136" of the Complaint, including all its subparts, fail to comply with Fed. R. Civ. P. 8(d), which requires each allegation to be simple, concise, and direct. To the extent an answer is required, deny the allegations set forth therein, including all its subparts.

137. Deny the allegations set forth in paragraph "137" of the Complaint.

138. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "138" of the Complaint.

139. Deny the allegations set forth in paragraph "139" of the Complaint, except admit only that SRG has a unit in each borough.

140. Deny the allegations set forth in paragraph "140" of the Complaint, including footnote 22.

141. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "141" of the Complaint.

142. Deny the allegations set forth in paragraph "142" of the Complaint, including footnote 23. Further state that "mere citations to lawsuits, even if they did involve comparable conduct, do not alone establish a custom or practice that is widespread and persistent, particularly if the lawsuits did not result in an adjudication of liability." *Bethune v. Westchester County*, 18-CV-3500, 2020 U.S. Dist. LEXIS 36013, 2020 WL 1032508, at *5 (S.D.N.Y. Mar. 2, 2020) (citations omitted).

143. Deny the allegations set forth in paragraph "143" of the Complaint, except admit only that all members of the NYPD are required to attend training each year.

144. Deny the allegations set forth in paragraph "144" of the Complaint.

145. Deny the allegations set forth in paragraph "145" of the Complaint.

146.    Deny the allegations set forth in paragraph "146" of the Complaint, including footnote 24, and respectfully refer the Court to the cited article for its content and context.

147.    Deny the allegations set forth in paragraph "147" of the Complaint.  Further state that "mere citations to lawsuits, even if they did involve comparable conduct, do not alone establish a custom or practice that is widespread and persistent, particularly if the lawsuits did not result in an adjudication of liability." *Bethune v. Westchester County*, 18-CV-3500, 2020 U.S. Dist. LEXIS 36013, 2020 WL 1032508, at *5 (S.D.N.Y. Mar. 2, 2020) (citations omitted).

148.    Deny the allegations set forth in paragraph "148" of the Complaint.

149.    Deny the allegations set forth in paragraph "149" of the Complaint, including footnote 25, and respectfully refer the Court to the cited article for its content and context.

150.    Deny the allegations set forth in paragraph "150" of the Complaint.

151.    Deny the allegations set forth in paragraph "151" of the Complaint.

152.    Deny the allegations set forth in paragraph "152" of the Complaint, and refer the Court to the report for a full and accurate recitation of its contents.

153.    Deny the allegations set forth in paragraph "153" of the Complaint.

154.    Deny the allegations set forth in paragraph "154" of the Complaint.

155.    Deny the allegations set forth in paragraph "155" of the Complaint, and refer the Court to the deposition for a full and accurate recitation of its contents.

156.    Deny the allegations set forth in paragraph "156" of the Complaint.

157.    Plaintiff has failed to provide a citation to the purported testimony of a purported, unidentified 30(b)(6) unidentified witness in an unspecified case and, as such, defendants cannot respond to the allegations set forth in paragraph "157" of the Complaint.  To the extent a response is required, defendants deny the allegations therein.

14

158.    Deny the allegations set forth in paragraph "158" of the Complaint, including footnote 26, and respectfully refer the Court to the cited report for its content and context.

159.    Deny the allegations set forth in paragraph "159" of the Complaint.

160.    Deny the allegations set forth in paragraph "160" of the Complaint.

161.    Deny the allegations set forth in paragraph "161" of the Complaint.

162.    Deny the allegations set forth in paragraph "162" of the Complaint.

163.    Deny the allegations set forth in paragraph "163" of the Complaint.

164.    Deny the allegations set forth in paragraph "164" of the Complaint.

165.    Deny the allegations set forth in paragraph "165" of the Complaint.

166.    Deny the allegations set forth in paragraph "166" of the Complaint.

167.    Deny the allegations set forth in paragraph "167" of the Complaint.

168.    Deny the allegations set forth in paragraph "168" of the Complaint.

169.    Deny the allegations set forth in paragraph "169" of the Complaint.

170.    Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "170" of the Complaint, except admit that plaintiff was placed in flex cuffs.

171.    Deny the allegations set forth in paragraph "171" of the Complaint.

172.    Deny the allegations set forth in paragraph "172" of the Complaint.

173.    Deny the allegations set forth in paragraph "173" of the Complaint.

174.    Deny the allegations set forth in paragraph "174" of the Complaint.

175.    Deny the allegations set forth in paragraph "175" of the Complaint.

176.    Deny the allegations set forth in paragraph "176" of the Complaint.

177.    Deny the allegations set forth in paragraph "177" of the Complaint, except admit the State and City advised people as set forth in paragraph "177."

178.     Deny the allegations set forth in paragraph "178" of the Complaint.

179.     Deny the allegations set forth in paragraph "179" of the Complaint.

180.     Deny the allegations set forth in paragraph "180" of the Complaint.

181.     Deny the allegations set forth in paragraph "181" of the Complaint.

182.     Deny the allegations set forth in paragraph "182" of the Complaint.

183.     Deny the allegations set forth in paragraph "183" of the Complaint.

184.     Deny the allegations set forth in paragraph "184" of the Complaint.

185.     Deny the allegations set forth in paragraph "185" of the Complaint.

186.     Deny the allegations set forth in paragraph "186" of the Complaint.

187.     Deny the allegations set forth in paragraph "187" of the Complaint.

188.     Deny the allegations set forth in paragraph "188" of the Complaint.

189.     Deny the allegations set forth in paragraph "189" of the Complaint; except admit that on or about July 2020 the New York State Office of the Attorney General created a document entitled "Preliminary Report on the New York City Police Department's Response to Demonstrations Following the Death of George Floyd," and respectfully refer the Court and plaintiff to the July 2020 Report referenced therein, and cited in footnote "27," for a full and accurate recitation of its contents.

190.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "190" of the Complaint; and respectfully refer the Court and plaintiff to the July 2020 New York State Office of the Attorney General Report referenced therein for a full and accurate recitation of its contents.

191.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "191" of the Complaint; and respectfully refer the Court and

plaintiff to the July 2020 New York State Office of the Attorney General Report referenced therein for a full and accurate recitation of its contents.

192.     Deny the allegations set forth in paragraph "192" of the Complaint; except admit that on or about December 2020 the New York City Department of Investigation created a document entitled "Investigation into NYPD Response to the George Floyd Protests," and respectfully refer the Court and plaintiff to the December 2020 document referenced therein, and cited in footnote "28," for a full and accurate recitation of its contents.

193.     Deny the allegations set forth in paragraph "193" of the Complaint; except admit that on or about December 2020 the New York City Department of Investigation created a document entitled "Investigation into NYPD Response to the George Floyd Protests," and respectfully refer the Court and plaintiff to the December 2020 document referenced therein, and cited in footnote "29," for a full and accurate recitation of its contents.

194.     Deny the allegations set forth in paragraph "194" of the Complaint; except admit that on or about December 2020 the New York City Department of Investigation created a document entitled "Investigation into NYPD Response to the George Floyd Protests," and respectfully refer the Court and plaintiff to the December 2020 document referenced therein, and cited in footnote "30," for a full and accurate recitation of its contents.

195.     Deny the allegations set forth in paragraph "195" of the Complaint; except admit that on or about December 2020 the New York City Department of Investigation created a document entitled "Investigation into NYPD Response to the George Floyd Protests," and respectfully refer the Court and plaintiff to the December 2020 document referenced therein for a full and accurate recitation of its contents.

196.    Deny the allegations set forth in paragraph "196" of the Complaint; except admit that on or about December 2020 the New York City Department of Investigation created a document entitled "Investigation into NYPD Response to the George Floyd Protests," and respectfully refer the Court and plaintiff to the December 2020 document referenced therein for a full and accurate recitation of its contents.

197.    Deny the allegations set forth in paragraph "197" of the Complaint; except admit that on or about December 2020 the New York City Department of Investigation created a document entitled "Investigation into NYPD Response to the George Floyd Protests," and respectfully refer the Court and plaintiff to the December 2020 document referenced therein for a full and accurate recitation of its contents.

198.    Deny the allegations set forth in paragraph "198" of the Complaint; except admit that on or about December 2020 the New York City Department of Investigation created a document entitled "Investigation into NYPD Response to the George Floyd Protests," and respectfully refer the Court and plaintiff to the December 2020 document referenced therein, and cited in footnote "31," for a full and accurate recitation of its contents.

199.    Deny the allegations set forth in paragraph "199" of the Complaint; except admit that on or about December 2020 the New York City Department of Investigation created a document entitled "Investigation into NYPD Response to the George Floyd Protests," and respectfully refer the Court and plaintiff to the December 2020 document referenced therein, and cited in footnote "32," for a full and accurate recitation of its contents.

200.    Deny the allegations set forth in paragraph "200" of the Complaint; except admit that on or about December 2020 the New York City Department of Investigation created a document entitled "Investigation into NYPD Response to the George Floyd Protests," and

respectfully refer the Court and plaintiff to the December 2020 document referenced therein, and cited in footnote "33," for a full and accurate recitation of its contents.

201.    Deny the allegations set forth in paragraph "201" of the Complaint; except admit that on or about December 2020 the New York City Department of Investigation created a document entitled "Investigation into NYPD Response to the George Floyd Protests," and respectfully refer the Court and plaintiff to the December 2020 document referenced therein, and cited in footnote "34," for a full and accurate recitation of its contents.

202.    Deny the allegations set forth in paragraph "202" of the Complaint.

203.    In response to paragraph "203" of the Complaint, defendants repeat the responses set forth in the preceding paragraphs of this pleading as though fully set forth herein.

204.    Deny the allegations set forth in paragraph "204" of the Complaint.

205.    Deny the allegations set forth in paragraph "205" of the Complaint.

206.    Deny the allegations set forth in paragraph "206" of the Complaint.

207.    Deny the allegations set forth in paragraph "207" of the Complaint.

208.    Deny the allegations set forth in paragraph "208" of the Complaint.

209.    In response to paragraph "209" of the Complaint, defendants repeat the responses set forth in the preceding paragraphs of this pleading as though fully set forth herein.

210.    Deny the allegations set forth in paragraph "210" of the Complaint.

211.    Deny the allegations set forth in paragraph "211" of the Complaint.

212.    Deny the allegations set forth in paragraph "212" of the Complaint.

213.    In response to paragraph "213" of the Complaint, defendants repeat the responses set forth in the preceding paragraphs of this pleading as though fully set forth herein.

214.    Deny the allegations set forth in paragraph "214" of the Complaint.

215.    Deny the allegations set forth in paragraph "215" of the Complaint, including all of its subparts.

216.    Deny the allegations set forth in paragraph "216" of the Complaint.

217.    Deny the allegations set forth in paragraph "217" of the Complaint.

218.    In response to paragraph "218" of the Complaint, defendants repeat the responses set forth in the preceding paragraphs of this pleading as though fully set forth herein.

219.    Deny the allegations set forth in paragraph "219" of the Complaint.

220.    Deny the allegations set forth in paragraph "220" of the Complaint.

221.    Deny the allegations set forth in paragraph "221" of the Complaint.

222.    Deny the allegations set forth in paragraph "222" of the Complaint.

223.    Deny the allegations set forth in paragraph "223" of the Complaint.

224.    Deny the allegations set forth in paragraph "224" of the Complaint.

225.    Deny the allegations set forth in paragraph "225" of the Complaint.

226.    Deny the allegations set forth in paragraph "226" of the Complaint.

227.    Deny the allegations set forth in paragraph "227" of the Complaint.

228.    Deny the allegations set forth in paragraph "228" of the Complaint.

229.    Deny the allegations set forth in paragraph "229" of the Complaint.

230.    Deny the allegations set forth in paragraph "230" of the Complaint.

231.    Deny the allegations set forth in paragraph "231" of the Complaint.

232.    Deny the allegations set forth in paragraph "232" of the Complaint.

233.    In response to paragraph "233" of the Complaint, defendants repeat the responses set forth in the preceding paragraphs of this pleading as though fully set forth herein.

234.    Deny the allegations set forth in paragraph "234" of the Complaint.

235.     Deny the allegations set forth in paragraph "235" of the Complaint.

236.     Deny the allegations set forth in paragraph "236" of the Complaint.

237.     Deny the allegations set forth in paragraph "237" of the Complaint.

238.     In response to paragraph "238" of the Complaint, defendants repeat the responses set forth in the preceding paragraphs of this pleading as though fully set forth herein.

239.     Deny the allegations set forth in paragraph "239" of the Complaint.

240.     Deny the allegations set forth in paragraph "240" of the Complaint.

241.     Deny the allegations set forth in paragraph "241" of the Complaint.

242.     Deny the allegations set forth in paragraph "242" of the Complaint.

243.     Deny the allegations set forth in paragraph "243" of the Complaint.

244.     In response to paragraph "244" of the Complaint, defendants repeat the responses set forth in the preceding paragraphs of this pleading as though fully set forth herein.

245.     Deny the allegations set forth in paragraph "245" of the Complaint.

246.     Deny the allegations set forth in paragraph "246" of the Complaint.

247.     Deny the allegations set forth in paragraph "247" of the Complaint.

248.     In response to paragraph "248" of the Complaint, defendants repeat the responses set forth in the preceding paragraphs of this pleading as though fully set forth herein.

249.     Deny the allegations set forth in paragraph "249" of the Complaint.

250.     Deny the allegations set forth in paragraph "250" of the Complaint.

251.     Deny the allegations set forth in paragraph "251" of the Complaint.

252.     Deny the allegations set forth in paragraph "252" of the Complaint.

253.     Deny the allegations set forth in paragraph "253" of the Complaint.

254.     Deny the allegations set forth in paragraph "254" of the Complaint.

255.    Deny the allegations set forth in paragraph "255" of the Complaint.

256.    In response to paragraph "256" of the Complaint, defendants repeat the responses set forth in the preceding paragraphs of this pleading as though fully set forth herein.

257.    Deny the allegations set forth in paragraph "257" of the Complaint.

258.    Deny the allegations set forth in paragraph "258" of the Complaint.

259.    Deny the allegations set forth in paragraph "259" of the Complaint.

260.    Deny the allegations set forth in paragraph "260" of the Complaint.

261.    Deny the allegations set forth in paragraph "261" of the Complaint.

262.    In response to paragraph "262" of the Complaint, defendants repeat the responses set forth in the preceding paragraphs of this pleading as though fully set forth herein.

263.    Deny the allegations set forth in paragraph "263" of the Complaint.

264.    Deny the allegations set forth in paragraph "264" of the Complaint.

265.    In response to paragraph "265" of the Complaint, defendants repeat the responses set forth in the preceding paragraphs of this pleading as though fully set forth herein.

266.    Deny the allegations set forth in paragraph "266" of the Complaint.

267.    Deny the allegations set forth in paragraph "267" of the Complaint.

268.    Deny the allegations set forth in paragraph "268" of the Complaint, and state that to the extent paragraph "268" constitutes a legal conclusion, no response is required.

269.    Deny the allegations set forth in paragraph "269" of the Complaint.

270.    Deny the allegations set forth in paragraph "270" of the Complaint.

271.    Deny the allegations set forth in paragraph "271" of the Complaint.

272.    Deny the allegations set forth in paragraph "272" of the Complaint.

273.    Deny the allegations set forth in paragraph "273" of the Complaint.

274.    Deny the allegations set forth in paragraph "274" of the Complaint.

275.    Deny the allegations set forth in paragraph "275" of the Complaint.

276.    Deny the allegations set forth in paragraph "276" of the Complaint.

277.    Deny the allegations set forth in paragraph "277" of the Complaint.

278.    Deny the allegations set forth in paragraph "278" of the Complaint.

279.    Deny the allegations set forth in paragraph "279" of the Complaint.

## AS FOR A FIRST AFFIRMATIVE DEFENSE:

280.    The Complaint fails to state a claim upon which relief can be granted.

## AS FOR A SECOND AFFIRMATIVE DEFENSE:

281.    Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any acts of Congress providing for the protection of civil rights.

## AS FOR A THIRD AFFIRMATIVE DEFENSE:

282.    At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, defendant City is entitled to governmental immunity from liability.

## AS FOR A FOURTH AFFIRMATIVE DEFENSE:

283.     There was reasonable suspicion, probable cause, and/or exigent circumstances for any alleged stop or search.

## AS FOR A FIFTH AFFIRMATIVE DEFENSE:

284.    There was probable cause for plaintiff's arrest, detention, and prosecution.

### **AS FOR A SIXTH AFFIRMATIVE DEFENSE:**

285.    Punitive damages cannot be assessed against defendant City of New York.

### **AS FOR A SEVENTH AFFIRMATIVE DEFENSE:**

286.    Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the conduct of a third party and was not he proximate result of any act of any defendant.

### **AS FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

287.    Plaintiff has failed to state a claim under Monell v. Dep't of Social Services, 436 U.S. 658 (1978).

### **AS FOR A NINTH AFFIRMATIVE DEFENSE:**

288.     Defendants Auguste and Johnson have not violated any clearly established constitutional right of which a reasonable person would have known, and, therefore, are protected by qualified immunity.

### **AS FOR A TENTH AFFIRMATIVE DEFENSE:**

289.    Plaintiff may have failed to comply with New York General Municipal Law §§ 50(e), et seq.

### **AS FOR AN ELEVENTH AFFIRMATIVE DEFENSE:**

290.    Plaintiff's claims are barred, in part, by the applicable statute of limitations.

### **AS FOR A TWELFTH AFFIRMATIVE DEFENSE:**

291.    Defendant Johnson had no personal involvement in the incident alleged in the Complaint.

**WHEREFORE,** Defendants request judgement dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      June 27, 2022

**HON. SYLVIA O. HINDS-RADIX**
CORPORATION COUNSEL OF THE CITY OF NEW YORK
*Attorney for defendants City of New York, de Blasio, Shea, Monahan, Auguste, and Johnson.*
100 Church Street
New York, New York 10007

Respectfully submitted,

By:   /s/

      Michael Pesin-Virovets
      *Senior Counsel*

cc:   **By ECF:**

Elena Louisa Cohen
*Attorney for plaintiffs*
Cohen Green PLLC
1639 Centre Street, Suite 216
Ridgewood, NY 11385

Remy Green
*Attorney for plaintiffs*
Cohen Green PLLC
1639 Centre Street, Suite 216
Ridgewood, NY 11385

Gideon Orion Oliver
*Attorney for plaintiffs*
277 Broadway, Suite 1501
New York, NY 10007

Jessica S. Massimi
*Attorney for plaintiffs*
99 Wall Street, Suite 1264
New York, NY 10005