UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

KEDWIN PAYAMPS,

                                        Plaintiff,

                    -against-

THE CITY OF NEW YORK; MAYOR BILL DE
BLASIO;   THE   NEW   YORK   CITY   POLICE
DEPARTMENT (NYPD) COMISSIONER DERMOT
SHEA; NYPD CHIEF OF DEPARTMENT TERENCE
MONAHAN; NYPD INSPECTOR JESSE LANCE;
NYPD OFFICER COREY JOHNSON; FIRST NAME
UNKNOWN ("FNU")
AUGUSTE (Tax I.D. 961629); and NYPD MEMBERS
JOHN AND JANE DOES 1-7

                                        Defendants.

----------------------------------------------------------------------- x

**DEFENDANTS' FIRST
COMBINED SET OF
INTERROGATORIES
AND REQUEST FOR
THE PRODUCTION OF
DOCUMENTS**

1:22-CV-00563-AMD-VMS

    **PLEASE TAKE NOTICE** that pursuant to Rules 26, 33, and 34 of the Federal

Rules of Civil Procedure and the Local Civil Rules of the Southern District of New York,

defendant NYPD Inspector Jesse Lance, the undersigned, separate and complete answers, sworn

to under oath, to each of the following interrogatories and produce and permit Defendants to

inspect and copy all documents described below at La Pietra & Krieger, P.C. 30 Glenn Street Suite

105 White Plains, New York

                          **GENERAL STATEMENT**

    A.     Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these

interrogatories and document requests are deemed to be continuing beyond the date that Plaintiff

serves his responses upon counsel for Defendants. If Plaintiff or his representatives receive or

acquire any information and/or documents responsive to these requests after serving responses to

these requests, such information and/or documents should be added to the responses to these

requests and served upon counsel for Defendants.

B.      Each interrogatory or document request should be written out in full before the response to each such interrogatory or document request.

C.      Each interrogatory or document request should be answered separately. When an interrogatory or document request has several subparts, each subpart should also be answered separately.

D.      If a complete answer cannot be given to any interrogatory or document request, Plaintiff should answer as much of the request as possible and state why she is unable to give a complete answer to that interrogatory.

E.      Documents should be produced as they are maintained in the usual course of business and should be organized and labeled to correspond with each itemized interrogatory or document request. Documents responsive to these requests include all documents within the possession, custody, or control of Plaintiff or his representatives. If any documents responsive to these requests are not within the possession, custody or control of the Plaintiff or his representatives and counsel for Defendants will need a release to acquire such documents, Plaintiff should provide an appropriate release.

F.      With respect to any document which is responsive to an interrogatory or document request but not within the possession, custody or control of the Plaintiff or his representatives, Plaintiff should submit a written statement that (a) describes the type of document (e.g., letter, memo, etc.), (b) identifies the author, (c) specifies the date written or originated, (d) identifies each person to whom the original or a copy was addressed and/or delivered, and (e) identifies each and every person who has ever had possession of the document.

G.      With respect to any document which is responsive to an interrogatory or document request but for which a privilege is claimed, Plaintiff should identify the document as

2

detailed herein, state the privilege claimed, and state the factual and legal basis for the asserted privilege. Pursuant to Rule 26(b)(5) of the Federal Rules of Civil Procedure, such documents should be identified by submitting a written statement which (a) describes the type of document (e.g., letter, memo, etc.), (b) identifies the author, (c) specifies the date written or originated, (d) identifies each person to whom the original or a copy was addressed and/or delivered, and (e) identifies each and every person with present possession of the document.

H.    If any document which is responsive to an interrogatory or document request is produced in redacted form, those portions of the document that are redacted should be identified and Plaintiff's response should, with respect to each such redaction, identify the basis for each redaction.

I.    With respect to any document which is responsive to an interrogatory or document request that was formerly in the possession, custody or control of Plaintiff and has been lost or destroyed, in lieu of each such document, Plaintiff should submit a written statement which (a) describes in detail the nature of the documents and its contents, (b) identifies the author, (c) specifies the date written or originated, (d) identifies each person to whom the original or a copy was addressed and/or delivered, (e) identifies every other person who has ever had possession of the original or a copy of the documents and (f) specifies, if possible, the date on which the document was lost or destroyed, and if destroyed, the conditions of and reasons for such destruction, and the person(s) requesting or performing such destruction.

## DEFINITIONS

A.    All responses to these interrogatories and document requests should conform to the definitions governing discovery requests set forth in Rules 33 and 34 of the Federal Rules of Civil Procedure and Rule 26.3 of the Local Rules of the United States District Court for the Southern District of New York, except as expressly modified herein:

3

B.      The term "communication" is defined as the transmittal of information, whether written or oral, in the form of facts, ideas, inquiries or otherwise.

C.      The term "document" includes all written, typed printed, recorded or graphic statements, communications or other matters, however produced or reproduced, including, but not limited to, all letters, notes, memoranda, e-mails, faxes, telegrams, telexes, cables, telephone records, records, bills, invoices, ledgers, journals, bulletins, directives, instructions, reports, memoranda of conversations, diaries, affidavits, briefs, pleadings, decrees, transcriptions, recordings, electronic or computer records, photographs, diagrams, charts, drawings, graphs and other writings, including all originals, copies, drafts and non-identical copies in the possession, custody or control of Plaintiff or his representatives.

D.      When asked to "identify" a person, Plaintiff's response should include (a) the person's full name and the current or last known address and telephone number of the person, properly noting such address and telephone number as either current or last known and (b) the current or last known employer of that person and the address and telephone number of that employer, properly noting such employer, address and telephone number as either current or last known.

E.      When asked to "identify" a document, Plaintiff's response should (a) describe the type of document (e.g., letter, memo, etc.), (b) identify the author, (c) specify the date written or originated, (d) identify each person to whom the original or a copy was addressed and/or delivered, and (e) identify each and every person who has ever had possession of the document.

F.      A document is within the "possession, custody or control" of Plaintiff or his representatives, if Plaintiff or her representative has the right to secure the document or a copy thereof from another person or entity having actual physical possession thereof.

G.      The term "person" is defined as any natural person or any business,

corporation, firm, partnership, proprietorship, joint venture, board, authority, commission, legal or government entity or other association.

       H.    The term "concerning" is defined as relating to, referring to, pertaining to, alluding to, describing, detailing, embodying, evidenced, reflecting, comprising or constituting, whether directly or indirectly, the subject matter identified in a specific interrogatory or document request.

       I.    The terms "all" and "each" should be construed as all and each.

       J.    The terms "and" and "or" should be construed either disjunctively or consecutively, as necessary to bring within the scope of each discovery request all responses or document might otherwise be construed to be construed to be outside of its scope.

       K.    The use of the singular form of a word should be construed to include the plural form and vice versa.

       L.    The use of the masculine form of a word should be construed to include the feminine and neuter forms and vice versa.

       M.    The use of the past tense form of a word should be construed to include the present tense form and vice versa.

## INTERROGATORIES

       1.  Identify each and every person who has knowledge or information concerning the subject matter of this action including Plaintiff's claims as alleged in the Complaint. For each person so identified, identify the allegation of which the person has knowledge, the source of his or her knowledge or basis for his or her belief.

       2.  Identify each and every individual Plaintiff notified of the allegations in his complaint.

       3.  Identify any telephone number(s) or email address(es) Plaintiff used to report

what he believed to be mistreatment by Defendant Lance.

4. If Plaintiff claims that a medical or psychiatric condition or aliment was caused by, or resulted from, or was aggravated by Defendant Lance's actions or omissions, then identify any and all physicians or health care professionals, including mental health professionals, chiropractors, practitioners of alternate or homeopathic medicine, counselors, including substance abuse counselors, and therapists of whatever kind, who have evaluated or treated Plaintiff since January 2020 to the present, including but not limited to those who have evaluated Plaintiff for any injuries or damages allegedly caused or aggravated by defendants' acts or omissions.

5. Identify each and every person who has knowledge or information concerning Plaintiff's claim for damages.

6. Identify each person Plaintiff, or anyone on his behalf, consulted with who holds him/herself out to be an expert or consultant in any field, including any medical, psychological, or related field, concerning any issues in this case.

7. State the total amount of monetary damages Plaintiff claims for emotional distress or mental suffering resulting from the acts or omissions of the defendants in this case, and describe in detail the acts, actions or omissions of defendants or their agents that gave rise to such damages; how Plaintiff calculated this figure, including but not limited to any per diem figure used.

8. State in detail each and every financial expense or loss, other than emotional distress damages, allegedly incurred by Plaintiff as a result of any alleged acts or omissions of the defendants.

9. Itemize in specific detail the mathematical basis and method of computation for the total amount of damages Plaintiff claims, including lost pension payments.

10. Identify each person Plaintiff expects to call as an expert witness at trial, including each individual's field of expertise, his or his qualifications as an expert, the subject

matter upon which he or she is expected to testify, and the opinions he or she is expected to express and the basis thereof.

11. Identify each person Plaintiff consulted in responding to any of the foregoing interrogatories. For each person so identified, specify the interrogatory concerning which you consulted such person.

## DOCUMENT REQUESTS

1. Each document relied upon in responding to the foregoing interrogatories.

2. All of Plaintiff's medical records, including psychiatric records, or like documents or things, in the possession, custody or control of Plaintiff, Plaintiff's agents and representatives and all persons acting for Plaintiff, including those records or materials in the control and/or custody of Plaintiff's personal or private doctors or health care professionals, including mental health professionals, chiropractors, practitioners of alternate or homeopathic medicine, counselors, including substance abuse counselors, and therapists of whatever kind, covering the period from July 2020 to the present.

3. Releases sufficient in form, quality and quantity to obtain certified copies of all of Plaintiff's medical records, including psychiatric records, or like documents or things, covering the period from January 2020 to the present. A copy of a sufficient form is annexed hereto as Exhibit "A."

4. Any and all documents sent by, or received by, Plaintiff from any governmental entity, including defendants, that was asked to, or did, investigate any of the allegations set forth in the Complaint.

5. Any and all documents concerning Plaintiff's allegations as described in the Complaint.

6.   Any and all documents concerning the financial expenses (other than expenses for mental health services) that Plaintiff claims to have incurred to date as a result of the alleged wrongful acts or omissions of the defendants, including but not limited to attorneys' fees.

7.   Any and all documents concerning each and every category of economic loss allegedly already sustained or expected to be sustained by Plaintiff as a result of the alleged wrongful acts or omissions of the defendants.

8.   Each tape recording, video recording, or electronic audio or video recording of conversations by Plaintiff with employees of the City of New York and/or the New York City Police Department concerning the allegations in the Complaint.

9.   Any and all documents, communications, notes, diaries, journals, web-pages, social media sites, applications, or blogs, Plaintiff has maintained or created concerning any of the allegations in the Complaint.

10. Any and all documents concerning allegations or claims contained in Plaintiff's Complaint in this action which have not already been produced in response to the above requests.

Dated:      White Plains, New York
            August 10, 2022

                              La Pietra & Krieger, P.C.
                              *Attorneys for Defendant –*
                              *Inspector Jesse Lance*

30 Glenn Street, Suite 105
White Plains, NY 10603
T: (914) 684-6000   F: (914) 287-6460
lou@lapietrakrieger.com

By: _____
/S/
Louis C. La Pietra (6978)

To:     COHEN & GREEN
1639 Centre Street
Ridgewood, Queens 11385
t: (929) 888-9480
f: (929) 888-9457
Elena Cohen
*elena@femmelaw.com*
J. Remy Green
*remy@femmelaw.com*
Jessica Messimi
*jessica@femmelaw.com*

MICHAEL PERSIM-VROVERTS
Senior Counsel
Special Federal Litigation Div.
NYC Law Dept.
100 Church Street
New York, NY 10007



**OCA Official Form No.: 960**

## AUTHORIZATION FOR RELEASE OF HEALTH INFORMATION PURSUANT TO HIPAA

**[This form has been approved by the New York State Department of Health]**

| Patient Name | Date of Birth | Social Security Number |
|---|---|---|
| Patient Address | | |

I, or my authorized representative, request that health information regarding my care and treatment be released as set forth on this form:

In accordance with New York State Law and the Privacy Rule of the Health Insurance Portability and Accountability Act of 1996 (HIPAA), I understand that:

1. This authorization may include disclosure of information relating to **ALCOHOL and DRUG ABUSE, MENTAL HEALTH TREATMENT**, except psychotherapy notes, and **CONFIDENTIAL HIV\* RELATED INFORMATION** only if I place my initials on the appropriate line in Item 9(a). In the event the health information described below includes any of these types of information, and I initial the line on the box in Item 9(a), I specifically authorize release of such information to the person(s) indicated in Item 8.

2. If I am authorizing the release of HIV-related, alcohol or drug treatment, or mental health treatment information, the recipient is prohibited from redisclosing such information without my authorization unless permitted to do so under federal or state law. I understand that I have the right to request a list of people who may receive or use my HIV-related information without authorization. If I experience discrimination because of the release or disclosure of HIV-related information, I may contact the New York State Division of Human Rights at (212) 480-2493 or the New York City Commission of Human Rights at (212) 306-7450. These agencies are responsible for protecting my rights.

3. I have the right to revoke this authorization at any time by writing to the health care provider listed below. I understand that I may revoke this authorization except to the extent that action has already been taken based on this authorization.

4. I understand that signing this authorization is voluntary. My treatment, payment, enrollment in a health plan, or eligibility for benefits will not be conditioned upon my authorization of this disclosure.

5. Information disclosed under this authorization might be redisclosed by the recipient (except as noted above in Item 2), and this redisclosure may no longer be protected by federal or state law.

6. **THIS AUTHORIZATION DOES NOT AUTHORIZE YOU TO DISCUSS MY HEALTH INFORMATION OR MEDICAL CARE WITH ANYONE OTHER THAN THE ATTORNEY OR GOVERNMENTAL AGENCY SPECIFIED IN ITEM 9 (b).**

7. Name and address of health provider or entity to release this information:

8. Name and address of person(s) or category of person to whom this information will be sent:

9(a). Specific information to be released:
   ☐ Medical Record from (insert date) _____ to (insert date) _____
   ☐ Entire Medical Record, including patient histories, office notes (except psychotherapy notes), test results, radiology studies, films, referrals, consults, billing records, insurance records, and records sent to you by other health care providers.
   ☐ Other: _____

   Include: (*Indicate by Initialing*)
   _____ **Alcohol/Drug Treatment**
   _____ **Mental Health Information**
   _____ **HIV-Related Information**

**Authorization to Discuss Health Information**

   (b) ☐ By initialing here _____ I authorize _____
   Initials          Name of individual health care provider
   to discuss my health information with my attorney, or a governmental agency, listed here:

   _____
   (Attorney/Firm Name or Governmental Agency Name)

| 10. Reason for release of information: <br> ☐ At request of individual <br> ☐ Other: | 11. Date or event on which this authorization will expire: |
|---|---|
| 12. If not the patient, name of person signing form: | 13. Authority to sign on behalf of patient: |

All items on this form have been completed and my questions about this form have been answered. In addition, I have been provided a copy of the form.

_____    Date: _____
Signature of patient or representative authorized by law.

\* Human Immunodeficiency Virus that causes AIDS. The New York State Public Health Law protects information which reasonably could identify someone as having HIV symptoms or infection and information regarding a person's contacts.

# EXHIBIT A

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 10th day of August 2022, a copy of defendant's foregoing First Set of Interrogatories and Request for Production of Documents was served via email upon the following:

MICHAEL PERSIM-VROVERTS
Senior Counsel
Special Federal Litigation Div.
NYC Law Dept.
100 Church Street
New York, NY 10007
t: (212) 356-2617

*Counsel for City of New York*

COHEN & GREEN
1639 Centre Street
Ridgewood, Queens 11385
t: (929) 888-9480
f: (929) 888-9457
Elena Cohen
*elena@femmelaw.com*
J. Remy Green
*remy@femmelaw.com*
Jessica Messimi
*jessica@femmelaw.com*

*Counsel for Plaintiff Kedwin Payamps*

*/s/ Jonathan Hudson*
Jonathan Hudson, Paralegal *LA PIETRA & KRIEGER P.C.*

1:22-CV-00563-AMD-VMS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KEDWIN PAYAMPS,

                                                    Plaintiff,

-against-

THE CITY OF NEW YORK; MAYOR BILL DE BLASIO;
THE NEW YORK CITY POLICE DEPARTMENT (NYPD)
COMISSIONER DERMOT SHEA; NYPD CHIEF OF
DEPARTMENT TERENCE MONAHAN; NYPD
INSPECTOR JESSE LANCE; NYPD OFFICER COREY
JOHNSON; FIRST NAME UNKNOWN ("FNU") AUGUSTE
(Tax I.D. 961629); and NYPD MEMBERS JOHN AND JANE
DOES 1-7

                                                    Defendants.

**DEFENDANTS' FIRST COMBINED SET OF
INTERROGATORIES AND REQUEST FOR THE
PRODUCTION OF DOCUMENTS**

COHEN & GREEN
1639 Centre Street
(929) 888-9480
Ridgewood, Queens 11385
Elena Cohen
J. Remy Green
Jessica Messimi

SYLVIA HINDS-RADIX
Corporation Counsel of the City of New York
100 Church Street, Room 2-124
New York, New York 10007-2601

Of Counsel: Michael Persim-
Vrovert Tel No.: (212) 356-2617