

August 16, 2022

The Honorable Vera M. Scanlon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

By Electronic Filing

  Re: *Kedwin Payamps v. City of New York, et al.* 21-cv-00563 (AMD) (VMS)

Dear Judge Scanlon:

  I am co-counsel for Plaintiff in this matter. I hereby submit this joint letter to explain the parties' only unresolved issue regarding the proposed Case Management Plan (CMP)/Rule 26(f) Report, which we also submit along with this letter in accordance with the Court's July 6, 2022 Order.

  Plaintiff and the Defendants represented by the New York City Law Department—the City of New York, de Blasio, Shea, Monahan, Auguste, and Johnson—held a 26(f) Conference on June 27, 2022. A proposed Case Management Plan and joint letter regarding the outstanding issue of coordinated discovery, and the Defendants' need for additional time to determine their position on the matter, was then filed on June 28, 2022. Subsequently, Defense Counsel for Defendant Jesse Lance entered a notice of appearance. On July 6, 2022, this Court ordered all parties to resubmit a CMP and a joint letter as to outstanding issues with Defendant Lance's input by August 16, 2022. Accordingly, a 26(f) Conference between all parties was held on August 15, 2022.

  The parties are in tentative agreement as to the submitted CMP. However, Plaintiff has proposed that the parties enter a coordinated discovery stipulation substantially similar to the one attached hereto as **Exhibit 1**, and the Defendants represented by the Law Department oppose this proposal. Defendant Lance, by Defense Counsel Louis La Pietra, has indicated that he takes no position as to coordinated discovery.

  Plaintiffs describe the CMP agreement as tentative because if *Monell* discovery is not coordinated in this case, Plaintiffs will need substantially more time to take discovery on their *Monell* claims; it has taken more than a year and a half on the consolidated docket discussed below to litigate identical *Monell* claims to those presented here, and that is with substantially greater resources to review the historical documents making up the basis of Plaintiffs' claims on both sides. And, presumably, given the volume of relevant discovery for Plaintiffs' *Monell* claims, it will take Defense Counsel longer than 30 days to gather historical relevant materials. The parties' respective positions are below.

### Discussion and Plaintiff's Position

  As Your Honor is aware, and by way of brief background as to this outstanding issue, this matter is one of many that have been filed in the Eastern and Southern Districts of New York arising from New York City Police Department ("NYPD") conduct during the Summer 2020 protests for



Black lives, during which NYPD members assaulted, arrested, detained for excessive periods of time in unsafe conditions, and falsely and maliciously prosecuted protestors. Discovery has been ongoing in a set of flagship cases, including an action brought by the New York State Attorney General on behalf of the People of the State of New York and several putative class actions raising certain *Monell* claims essentially identical to those as Plaintiffs do here, which have been consolidated for pre-trial purposes under the In re New York City Policing During Summer 2020 Demonstrations docket at 20-cv-8924 (CM)(GWG) before Hon. Colleen McMahon and Hon. Gabriel W. Gorenstein (the "Consolidated Actions").

Coordinated discovery has been ordered in other, non-consolidated cases with significant overlap arising from NYPD protest responses in 2020. See **Exhibit 2** (Order in *Casablanca-Torres v. City of New York, et al.*, 21-cv-10832 (LAK)(JLC) and *Britvec, et al. v. City of New York, et al.*, 21-cv-10759 (LAK)(KNF) (*Britvec* Dkt. 18)); **Exhibits 3-4**, (Two Orders in *Rodriguez, et al., v. The City of New York, et al.*, 21 CV 10815 (PKC) (Dkt. Nos. 14 and 17)); **Exhibit 5** (Order in *Hernandez et al. v. City of New York, et al.*, 21 Civ. 7406 (CM)(GWG) (Dkt. 333 in the Consolidated Actions)); **Exhibit 6** (Order in *Alyssa Sukana, et al. v. City of New York, et al.*, 21-cv-10899 (LJL)(BCM) (Dkt. 22)); **Exhibit 7** (Order in *Sharma v. City of New York, Case No. 21-cv-10892* (ER)(BCM) (Dkt. 26)); **Exhibit 8** (Order in *Margolies v. City of New York*, 21-cv-10839 (PKC) (Jul. 1, 2022 Minute Order)); **Exhibit 9** (Order in *Acosta v. City of New York, et al.*, 21-cv-00576 (FB) (RER) (August 11, 2022 Minute Order)). Plaintiff respectfully submits that this proposal would serve the interest of judicial economy and efficiency by ensuring the coordination of discovery between the Consolidated Actions in NYC Summer 2020 protest cases and the instant case, and it is against this backdrop that Plaintiff seeks coordination here.

A coordination order in the form proposed would require the parties to coordinate discovery in this matter with the ongoing discovery in the Consolidated Actions, while avoiding duplicative discovery wherever possible. If discovery is coordinated as Plaintiff is proposing, rather than re-producing the vast majority, if not all, of the documentary evidence relevant to Plaintiff's *Monell* claims, the parties could rely on the discovery in the Consolidated Actions with respect to those claims. Requiring the parties to coordinate discovery, including line officer and high-level depositions, that is ongoing in the Consolidated Actions where there is overlap would increase economy and efficiency for all parties, as well as the Court – particularly given the close, time-consuming, and ongoing supervision the contentious litigation in the Consolidated Actions has demanded.

Most recently, Hon. Judge Reyes in the Eastern District ruled in favor of coordination in *Acosta v City of New York, et al.* under nearly identical circumstances. See **Exhibit 9**. At a Pre-Trial Conference on August 10, 2022, at which both Plaintiff's Counsel and Defendants' Counsel in this matter were present, Judge Reyes stated that the Court did not understand the City's objection to coordination, as the proposal would clearly "save significant time and expense," before ruling in Plaintiff's favor and ordering coordination. Indeed, this choice to coordinate appears to reflect a near-global approach to cases about the protests during the summer of 2020 that will continue to be filed — as Judge McMahon recently described it:

> "[Initially,] this court was hoping that a sentinel case (most likely the parens patriae action brought by New York State Attorney General Leticia James)

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t: (929) 888.9480 · f: (929) 888.9457 · FemmeLaw.com

2



> could be readied for trial with a year[.] The idea was to prevent a lot of 'do over' discovery… In the intervening year, much has happened … [V]arious individuals who … are putative members of one or more plaintiff classes in the class actions that are among the consolidated cases (Sow, Sierra) are choosing to file their own lawsuits; some of those cases have been wheeled out to other judges of the court. The assigned judges in those cases have agreed to coordinate discovery with the discovery that is being overseen by Judge Gorenstein. As those plaintiffs have joined the party, they have begun participating in discovery."

Consolidated Actions, Dkt. No. 538 at 2. Or, put more simply, so far, coordinating discovery has been an effective choice, and reflects the considered judgment of the Judges handling the Consolidated Actions as well as those presiding over significantly related cases.

With respect to discovery that relates specifically to Plaintiff's experiences, to the extent such discovery has already been exchanged in the Consolidated Actions, the parties could simply identify any such discovery in their discovery responses in this case utilizing the date(s) of production and Bates Numbers in the Consolidated Action, rather than re-producing it in this action. To the extent discovery in the Consolidated Actions that is relevant to Plaintiff's experiences has not yet taken place, requiring the parties to coordinate – so that the discovery is only taken once in the Consolidated Actions, covering all of the areas relevant to the Consolidated Actions as well as actions such as this one in the context of the Consolidated Actions, wherever possible – is the approach most judges supervising these cases has taken and, Plaintiff submits, it is the approach that makes the most sense. If the Court grants Plaintiff's request to allow discovery, including *Monell* discovery, in this matter to proceed in coordination with discovery in the Consolidated Actions, Plaintiff would respectfully suggest that the parties move forward with discovery about Plaintiff's claims here in accordance with the deadlines set at the initial conference, while, at the same time, making use of the discovery that has been, and will be, conducted, in the Consolidated Actions. Coordination has been consistently ordered in the Southern District, and the overlap in parties, policies, and discoverable information in this matter support the same outcome here.

Defense Counsel by the Law Department has consistently argued that an individual Assistant Corporation Counsel's unfamiliarity with the Consolidated Actions is prohibitive to coordination. Should this argument arise again, Plaintiff would point out that, assuming the City's position as filed mirrors the positions previously taken,[1] it provides no cause to prejudice Plaintiff's access to discovery or frustrate judicial economy. To the extent the sole Assistant Corporation Counsel assigned to this case is unfamiliar with this matter, that is a problem Defendants have created by not providing such

---

[1] This position amounts to, in essence, a claim that an individual ACC would need to become familiar with the docket in the consolidated cases. This claim, as numerous judges have pointed out, fails for two reasons: (1) there is no stage at the case where that is actually true (because summary judgment will come first on the consolidated docket, and at trial, each party will designate the relevant exhibits) and (2) the City's choice to inefficiently staff the litigation growing out of the summer of 2020 should not prejudice plaintiffs or the Court in forcing serial litigation of identical issues.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York  ·  11385  ·  t: (929) 888.9480  ·  f: (929) 888.9457  ·  FemmeLaw.com

3



access, and/or that Defense Counsel has created through the manner in which the Law Department has staffed, and the choices it has made in litigating, the Consolidated Actions and this clearly related case for many months. This Court should not allow Defendants to make staffing and resource allocation decisions that essentially keep Defense Counsel uninformed about these clearly related matters, creating burdens other staffing and resource allocation decisions would not, and prejudice Plaintiff's pursuit of the claims in this case.

Additionally, given that — as Judge Castel put it — Defendants' offered reasoning for rejecting coordination ultimately only "contrary to its intended purpose…, highlights the wisdom of coordination" (Order, ECF No. 17, *Rodriguez v. City of New York*, 21-cv-10815 (PKC)), Plaintiff asks that the Court direct payment of attorneys' fees for this application under Fed. R. Civ. P. 37(a)(5)(A), as Defendants' opposition to this motion is not "substantially justified."

The City likely will make no new arguments — they will argue once again that this poses some unexplained burden (see note 1) on the individual ACC, that bifurcation is somehow the right answer, and so on. But that makes little sense, and a quick review of the volume of discovery motions — and indeed, discovery sanctions against the City — that exist on the Consolidated Actions' now-more-than 700 entry docket shows the substantial benefits of coordination and keeping this Court out of those endless weeds. Cf. also, Consolidated Actions, Dkt. No. 541 (discussing how the "City has failed repeatedly to meet its discovery obligations" on that docket).

In that context, the mandatory nature of Rule 37 — and the policy reasons driving that choice — is instructive. Rule 37 provides that when a discovery motion is granted, "the court must . . . award reasonable motion expenses incurred in making the motion." *Underdog Trucking, L.L.C. v. Verizon Servs. Corp.*, 273 F.R.D. 372, 377 (S.D.N.Y. 2011) (quoting Fed. R. Civ. P. 37) (emphasis added in *Underdog*). "The mandatory nature of the imposition of expenses reflects a policy choice aimed at reducing the burden on the courts by deterring parties … from resisting discovery without justification." *Jackson v Nassau Cnty.*, 2022 US Dist LEXIS 83333, at *4-5 (EDNY May 9, 2022) (cleaned up).

We ask that the Court adopt the proposed order attached as **Exhibit 1** and award fees (which will be minimal given that the positions here are largely just repeated from the last 8 motions). We thank Your Honor for the Court's attention to this matter.

### Defendant Lance

On August 15, 2022, all counselors met and conferred and discussed the joint status letter due before the Court. Defendant Lance, by his attorney Louis La Pietra, takes no position as to the issue of coordinating *Monell* discovery with *In re NY City Policing During Summer 2020 Demonstrations*, 20-CV-8924 (CM).

### Defendants City, de Blasio, Shea, Monahan, Auguste, and Johnson

Your Honor:

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t: (929) 888.9480 · f: (929) 888.9457 · FemmeLaw.com

4



I am a Senior Counsel in the Office of the Honorable Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, representing defendants City of New York ("City"), Mayor Bill de Blasio, New York City Police Commissioner Dermot Shea, New York City Police Department ("NYPD") Chief of Department Terence Monahan, Police Officer Daniel Auguste, and Police Officer Corey Johnson (collectively "Defendants") in the above-referenced matter. Defendants write in accordance with the Court's July 6, 2022 Order, directing the parties to file a joint status letter regarding coordinated discovery. (See ECF entry dated 7/06/2022).

For the reasons outlined below, plaintiffs' proposed motion is without merit, and defendants respectfully request that the Court: (1) bifurcate *Monell* discovery pending the resolution of the factual issues; (2) deny plaintiffs' request to coordinate discovery with the Consolidated Cases to the extent the Court does not bifurcate *Monell* discovery; and, (3) deny plaintiffs' motion for costs.

1. **The Court Should Bifurcate *Monell* Discovery in this Case.**

As an initial matter, defendants respectfully submit that the Court need not address plaintiff's motion at all because plaintiff's boilerplate, conclusory *Monell* claim is without merit and any purported *Monell* discovery in this action should be bifurcated.

By way of background, plaintiff bring this action, pursuant to 42 U.S.C. § 1983, alleging, *inter alia*, that on June 4, 2020 members of the New York City Police Department ("NYPD") subjected him to false arrest and excessive force after plaintiff was asked to leave the scene of an on-going police protest, which plaintiff alleges he was merely observing and not actively participating in.

Plaintiff's proposed Order presumes that *Monell* discovery should go forward in this matter. But bifurcation of *Monell* discovery is appropriate because it would allow for the resolution of the factual issues of this case that could negate any need for *Monell* discovery and thus greatly benefit the interests of judicial economy.

Bifurcating *Monell* discovery avoids putting the cart before the horse. A valid *Monell* claim requires an underlying constitutional violation, and without one, "there can be no municipal liability under *Monell*." Sims v. City of New York, 2018 U.S. Dist. LEXIS 212966 at *11 (S.D.N.Y. Dec. 17, 2018) (citing Segal v. City of New York, 459 F.3d 207, 219 (2d Cir. 2006)). Therefore, the optimal path forward favors bifurcation, as it could render any requirement for *Monell* discovery moot. As the Second Circuit noted in *Amato v. City of Saratoga Springs*, 170 F.3d 311 (2d Cir. 1999):

> Section 1983 actions are particularly well suited for bifurcation because the evidence needed to show a policy and custom on behalf of the municipal entity is often unnecessary in the suit against the individual official. Furthermore, if a plaintiff fails to show that a constitutional violation occurred in the suit against the individual official, the corresponding cause of action against the municipality will be mooted since a claim of [municipal liability] is only actionable where some constitutional violation actually occurred.

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t: (929) 888.9480 · f: (929) 888.9457 · FemmeLaw.com

5



*Id.,* 170 F.3d at 320 (alteration added) (citation and internal quotation marks omitted).

Accordingly, the most efficient approach is to stay *Monell* discovery until the resolution of the underlying question of whether a constitutional violation occurred, which is the preferred approach in the Second Circuit. *See Brown v. City of New York*, 13-CV-6912 (TPG) 2016 U.S. Dist. LEXIS 18670 at *4 (S.D.N.Y. Feb. 16, 2016) ("Thus, since there is no finding of *Monell* liability without first finding a constitutional violation, in an effort to promote convenience and economy, courts in this circuit have bifurcated *Monell* claims and stayed their discovery until a plaintiff has succeeded in establishing liability on the part of the individual defendants."); *Mineo v. City of New York*, 09-CV-2261 (RRM)(MDG), 2013 U.S. Dist. LEXIS 46953 at *4 (E.D.N.Y. Mar. 29, 2013) ("Courts in this Circuit favor bifurcating *Monell* claims.") (citations omitted).

Additionally, plaintiff would not suffer any prejudice if *Monell* discovery is stayed, and bifurcated. Indeed, as plaintiff asserts the *Monell* issues in the Consolidated Cases "are identical to those pleaded in this case" and *Monell* discovery was set to close on August 12, 2022, in the Consolidated Cases. (ECF No. 20 at 2). Thus, because plaintiff's attorneys are attorneys in the Consolidated Cases, plaintiff would have the benefit of discovery and the resolution of the *Monell* issues in those cases without having to needlessly burden the defendants in this case.

2. **There is No Need to Coordinate *Monell* Discovery in this Case with the Consolidates Cases or Any Other Case.**

To the extent the Court does not bifurcate *Monell* discovery, the Court should deny plaintiff's request to coordinate discovery with the Consolidated Cases. This case is not part of the Consolidated Cases and plaintiff has not made an application to consolidate this case with the Consolidated Cases. Indeed, plaintiff has an obligation under Local Civil Rule 1.6 to "bring promptly to the attention of the Court all facts which [they believe] are relevant to a determination that said case . . . should be heard by the same Judge, in order to avoid unnecessary duplication of judicial effort. As soon as the attorney becomes aware of such relationship, said attorney shall notify the Judges to whom the cases have been assigned." This case has been pending on the federal docket since February 1, 2022. Plaintiff asserts that the case is related to numerous other cases and should be in effect consolidated (albeit without assignment to the Judge whose orders plaintiff would have control discovery here).

Plaintiff was right when he did not file this case as related to the Consolidated Cases. This case involves separate and unique allegations of excessive force involving a specific incident and is most efficiently litigated and resolved on the basis of that incident alone. The requirements of Fed. R. Civ. P. 1 & 26(b)(1) call for this case to be resolved on its own terms, without resort to quasi class-action discovery that is wildly disproportionate to the needs of this action. The scope of discovery under Fed. R. Civ. P. 26(a)(1) is for material relevant to the claims and defenses in this action, subject to the proportionality requirements of Fed. R. Civ. P. 26(b)(1). Plaintiffs ask the Court to abandon this standard by handing over control of the scope of discovery in this case to a different proceeding entirely. Upon information and belief, there have been over 500,000 pages of documents produced in the Consolidated Cases. There is no reason to believe that the vast majority of these documents are relevant to this case, and, indeed, plaintiff proffers no such reason other than the assumption that one

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t: (929) 888.9480 · f: (929) 888.9457 · FemmeLaw.com

6



protest is like another, notwithstanding that this case involves separate and unique allegations of excessive force. Even if there are some overlapping issues between protests, the relevant material should be determined based on the merits of the plaintiff's individual claims. *Monell* discovery – even if not bifurcated (see below) – should be tailored to policies that could be "the moving force" behind the particular constitutional violations in this case. *See Phillips v. Cnty. of Orange*, 10-CV-239 (SHS) (LMS), 2015 U.S. Dist. LEXIS 137662 at *31 (S.D.N.Y. Aug. 20, 2015) ("[A] plaintiff must demonstrate that, through its deliberate conduct, the municipality was the moving force behind the alleged injury.") (citation and internal quotation marks omitted). That scope can only be determined based on the events that occurred in this case, and the question cannot be delegated wholesale to a Judge not assigned to this matter, and therefore has no knowledge of the particular facts of this case. To the extent that discovery produced in the Consolidated Cases is deemed by the parties or the Court to be specifically relevant and proportionate, and therefore properly discoverable, in this case, then it would be produced. But there is no reason to assume a priori that anything produced in the Consolidated Cases is discoverable here, just because it is produced in another case.

Plaintiff's argument that it would not require the parties to reproduce discovery is incorrect and fails to alleviate the burden on defendants of having to review an immense volume of documents that would be deemed produced, and therefore could possibly be used by plaintiff, in this case. Whether or not attorneys working on other matters have seen the documents does not obviate the burden on the counsel assigned to this matter to be familiar with every document that is produced in this matter.

Further, deeming every single deposition that was held or will be held in the Consolidated Cases to be part of – and potentially used in -- the instant case likewise imposes an immense burden on the parties here, to no benefit. Upon information and belief, there have to date been approximately over 60 depositions in the Consolidated Cases, and it is anticipated that there are approximately 100 depositions left. Plaintiffs present no reason to assume that the depositions taken in the Consolidated Cases are relevant to this action, and no reason to believe that the burden of attending or reading all of them is proportional to the needs of this case.

In addition, being required to abide by the discovery schedule in the Consolidated Cases imposes the additional burden of subjecting the defendants here to the timelines of the Consolidated Cases. Plaintiff presents no reason why that is appropriate, let alone necessary, for the just, efficient, and fair adjudication of this matter.

Plaintiff's allegations refer to two separate and unique incidents. The only tenuous connection between this case and the Consolidated Cases is that the alleged incidents occurred during a protest. That fact that these allegations occurred during a protest does not make this one specific case in anyway similar to the Consolidated Cases, nor does it make the discovery there relevant here. The specific allegations of excessive force in plaintiff's case here are very different than the allegations in the Consolidated Cases.

Plaintiff's reliance on orders to coordinate discovery in other unrelated cases is misplaced as those orders do not address the concerns raised by defendants here about proportionality and the

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t: (929) 888.9480 · f: (929) 888.9457 · FemmeLaw.com

7



unreasonable burden of review. Further, the orders in those cases do not state why the bifurcation of *Monell* discovery would be inappropriate or would not achieve the interests of judicial economy, especially in a case involving allegations about a very discrete event as plaintiff alleges. In fact, this Court should give more consideration to a recent decision rendered by Judge Bulsara in *Cunningham v. City of New York,* 22-CV-588 (LDH) (SJB). Judge Bulsara denied plaintiff's request for coordination, indicating he did not believe he had the power to order coordination over the City's objection. Defendants urge this Court to adopt a similar position.

Accordingly, plaintiff's proposed order is contrary to the requirements of Fed. R. Civ. P. 1 & 26 and should be rejected.

    **3. Plaintiffs' Motion for Costs Should be Denied.**

Plaintiffs' proposed motion for costs pursuant to Fed. R. Civ. P. 37(a)(5)(A) is without merit. Pursuant to Fed. R. Civ. P. 37(a)(1) "a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Plaintiff make no motion to compel discovery. This case is not related to the Consolidated Cases, and the defendants are not refusing to abide by a discovery request or Order. Rather, the issue is whether the Court should deem all discovery conducted in the Consolidated Cases to be conducted in this case, and subject the parties here to the schedule in those cases. Accordingly, Rule 37 has no application to plaintiff's motion. But even Rule 37 did apply, as demonstrated above, defendants' opposition to the proposed Order has a substantial basis.

An award of costs under Rule 37 is proper if "(1) a district court grants a Rule 37(a) motion to compel discovery or disclosure, or (2) disclosure or the requested discovery is provided after the motion was filed, the court must, after giving an opportunity to be heard, require the . . . [opposing] attorney . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." *Mantell v. Chassman*, 512 Fed. App'x. 21, 24 (2d Cir. 2013) (citing Fed. R. Civ. P. 37(a)(5)(A)) (internal quotation marks omitted). However, a court "must not order payment if: (1) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (2) the opposing party's nondisclosure, response, or objection was substantially justified; or (3) other circumstances make an award of expenses unjust." Id.

For the reasons stated herein, plaintiff's motion for costs is without basis, and should be denied. *See e.g. Comprehensive Habilitation Servs. v. Commerce Funding Corp.*, 240 F.R.D. 78, 87 (S.D.N.Y. 2006) (denying motion for costs where the opposing parties objections to relevancy were valid); *Gade v. State Farm Mut. Auto. Ins. Co.*, 14-CV-00048, 2016 U.S. Dist. LEXIS 73049 at **11-12 (D. Vt. June 6, 2016) (denying motion for costs where the discovery dispute did not "reveal any willful non-compliance with discovery obligations, but rather a genuine dispute wherein each side believed that it was substantially justified in its position.") (citation and internal quotation marks omitted).

For the reasons set forth herein, defendants respectfully request the Court: (1) bifurcate *Monell* discovery pending the resolution of the factual issues; (2) deny plaintiff's request to coordinate

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t: (929) 888.9480 · f: (929) 888.9457 · FemmeLaw.com

8



discovery with the Consolidated Cases to the extent the Court does not bifurcate *Monell* discovery; and (3) deny plaintiff's motion for costs. Thank you for your consideration herein.

The parties thank Your Honor for the Court's consideration in this matter.

Respectfully submitted,

/s/
_____
Maryanne K. Kaishian
*Of Counsel*, Cohen&Green P.L.L.C.
Attorneys for Kedwin Payamps

/s/
_____
Michael Pesin-Virovets
*Senior Counsel*
New York City Law Department
Attorneys for Defendants

/s/
_____
Louis La Pietra
La Pietra & Krieger, PC
Attorney for Defendant Lance

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York  ·  11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com

9