UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

KEDWIN PAYAMPS,

                              Plaintiff,

             -against-

**Index No.** 1:22-cv-00563-AMD-VMS

THE CITY OF NEW YORK; MAYOR BILL DE BLASIO; NEW YORK CITY POLICE DEPARTMENT ("NYPD") COMMISSIONER DERMOT SHEA; NYPD CHIEF OF DEPARTMENT TERENCE MONAHAN; NYPD INSPECTOR JESSE LANCE; NYPD OFFICER COREY JOHNSON; FIRST NAME UNKNOWN ("FNU") AUGUSTE (Tax I.D. 961629); and NYPD MEMBERS JOHN AND JANE DOES 1-7,

**(PROPOSED) SO-ORDERED STIPULATION**

                              Defendants.

------------------------------------------------------------------------X

## (PROPOSED) SO-ORDERED STIPULATION

Pursuant to Fed.R.Civ.P. 26(d)(1), Plaintiff Kedwin Payamps ("Plaintiff") and Defendants agree that:

This Stipulation and Order will be incorporated into the proposed Case Management Plan agreed upon by both parties during a 26(f) Conference held on June 28, 2022.

1.      Plaintiff and Defendants will coordinate discovery in this matter with discovery in the cases pending before Hon. Colleen McMahon and Hon. Gabriel W. Gorenstein under the *In re NY City Policing During Summer 2020 Demonstrations*, 20-cv-8924(CM)(GWG) docket (the "Consolidated Actions"), except to the extent ordered otherwise by Judge McMahon, Judge Gorenstein, or this Court.

2. Counsel will avoid seeking discovery in this matter that is duplicative of discovery in the Consolidated Actions.

3. Plaintiff shall pursue discovery as to their municipal liability claims in the Consolidated Actions and abide by the schedule in the Consolidated Actions with respect to that discovery.

4. Plaintiff shall pursue discovery as to their individual claims in accordance with the Case Management Plan in this matter with respect to that discovery.

5. All parties will abide by the protective order entered as Docket 115 in the Consolidated Actions as it relates to discovery conducted in the Consolidated Actions as though the order also applied in this matter.

6. All discovery, including document and deposition discovery, that has been and will be produced or conducted in the Consolidated Actions, is deemed part of *Payamps*, subject to any confidentiality restrictions in place as to such discovery in the Consolidated Actions.

7. Neither party will be required to re-disclose discovery in the Consolidated Actions in *Payamps*.

8. All rulings on the scope of discovery in the Consolidated Actions shall apply with equal force to this action, except to the extent otherwise ordered by this Court.

9. All depositions taken in the Consolidated Actions (where taken heretofore or hereafter) may be used in this action as if conducted in this action.

10. No deposition of a witness or party conducted in the Consolidated Actions shall be conducted in this action without leave of this Court.

EXHIBIT 1, p. 2 of 3

11. Except to the extent otherwise ordered by Judge McMahon or Judge Gorenstein, Plaintiff's counsel may attend and participate in any depositions conducted in the Consolidated Actions.

Dated: June ___, 2022

[SIGNATURES ON FOLLOWING PAGE]

**EXHIBIT 1, p. 3 of 3**