UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEDWIN PAYAMPS,<br><br>                            Plaintiff,<br><br>    -against-<br><br>THE CITY OF NEW YORK; MAYOR BILL DE BLASIO; NEW YORK CITY POLICE DEPARTMENT ("NYPD") COMMISSIONER DERMOT SHEA; NYPD CHIEF OF DEPARTMENT TERENCE MONAHAN; NYPD INSPECTOR JESSE LANCE; NYPD OFFICER COREY JOHNSON; FIRST NAME UNKNOWN ("FNU") AUGUSTE (TAX I.D. 961629); AND NYPD MEMBERS JOHN AND JANE DOES 1-7,<br><br>                          Defendants | CIVIL ACTION NO. 22 CV 0563 (AMD)(VMS)<br><br><br>**[PROPOSED] PROTECTIVE ORDER** |

**WHEREAS**, parties in the actions set forth below will be required to produce certain documents and information that they may deem to be confidential or otherwise inappropriate for public disclosure; and

**WHEREAS**, the parties seek to ensure that the confidentiality of these documents and information remain protected; and

**WHEREAS**, good cause therefore exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

**THE COURT HEREBY ORDERS THAT:**

1.      As used herein, "Actions" shall mean the following related cases pending before

this Court:

      a.   All cases consolidated as *In re NY City Policing During Summer 2020 Demonstrations*, No. 20-cv-8924 (CM) (GWG); and

      b.   *Payamps v. City of New York et al.*, 22-cv-0563(AMD)(VMS).

    2.    "Confidential Materials" shall mean any portion of documents that contains non-public business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or would likely, in the good faith opinion of the producing person, seriously harm the producing person's business, commercial, financial, or personal interests or cause the producing person to violate his, her, or its privacy or confidentiality obligations to others, including but not limited to: (a) home addresses, non-business phone numbers, or personal e-mail addresses contained in New York City Police Department ("NYPD") records; (b) plaintiffs' and witness' medical records; and (c) records related to plaintiffs' sealed arrests that were not related to the incident(s) underlying the Complaints. Documents shall not be designated "Confidential Materials" to the extent that they relate to the incident(s) underlying the Complaints in the Actions, or can be obtained by the parties pursuant to the New York Freedom of Information Law ("FOIL"), or are otherwise publicly available. Where the confidential portion is reasonably separable from the non-confidential portion, via redaction or otherwise, only the confidential portion shall be so designated.

    3.    As used herein, "Producing Party" shall mean the party requesting that a particular document or the information contained therein be deemed confidential, and "Receiving Party" shall mean any party in the Actions who is not the "Producing Party," as defined herein, for that document or information.

    4.    A Receiving Party and that party's attorneys shall not disclose the content of

Confidential Materials produced in discovery in the Actions for any purpose other than the evaluation, preparation, presentation or settlement of claims or defenses in the Action.

     5.    Attorneys for a Receiving Party shall not disclose the Confidential Materials to any person other than a party, an attorney of record for that party, or any member of the staff of that attorney's office, except under the following conditions:

     a.  Disclosure may be made for the purpose of preparing or presenting a party's claims or defenses in the Actions.

     b.  Disclosure may also be made to an expert or consultant who has been retained or specially employed by a party's attorneys in anticipation of litigation or preparation for trial of the Actions, to a witness at a deposition or in preparation for testimony at a deposition or trial, or to the Court.

     c.  Defendants' attorneys may also disclose the Confidential Materials to the New York City Police Department, the New York City Comptroller's Office, and the New York City Mayor's Office, only as necessary to the defense or settlement of these Actions.

     d.  Before any disclosure is made to a person listed in subparagraphs (b) or (c) above (other than to the Court or to a witness at a deposition), the Receiving Party's attorney shall provide each such person with a copy of this Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution, defense, or settlement of the Actions and not to make further disclosure of the Confidential Materials, except in testimony taken in the Actions. The attorneys for a Receiving Party making such

disclosure shall retain the signed consent and furnish a copy to the Producing Party's attorney upon request at a deposition or immediately before trial, although the name of an expert that the Receiving Party does not intend to call as a trial witness may be redacted from such a consent before it is produced.

e.  Disclosure of medical records deemed "Confidential" under this Protective Order may also be made to any individual who provided the treatment described in the records or to a member of the staff of the hospital, doctor's office, or medical provider where the treatment was rendered.

6.    The Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential either by: (a) indicating on the record during the deposition that a question relates to Confidential Materials, in which event the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," in which event all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that party's counsel.

7.    If a Receiving Party objects to the designation of any Confidential Materials as confidential, he or she shall state such objection in writing to counsel for the Producing Party, and counsel shall in good faith attempt to resolve such conflict. If the conflict cannot be resolved among counsel, the objecting party shall, within 45 days of the initial objection, request the Court to remove the designation. Any such materials or information shall be treated as Confidential until the parties resolve the conflict or the Court issues its ruling regarding the

conflict.

8.      Any party seeking to file papers with the Court that incorporate specific and identifiable content from Confidential Materials or otherwise reveal the contents thereof shall first make an application to the Court for permission to file under seal the specific portions of those papers disclosing Confidential Materials and shall indicate whether any other party objects to that request. No materials shall be filed under seal unless the Court has issued an order approving the filing, in which event the filing shall follow the District Court rules applicable to filing under seal. **This provision does not apply to the filing of an expert report, summary of evidence pursuant to Federal Rule of Evidence 1006, or other similar compilation that used in its preparation documents or information designated Confidential, provided that such filing does not specifically identify content from the underlying documents that is designated Confidential**.

9.      Nothing in this Protective Order shall be construed to limit a Producing Party's use of its own Confidential Materials in any manner, or to limit the use of Confidential Materials or their contents to the extent that they are publicly available or have been provided to a party through other lawful means, such as a FOIL request.

10.      THE FOLLOWING ADDENDUM IS DEEMED INCORPORATED INTO THE PARTIES' STIPULATION AND CONFIDENTIALITY ORDER:

   a.   The parties understand that the Court's "so ordering" of this stipulation does not make the Court a party to the stipulation or imply that the Court agrees that documents designated as "Confidential" by the parties are in fact confidential.

   b.   It has been this Court's consistent experience that confidentiality stipulations

are abused by parties and that much material that is not truly confidential is designated as such. The Court does not intend to be a party to such practices. The Court operates under a presumption that the entire record should be publicly available.

c.  The Court does not ordinarily file decisions under seal or redact material from them. If the Court issues a decision in this case that refers to "confidential" material under this stipulation, the decision will not be published for ten days. The parties must, within that ten-day period, identify to the Court any portion of the decision that one or more of them believe should be redacted, provide the Court with the purportedly confidential material, and explain why that material is truly confidential. The Court will then determine whether the material is in fact genuinely deserving of confidential treatment. The Court will only redact portions of a publicly available decision if it concludes that the material discussed is in fact deserving of such treatment. The Court's decision in this regard is final.

d.  If this addendum is acceptable to the parties, the Court will sign their proposed confidentiality stipulation, subject to the addendum. If this addendum is not acceptable, the Court will not sign the stipulation, and should allegedly confidential material be produced, the parties will be referred to the magistrate judge for a document by document review and decision on whether that document should be subject to confidential treatment.

11.   This Protective Order will survive the termination of the Actions and will continue to be binding upon all persons to whom Confidential Materials are produced or

disclosed. All documents or information that have been deemed confidential pursuant to this order, including all copies and non-conforming copies thereof, shall remain confidential for all time.  Once the Actions have been resolved, including all appeals, the Confidential Materials, including all copies and non-conforming copies thereof, shall not be used by the Receiving Party for any purpose without prior Court approval.

       12.     The Court will retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.  Additionally, the Court reserves the right, in its sole discretion, to modify this Protective Order at any time.

**SO ORDERED:**

_____
Hon. Vera M. Scanlon
United States Magistrate Judge

Dated: _____, 2022
      New York, New York

**EXHIBIT A**

The undersigned hereby acknowledges that (s)he has read the Protective Order issued in the following specific actions:

    a.   All cases consolidated as *In re NY City Policing During Summer 2020 Demonstrations*, No. 20-cv-8924  (CM) (GWG); and

    b.   *Rodriguez et al. v. City of New York et al.*, 21-cv-10815(PKC)(VF).

The undersigned understands the terms of said Protective Order and agrees not to use the Confidential Materials defined therein for any purpose other than as permitted by the Protective Order, and will not further disclose the Confidential Materials except in testimony taken in this case.

Date: _____          Signature: _____

                                   Print Name:_____