

March 6, 2023

Hon. Vera M. Scanlon, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East, 1214 South
Brooklyn, New York 11201

By Electronic Filing.

    Re:    <u>Payamps v. City of New York</u>, 22-cv-00563

Dear Judge Scanlon:

    I am co-counsel for Plaintiff in this matter. This case stems from the June 4, 2020, NYPD arrest and assault of Plaintiff Kirk Payamps during which Defendants struck Mr. Payamps and pulled him to the ground, where they continued to beat him. This incident was the subject of a CCRB investigation which included video and identification of several NYPD members. I write pursuant to Section III.b. of Your Honor's Individual Rules of Practice to ask that the Court issue an Order (1) directing the Defendants to provide the names of the NYPD members who used force on Plaintiff, took Plaintiff to the ground, and arrested him; and (2) *nunc pro tunc* extending the January 27 Court deadline for Plaintiff to amend the Complaint and permitting Plaintiff to amend the Complaint to substitute in the names of the Doe Defendants within 14 days after the deadline for Defendants to provide those names. Plaintiff did not request an extension of the January 27 deadline before its expiration because mediation was imminent and as a result it seemed reasonable to temporarily delay motion practice over the Defendants' failure to provide the names of NYPD members needed for Plaintiff to amend the Complaint. In any event, Defendants consent to this request.

    On March 1, 2023, the parties met and conferred regarding this issue by phone. Present during the call were Lou LaPietra, counsel for Defendant Lance; Michael Pesin, counsel for the City and all other individual Defendants; Remy Green and I for Plaintiff. During this call, Mr. LaPietra and Mr. Pesin agreed to Plaintiff's request. The dispute arises because Mr. Pesin stated that he has not yet interviewed the NYPD members who were present at the scene of the incident and included in the CCRB file, and required 60 days to interview NYPD members at the scene, investigate these names, and provide them to Plaintiff. I stated that Plaintiff could agree to 30 days since this incident is on video, the names of all officers present are listed in the CCRB file, and the three-year statute of limitation expires in June. During that call, Mr. Pesin agreed to circulate a letter regarding this specific issue by March 2. Mr. Pesin has not circulated this letter. As such, Plaintiff files it now as a motion to compel.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York  ·  11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



  Mr. Pesin asked me to put in this letter that "defendants will be filing a separate letter addressing discovery issues from defendant's perspective." I do not know what "discovery issues" Mr. Pesin is referring to, as he has not identified any discovery disputes nor has he engaged in any meet and confer regarding any purported deficiencies from his perspective. Since the mediation in this matter, Mr. Pesin has informed us that he has taken "a closer look at the records" and asked us to confirm whether Plaintiff has disclosed all medical records. While it was odd to receive this inquiry from Mr. Pesin following the mediation, we confirmed for him that Plaintiff disclosed all medical records prior to the mediation. Mr. Pesin also asked for updated medical authorizations to once again obtain those same medical records which we have disclosed. I agreed to provide those authorizations. Since then, I have asked Mr. Pesin to state what deficiencies he believes exist regarding Plaintiff's medical records, which he has ignored.

  I recognize that a joint status letter identifying any outstanding discovery disputes is due by March 13th. I intend to participate in the drafting of that letter and identify any additional discovery disputes, but I file this motion separately because this issue is particularly important to Plaintiff given the impending statute of limitations.

  We thank the Court for its time.

                Respectfully submitted,

                /s/
                _____
                Jessica Massimi
                 *Pronouns: She/Her*
                **COHEN&GREEN P.L.L.C.**
                *Attorneys for Plaintiff*
                1639 Centre St., Suite 216
                Ridgewood, New York 11385

cc:
All relevant parties by ECF.

Page 2 of 2

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t: (929) 888.9480 · f: (929) 888.9457 · FemmeLaw.com