

<table>
<tr><td><strong>HON. SYLVIA O. HINDS-RADIX</strong><br><em>Corporation Counsel</em></td><td align="center">THE CITY OF NEW YORK<br><strong>LAW DEPARTMENT</strong><br>100 CHURCH STREET<br>NEW YORK, N.Y. 10007</td><td align="right"><strong>MICHAEL PESIN-VIROVETS</strong><br><em>Senior Counsel</em><br>phone: (212) 356-2617<br>fax: (212) 356-3509<br>mpvirove@law.nyc.gov</td></tr>
</table>

March 10, 2023

<u>VIA ECF</u>

Honorable Vera M. Scanlon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:    <u>Payamps v. City of New York et al.,</u>
       22-CV-0563 (AMD) (VMS)

Your Honor:

I am a Senior Counsel in the Office of the Honorable Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, representing defendants City of New York ("City"), Mayor Bill de Blasio, New York City Police Commissioner Dermot Shea, New York City Police Department ("NYPD") Chief of Department Terence Monahan, Police Officer Daniel Auguste, and Police Officer Corey Johnson (collectively "Defendants") in the above-referenced matter. Defendants write pursuant to the Court's Order dated March 8, 2023 directing defendants' to respond to plaintiff's letter dated March 6, 2023. (ECF docket entry dated March 8, 2023).

By way of background, and as stated in plaintiff's Motion to Compel dated March 6, 2023, the parties met and conferred on March 1, 2023 to discuss the identification of John Doe defendants who allegedly caused plaintiff to sustain injuries to his legs. (ECF No. 39). As Ms. Massimi, attorney for plaintiff, correctly pointed out, defendants agreed to investigate the identification of the Joe Doe defendants but requested sixty-days to conduct its investigation which will entail, but is not limited to, interviewing twenty-two NYPD witnesses already identified by the Civilian Complaint Review Board ("CCRB") in its closing report. In light of other case commitments, a sixty-day request to finalize its investigation into John Doe defendants is not unreasonable.

To briefly address plaintiff's contentions raised regarding the medical records, on March 2, 2023, defendants reached out to plaintiff to address possible deficiencies with plaintiff's production of medical records. Defendants explained to Ms. Massimi that additional medical

records will need to be produced in order for defendants' to properly analyze plaintiff's purported ankle injury. Defendants' position as to medical records is as follows. Plaintiff originally produced medical records, with corresponding HIPAA releases, from three facilities[1]. The medical records produced by plaintiff, however, only account for medical treatment plaintiff received from June 4, 2020 to September 22, 2020[2] and  the HIPAA releases produced contemptuously  only authorize the release of medical records from June 2020 to April 8, 2022. Later, on February 8, 2023, plaintiff supplemented their production of medical records with a two page MRI reported dated January 20, 2023, but did not provide a HIPAA release enabling defendants' to separately obtain those records or any records that post-date April 8, 2022.  Accordingly, defendants' request for further production of medical records should not have come as a surprise to the degree detailed in plaintiff's Motion to Compel. Given the very obvious and stark gap between production of records, plaintiff's purported confusion with defendants' request seems disingenuous. Indeed,  defendants' request for updated medical releases is particularly important given that plaintiff is representing that the injury identified in the MRI report produced on February 8, 2023 is causally related to the alleged excessive force plaintiff sustained on June 4, 2020.  Although plaintiff's counsel has agreed to provide such releases, to date plaintiff has not provided such releases to defense counsel.  In an effort to move this issue forward, the undersigned will contact plaintiff's counsel to obtain a date certain from her regarding when such releases can be provided.

      For the aforementioned reasons, defendants respectfully request that the Court deny plaintiff's motion to compel and  grant defendants until May 12, 2023 to investigate the identities of John Doe defendants and thereafter provide such names to the extent they are determined.

      Defendants thank the Court for its consideration of this request.

Respectfully submitted,

By: _____

Michael Pesin-Virovets
*Senior Counsel*

---

[1] Plaintiff has produced medical records with corresponding HIPAA releases from Methodist Hospital, the offices of Dr. Mario Voloshin, a pediatrist, and JAG Physical Therapy.

[2] The date of incident is June 4, 2020.

cc:    <u>**By ECF**</u>

Elena Louisa Cohen
Cohen Green PLLC
*Attorney for Plaintiff*

Remy Green
Cohen & Green
*Attorney for Plaintiff*

Jessica S. Massimi
99 Wall Street, Ste. 1264
New York, NY 10005
*Attorney for Plaintiff*

Gideon Orion Oliver
Attorney at Law
277 Broadway
Suite 1501
New York, NY 10007
*Attorney for Plaintiff*

M.K. Kaishian
Cohen & Green
*Attorney for Plaintiff*

Louis C. La Pietra
La Pietra & Krieger, P.C.
30 Glenn Street Suite 105
White Plains, NY 10603
*Attorney for Defendant Jesse Lance*