

March 13, 2023

Hon. Vera M. Scanlon, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East, 1214 South
Brooklyn, New York 11201

By Electronic Filing.

    Re:    <u>Payamps v. City of New York</u>, 22-cv-00563

Dear Judge Scanlon:

    I am co-counsel for Plaintiff in this matter. The parties submit this joint letter pursuant to the Court's February 21, 2023 Order directing the parties to file a joint letter by today "informing the Court of the progress of mediation and the parties' settlement discussions. If the parties have not settled, the status letter must identify any outstanding discovery disputes." The parties also jointly request an extension of time to complete fact discovery, *nunc pro tunc*, from January 27, 2023, up to and including May 26, 2023.

    On February 17, Judge Gold held a mediation in this matter. The case did not settle. Since then, the City has contended that it requires updated medical releases to engage in further settlement discussions. I have repeatedly informed Mr. Pesin that Plaintiff stopped receiving medical treatment for his injuries in 2020, except his recent MRI, and that Defendants have all existing medical records. Nonetheless, I have always agreed to provide updated medical releases to the City so that they can confirm the absence of any medical records beyond what they already have. I am in the process of obtaining updated medical releases for the City and hope to provide them this week.

    Mr. Pesin and I met and conferred by phone today regarding the Defendants' discovery deficiencies. Attached as Exhibit 1 are discovery responses for Defendants de Blasio, Shea, Monahan, Johnson, and Auguste. Attached as Exhibit 2 are discovery responses for Defendant NYPD Inspector Jesse Lance. Mr. LaPietra, attorney for Defendant Lance, did not attend today's meet and confer but has asked us to include his position that all of the below-requested information should come from the City.



Mr. Pesin and I met and conferred today regarding the following disputes, which are grouped together by general topic:

**Names of NYPD Members**

Deficiencies:

- Interrogatory 6 - Defendants must identify each member of the NYPD with personal knowledge of Plaintiff's conduct purportedly justifying his arrest.

- Interrogatory 8 - Defendants must identify each individual who made the decision to arrest Plaintiff.

- Interrogatory 9 - Defendants must identify each individual who gave Plaintiff any orders. Defendants' current response refers Plaintiff to documents that identify every officer NYPD member at the scene. If the City claims that every NYPD member at the scene gave Plaintiff an Order, the City must state so in writing.

- Interrogatory 10 - Defendants must identify this information or state that Plaintiff's arrest was not a "Turn-Over Arrest."

- Interrogatory 11 - Defendants must identify each person who placed Plaintiff in handcuffs.

- Interrogatory 12 - Defendants must respond truthfully to this, as previously discussed, and identify all NYPD members who used force on Plaintiff. City currently lists only Defendant Lance, which all parties know to be false by omission.

- Interrogatory 25 - Defendants must identify NYPD Member Does 1-7 whose roles in the incident are described in ¶¶ 35-103 of the Complaint.

City Defendants' Response:

Defendants will supplement these responses pending their investigation into the John Doe Defendants detailed in their letter of march 10th

**Names of Incident Commanders and Legal Bureau Personnel**

Deficiencies

- Interrogatory 2 - Defendants must identify each Incident Commander who was present at the Protest or who actually participated in the chain of command related to the Protest from afar.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



- Interrogatory 3 - Defendants must identify any member of the legal bureau present at the protest.

- Interrogatory 4 - Defendants must identify any member of the legal bureau whom any Defendants consulted with in connection to the protest.

Plaintiff notes that the names of Incident Commanders and Legal Bureau personnel in general were turned over in the consolidated cases, but the City has not produced in the consolidated cases the names of Incident Commanders and Legal Bureau personnel who were present at the protest giving rise to this lawsuit. Plaintiff seeks this information because it contains the names and identities of high-level City employees who are witnesses to the incidents described in the complaint, and is therefore highly relevant.

City Defendants' Response:

Mr. Pesin has stated that he will not produce this information in this case because it was not produced in the consolidated cases.

**Plaintiff's Arrest Paperwork**

Deficiencies

- Interrogatory 13 - Defendants must identify each person who decided to give Plaintiff a summons or DAT.

- Interrogatory 19 - Defendants must identify each author or person who contributed to the paperwork listed in this interrogatory.

Plaintiff seeks this information because these people are witnesses to the events described in the complaint, and contributed to depriving him of his constitutional rights. As such, their names and identities are necessarily integral to his causes of action.

City Defendants' Response:

City maintains its objection. City says it's irrelevant.

**Body Worn Camera Information**

Deficiencies:

- Document Request No 12 - City Defendants' response to this document demand states that no NYPD body-worn camera footage related to the Protest exists. However, this demand also requested "all related audit trails and metadata." The City must produce the

COHEN&GREEN                                                                                   Page 3 of 5

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com

Case 1:22-cv-00563-AMD-VMS   Document 42   Filed 03/13/23   Page 4 of 5 PageID #: 253



audit trails and metadata for the BWC of all NYPD members who were present at the protest.

City Defendants' Response:

City will conduct a further investigation into this. City will conduct a secondary search for BWC, audit trails, and meta data and will supplement the responses.

**CCRB/IAB Information**

Deficiencies:

- Document Request 56 - Defendants must provide files related to other CCRB investigations related to the protest.

- Document Request 57 - Defendants must provide files related to other IAB investigations related to the protest including but not limited to for those officers who were referred for discipline from the CCRB to NYPD for BWC issues.

Plaintiff requests this information because it contains the names of witnesses, and will assist in identifying the NYPD members involved in Plaintiff's assault and arrest, and is therefore highly relevant.

City's Response:

City is maintaining its objection based on its belief that it's irrelevant and goes beyond the needs of this case.

**Disciplinary History and Personnel Files**

Deficiency

- Document Request 61 – Produce each Individual Defendant's current NYPD Personnel Profile Report – All History.

- Document Request 62 – Produce each Individual Defendant's current NYPD CPI report.

City Defendants' Response:

City will supplement once they have all the files and turn them over

Page 4 of 5

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



We thank the Court for its time.

                                            Respectfully submitted,

                                               /s/
                                          _____
                                          Jessica Massimi
                                             *Pronouns: She/Her*
                                          **COHEN&GREEN P.L.L.C.**
                                          *Attorneys for Plaintiff*
                                          1639 Centre St., Suite 216
                                          Ridgewood, New York 11385

cc:
All relevant parties by ECF.

Page 5 of 5

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t: (929) 888.9480 · f: (929) 888.9457 · FemmeLaw.com