UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- x

KEDWIN PAYAMPS,

Plaintiff,

-against-

THE CITY OF NEW YORK; MAYOR BILL DE
BLASIO; NEW YORK CITY POLICE
DEPARTMENT ("NYPD") COMMISSIONER
DERMOT SHEA; NYPD CHIEF OF DEPARTMENT
TERENCE MONAHAN; NYPD INSPECTOR JESSE
LANCE; NYPD OFFICER COREY JOHNSON;
FIRST NAME UNKNOWN ("FNU") AUGUSTE
(Tax I.D. 961629); and NYPD MEMBERS JOHN
AND JANE DOES 1-7,

Defendants.

----------------------------------------------------------------- x

**DEFENDANTS' RESPONSES AND
OBJECTIONS TO PLAINTIFF'S
FIRST SET OF
INTERROGATORIES AND
DOCUMENT REQUESTS**

Index No. 22-CV-00563 (AMD)
(VMS)

Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, Defendants de Blasio, Shea, Monahan, Johnson, and Auguste respond(s) and object(s) to Plaintiff's First Set of Interrogatories and Document Requests as follows:

<u>**GENERAL STATEMENT**</u>

1.       By responding to any request, defendant(s) do not concede the materiality of the subject to which it refers.  Defendant(s') responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the documents or information produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

2.       Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery,

shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of defendant(s') right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

　　　　　3.　　　　With respect to the request for the production of documents, defendant(s) will provide, under separate cover, a privilege index, if appropriate.

## INTERROGATORIES

### INTERROGATORY NO. 1:

　　　　　Identify each NYPD member who participated in or who has Personal Knowledge regarding the NYPD's planning for policing the Protest.

### OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 1:

　　　　　Defendants object to Interrogatory No. 1 on the grounds that it is vague and ambiguous as to the meaning of the terms "participated" and "planning." Defendants also object on the grounds that it is overbroad, in that it is not limited in time or scope, and in that it seeks the identity of "each NYPD member who participated in or who has Personal Knowledge regarding the NYPD's planning for policing the Protest," which is not relevant or proportional to the needs of the case. Defendants further object to the extent that this request implicates the law enforcement, deliberative due process, and official information privileges. Defendants also object on the grounds that this information may not be in their possession, custody or control.

　　　　　Notwithstanding, and without waiving or, in any way, limiting these objections, defendants refer plaintiff to the individuals identified in defendants' Initial Disclosures, dated September 20, 2022, as well as the individuals identified in the documents previously produced therewith bearing Bates stamp Nos. DEF 0001 – DEF 0052, and those identified in the

documents produced herein as Civilian Complaint Review Board ("CCRB") Investigation Case File, bearing *Bates stamp No.*  DEF 0053 – DEF 0327.

**INTERROGATORY NO. 2:**

Identify each Incident Commander who was present at the Protest, or who actually participated in the chain of command related to the Protest from afar.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 2:**

Defendants object to Interrogatory No. 2 on the grounds that this information has already been produced or provided in the In re NY City Policing During Summer 2020 Demonstrations, 20-CV-8924 (CM)(GWG)(the "Consolidated Actions,") with has been consolidated with this matter.  This Interrogatory violates the stipulation entered in this case which provides that 1) "all discovery . . . that has been and will be produced or conducted in the Consolidated Actions, is deemed part of Payamps;" 2) "neither party will be required to re-disclose discovery in the Consolidated Actions in Payamps;" and 3) "Counsel will avoid seeking discovery in this matter that is duplicative of discovery in the Consolidated Actions."  See ECF at 28.  Defendants also object on the grounds that this is a compound interrogatory, in that it seeks to identify "each incident commander who was present" and each incident commander "who actually participated in the chain of command related to the protest," which is compound in that these are two distinct/discreet categories of information in a single request.    Defendants further object on the grounds that it is vague and ambiguous as to the meaning of the terms "participated in the chain of command" and "from afar." Defendants also object on the grounds that it is overbroad, in that it is not limited in time or scope, and in that it seeks the identity of "each Incident Commander who was present, or who actually participated in the chain of command related to the Protest from afar." Defendants further object on the grounds that identifying "each Incident Commander who was Present at the Protest, or who actually

- 3 -

participated in the chain of command related to the Protest from afar" may be impossible and not proportional to the needs of the case. Defendants further object on the grounds that such information is not relevant to any party's claims or defenses.  Defendants further object to the extent that this request implicates the law enforcement, deliberative due process, and official information privileges.

**INTERROGATORY NO. 3:**

Identify each member of the NYPD's Legal Bureau who was present at the Protest.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 3:**

Defendants object to Interrogatory No. 3 on the grounds that this information has already been produced or provided in the In re NY City Policing During Summer 2020 Demonstrations, 20-CV-8924 (CM)(GWG)(the "Consolidated Actions,") with has been consolidated with this matter.  This Interrogatory violates the stipulation entered in this case which provides that 1) "all discovery . . . that has been and will be produced or conducted in the Consolidated Actions, is deemed part of Payamps;" 2) "neither party will be required to re-disclose discovery in the Consolidated Actions in Payamps;" and 3) "Counsel will avoid seeking discovery in this matter that is duplicative of discovery in the Consolidated Actions."  See ECF at 28.  Defendants also object to Interrogatory No. 3 on the grounds that that it is vague, ambiguous, overbroad, and not proportional to the needs of the case. Defendants further object on the grounds that such information is not relevant to any party's claims or defenses. Defendants also object on the grounds that this request implicates the law enforcement, deliberative due process, and official information privileges.

**INTERROGATORY NO. 4:**

Identify each member of the NYPD's Legal Bureau whom any Defendant consulted with in connection with the NYPD's response to the Protest, before or during the Protest.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 4:**

<u>See</u> Objection and Response to Interrogatory No. 3.  Defendants also object to Interrogatory No. 4 on the grounds that it is vague and ambiguous as to the terms "before or during the protest." Defendants also object on the grounds that it is overbroad, in that it is not limited in time or scope, and in that it seeks the identity of "<u>each</u> member of the NYPD's Legal Bureau whom <u>any</u> Defendant consulted with in connection with the NYPD's response to the Protest, <u>before or during</u> the Protest." Defendants further object on the grounds that identifying "each member of the NYPD's Legal Bureau whom any Defendant consulted with in connection with the NYPD's response to the Protest, before or during the Protest" may be impossible and not proportional to the needs of the case and to the extent that it seeks information that is protected by law enforcement, official information, attorney-client, and work product privileges.

**INTERROGATORY NO. 5:**

Identify each person who observed Plaintiff on June 4, 2020 prior to each Plaintiff's arrest.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 5:**

Defendants object to Interrogatory No. 5 on the grounds that it is overbroad, in that it is not limited in time or scope, and in that it seeks the identity of "each person who observed Plaintiff on June 4, 2020 prior to each Plaintiff's arrest." Defendants further object on the grounds that identifying "each person who observed Plaintiff on June 4, 2020 prior to each Plaintiff's arrest" may be impossible and not proportional to the needs of the case, and to the

- 5 -

extent this Interrogatory is non-sensical as there is only one plaintiff in this matter. Defendants further object on the grounds that it implicates the privacy and security concerns of non-parties to this action and those not represented by the Office of Corporation Counsel, and to the extent that it implicates the sealing provisions of N.Y. C.P.L. § 160.50. Defendants also object to the extent that this request seeks information that is outside the scope of defendants' personal knowledge and/or seeks information that is equally if not more available to plaintiffs. Defendants further object on the grounds that this information may not be in their possession, custody or control.  Defendants further object on the grounds that such information is not relevant to any party's claims or defenses.

Notwithstanding, and without waiving or, in any way, limiting these objections, defendants refer plaintiff to the individuals identified in defendants' Initial Disclosures, dated September 20, 2022, as well as the individuals identified in the documents previously produced therewith bearing Bates stamp Nos. DEF 0001 – DEF 0052, and those individuals identified in the CCRB Investigation Case File, bearing *Bates stamp No.*  DEF 0053 –  DEF 0327.

**INTERROGATORY NO. 6:**

Identify each person who has Personal Knowledge each Plaintiff's conduct on June 4, 2020 leading up to Plaintiff's arrest, including, but not limited to, any such conduct that any Defendant claims gave rise to, or contributed to, probable cause to arrest Plaintiff.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 6:**

<u>See</u> Objections and Responses to Interrogatories Nos. 1 and 5.  Defendants further object to Interrogatory No. 6 on the grounds that it is vague and ambiguous as to the meaning of the term "conduct." Defendants also object on the grounds that it is overbroad, in that it is not sufficiently limited in time or scope, and in that it seeks the identity of "each person" who has Personal Knowledge of Plaintiff's conduct on June 4, 2020. Defendants further object on the

grounds that identifying "each person who observed Plaintiff on June 4, 2020 prior to each Plaintiff's arrest" may be impossible and not proportional to the needs of the case.

**INTERROGATORY NO. 7:**

Identify each law, statute, code provision, order, regulation, or other ground that any Defendant claims gave rise to, or contributed to, probable cause to arrest Plaintiff.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 7:**

Defendants object to Interrogatory No. 7 on the grounds that it is non-sensical, is overbroad, in that it is not limited in time or scope, and in that it seeks to identify "each law, statute, code provision, order, regulation, or other ground that any defendant claims gave rise to, or contributed to, probable cause to arrest Plaintiff," and, as such, is also not proportional to the needs of the case. Defendants further object to the extent that there is a more practical method of obtaining the information sought, such as depositions.  Defendants further object to this request on the grounds that it calls for a legal conclusion, seeks information protected by work product privilege, and is a contention interrogatory.

Notwithstanding, and without waiving or, in any way, limiting these objections, defendants refer plaintiff to the NYPD C-Summons Worksheet, bearing Bates stamp No. DEF 0001- DEF 0003 referenced in defendants' Initial Disclosures, dated September 20, 2022.

**INTERROGATORY NO. 8:**

Identify each person who determined, or participated in the determination, that Plaintiff should be arrested.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 8:**

Defendants object to Interrogatory No. 8 on the grounds that it is a compound interrogatory, in that it seeks to identify "each person who determined that plaintiff should be arrested" and "each person who participated in the determination that plaintiff should be

- 7 -

arrested" which are two distinct/discreet categories of information in a single request. Defendants also object on the grounds that it is vague and ambiguous as to the meaning of the terms "determined" and "participated in the determination." Defendants also object on the grounds that it is overbroad, in that it is not limited in time or scope, and in that it seeks to identify "each person who determined or participated in the determination that Plaintiff should be arrested," and, as such, is not proportional to the needs of the case. Defendants further object to the extent that it seeks information that is protected by law enforcement, official information, attorney-client, and work product privileges. Defendants further object on the grounds that this information may not be in their possession, custody or control.  Defendants further object to the extent that there is a more practical method of obtaining the information sought, such as depositions.

Notwithstanding, and without waiving or, in any way, limiting these objections, defendants refer plaintiff to the individuals identified in defendants' Initial Disclosures, dated September 20, 2022, as well as the individuals identified in the documents previously produced therewith bearing Bates stamp Nos. DEF 0001 – DEF 0052, and those identified in the documents produced herein as Civilian Complaint Review Board ("CCRB") Investigation Case File, bearing Bates stamp No.  DEF 0053 – DEF 0327.

**INTERROGATORY NO. 9:**

Identify each person who gave each alleged police order to Plaintiff on June 4, 2020 prior to Plaintiff's arrest, if Defendants claim any such order was given, including, but not limited to, any order(s) to disperse.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 9:**

Defendants object to Interrogatory No. 9 on the grounds that it is vague and ambiguous as to the meaning of the terms "police order." Defendants also object on the grounds

that it is a compound interrogatory in that it seeks to identify if any "police order" was given and who, if anyone, gave such orders, which are two distinct/discreet categories of information in a single request.  Defendants also object on the grounds that it is overbroad, in that it is not limited in time or scope, and in that it seeks to identify "<u>each</u> <u>person</u> who gave each alleged police order to plaintiff on June 4, 2020," and, as such, is not proportional to the needs of the case. Defendants object to Interrogatory No. 3 on the grounds that this information has already been produced or provided in the <u>In re NY City Policing During Summer 2020 Demonstrations</u>, 20-CV-8924 (CM)(GWG)(the "Consolidated Actions,") with has been consolidated with this matter. This Interrogatory violates the stipulation entered in this case which provides that 1) "all discovery . . . that has been and will be produced or conducted in the Consolidated Actions, is deemed part of <u>Payamps</u>;" 2) "neither party will be required to re-disclose discovery in the Consolidated Actions in <u>Payamps</u>;" and 3) "Counsel will avoid seeking discovery in this matter that is duplicative of discovery in the Consolidated Actions."  <u>See</u> ECF at 28.

Notwithstanding, and without waiving or, in any way, limiting these objections, defendants refer plaintiff to the individuals identified in defendants' Initial Disclosures, dated September 20, 2022, as well as the documents previously produced therewith bearing Bates stamp Nos. DEF 0001 – DEF 0052, and to the individuals identified in the CCRB Investigation Case File, bearing Bates stamp No.  DEF 0053 – DEF 0327.

**<u>INTERROGATORY NO. 10:</u>**

If Plaintiff's arrest was a so-called "Turn-Over Arrest" within the meaning of the NYPD Patrol Guide, identify each NYPD member who played each of the roles described in the relevant Patrol Guide provision, including, but not limited to, observing officer(s); assigning or other supervising officer(s); and assigned officer(s).

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 10:**

  Defendants object to Interrogatory No. 10 on the grounds that it is a compound interrogatory, in that it seeks to identify 1) whether this was a "Turn-Over Arrest," 2) "each NYPD members" who played a role in plaintiff's arrest and 3) "each of the roles described" in the patrol guide, which are three distinct/discreet categories of information in a single request. Defendants also object on the grounds that it is vague, ambiguous, overbroad, and not proportional to the needs of the case. Defendants further object on the grounds that this information may not be in their possession, custody, or control. Defendants further object to the extent that there is a more practical method of obtaining the information sought, such as depositions. Defendants object to Interrogatory No. 3 on the grounds that this information has already been produced or provided in the In re NY City Policing During Summer 2020 Demonstrations, 20-CV-8924 (CM)(GWG)(the "Consolidated Actions,") with has been consolidated with this matter. This Interrogatory violates the stipulation entered in this case which provides that 1) "all discovery . . . that has been and will be produced or conducted in the Consolidated Actions, is deemed part of Payamps;" 2) "neither party will be required to re-disclose discovery in the Consolidated Actions in Payamps;" and 3) "Counsel will avoid seeking discovery in this matter that is duplicative of discovery in the Consolidated Actions." See ECF at 28.

  Notwithstanding, and without waiving or, in any way, limiting these objections, defendants refer plaintiff to the individuals identified in defendants' Initial Disclosures, dated September 20, 2022, as well as the individuals identified in the documents previously produced therewith bearing Bates stamp Nos. DEF 0001 – DEF 0052, and those identified in the documents produced herein as Civilian Complaint Review Board ("CCRB") Investigation Case File, bearing Bates stamp No. DEF 0053 – DEF 0327.

- 10 -

**INTERROGATORY NO. 11:**

        Identify each person who placed Plaintiff in handcuffs.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 11:**

        Defendants state that they do not recall and are unable to ascertain who placed plaintiff in handcuffs. Defendants further state that they are continuing to search for information responsive to this interrogatory and will supplement this response if possible.

**INTERROGATORY NO. 12:**

        Identify each person who used physical force in any manner on Plaintiff on June 4, 2020 prior to or in connection with Plaintiff's arrest.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 12:**

        Defendants object to Interrogatory No. 12 on the grounds that it is a compound interrogatory in that it seeks to identify each person who used physical force on plaintiff prior to plaintiff's arrest and each person who used physical force on plaintiff in connection with plaintiff's arrest, which are two distinct/discreet categories of information in a single request. Defendants further object on the grounds that it is vague and ambiguous as to the meaning of the terms "physical force," "manner," and "in connection with plaintiff's arrest." Defendants also object on the grounds that it is overbroad, in that it is not limited in time or scope, and in that it seeks to identify each person who used physical force in any manner prior to plaintiff's arrest, and, as such, is not proportional to the needs of the case.

        Notwithstanding, and without waiving or, in any way, limiting these objections, defendants state that upon information and belief, co-defendant Inspector Jesse J. Lance, New York City Police Department, Housing Borough Brooklyn, 25 Central Avenue, Brooklyn, NY 11206 made physical contact with plaintiff during his arrest.

**INTERROGATORY NO. 13:**

Identify each person who decided, or participated in deciding, whether Plaintiff would be processed for release with a C-Summons or Desk Appearance Ticket, or for arraignment.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 13:**

<u>See</u> Objection and Response to Interrogatory No. 8.  Defendants further  object to Interrogatory No. 13 on the grounds that it is a compound interrogatory, in that it seeks to identify each person who <u>decided</u> how plaintiff's arrest should be processed and each person who <u>participated in deciding</u> how plaintiff's arrest should be processed which are two distinct/discreet categories of information in a single request. Defendants also object on the grounds that it is vague and ambiguous as to the meaning of the terms "decided" and "participated in deciding." Defendants also object on the grounds that it is overbroad, in that it is not limited in time or scope, and in that it seeks to identify "each person who decided or participated in deciding" in plaintiff's arrest processing and, as such, is not proportional to the needs of the case.

**INTERROGATORY NO. 14:**

Identify each person who has Personal Knowledge related to Plaintiff's detention from arrest to release with a Desk Appearance Ticket, C-Summons, or after arraignment, including, but not limited to, each step of Plaintiff's arrest processing.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 14:**

<u>See</u> Objections and Responses to Interrogatory Nos. 1, 5, and 8.

**INTERROGATORY NO. 15:**

Identify each NYPD agent who assisted in or supervised the Individual Defendants' creation of arrest processing paperwork related to the Incident, including, but not

limited to, Activity Log/Memo Book entries, Online Booking System Arrest Report ("OLBS") Reports, and C-Summonses.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 15:**

See Objection and Responses to Interrogatory Nos. 1, 4, 5, 8, and 14.  Defendants further object to Interrogatory No. 15 on the grounds that it is a compound interrogatory, in that it seeks to identify each "NYPD agent" who assisted in the creation of arrest processing paperwork and each "NYPD agent" who supervised the creation of arrest processing paperwork which are two distinct/discreet categories of information in a single request. Defendants further object on the grounds that it is vague and ambiguous as to the meaning of the terms "NYPD agent," "assisted," "supervised," and "arrest processing paperwork." Defendants further object on the grounds that it is overbroad, in that it is not limited in time or scope, and in that it seeks to identify "each NYPD agent who 'assisted' in or 'supervised' the creation of arrest processing paperwork, as such, is not proportional to the needs of the case.

**INTERROGATORY NO. 16:**

For each Individual Defendant who was involved in processing Plaintiff's arrest, identify each NYPD agent with whom that Individual Defendant consulted in creating arrest processing paperwork related to the Protest.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 16:**

See Objection and Responses to Interrogatory Nos. 1, 4, 5, 8, 14, and 15. Defendants object to Interrogatory No. 16 on the grounds that it is vague and ambiguous as to the meaning of the terms "processing," "NYPD agent," and "consulted."

**INTERROGATORY NO. 17:**

Identify each NYPD Legal Bureau agent who was present at the location at which Plaintiff's arrest was processed.

- 13 -

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 17:**

See Objections and Responses to Interrogatory Nos. 3 and 4.  Defendants object to Interrogatory No. 17 on the grounds that that it is vague and ambiguous as to the meaning of the terms "NYPD legal Bureau agent," "arrest," and "processed." Defendants further object on the grounds that it is overbroad, in that it is not limited in time or scope, and in that it seeks to identify "each NYPD legal bureau agent who was present at the location," and, as such, is not proportional to the needs of the case.

**INTERROGATORY NO. 18:**

For each NYPD member who consulted with a NYPD Legal Bureau attorney in connection with Plaintiff's arrest processing, identify each such NYPD Legal Bureau attorney.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 18:**

See Objections and Responses to Interrogatory Nos. 3, 4, and 17.

**INTERROGATORY NO. 19:**

Identify each author, and each person who contributed to, the factual narrative in each OLBS Report, C-Summons, and accusatory instrument created in connection with Plaintiff's arrest.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 19:**

See Objections and Responses to Interrogatory Nos. 1, 4, 5, 8, 14, 15, and 16.

**INTERROGATORY NO. 20:**

Identify by name or by Arrest Number each third-party arrestee whose arrest each Individual Defendant was involved in effecting or processing.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 20:**

Defendants object to Interrogatory No. 20 on the grounds that it is overbroad, in that it is not limited in time or scope, and in that it seeks to identify "each third-party arrestee

- 14 -

whose arrest each individual defendant was involved in effecting or processing." Defendants further object to the extent that the information sought is neither relevant nor proportional to the needs of the case, considering the amount in controversy, the importance of the discovery in resolving the issues, and insofar as the burden and/or expense outweighs any likely benefit to plaintiff, and to the extent this calls for sensitive information regarding non-parties.  Defendants further object under the sealing provisions of N.Y. Criminal Procedure Law § 160.50, et al.

**INTERROGATORY NO. 21:**

Identify by caption, venue, and docket number each legal proceeding in which an Individual Defendant was alleged to have engaged in abuse of their lawful authority, false swearing, false arrest, malicious prosecution, excessive force, assault, battery, or violation of any federal or state constitutional right or criminal law.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 21:**

Defendants object to interrogatory No. 21 on the grounds that it is vague and ambiguous as to the meaning of the terms "legal proceeding," "abuse," and "lawful authority." Defendants also object on the grounds that it is overbroad, in that it is not limited in time or scope, and in that it seeks to identify "each third-party arrestee whose arrest each individual defendant was involved in effecting or processing," and, as such, is not proportional to the needs of the case. Defendants further object to the extent that there is a more practical method of obtaining the information sought, such as depositions. Defendants further object on the grounds that this information may not be in their possession, custody or control.

Notwithstanding, and without waiving or in any way limiting these objections, defendants state that the individual officers have been sued in the following cases:

Defendant Lance

- Jacqueline Nixon v. the City of New York et al. (19-CV-07215) (EDNY)

- 15 -

<u>Defendant Johnson</u>

- <u>Akim Deberry v. the City of New York et al.</u> (Docket # 520346/2019) (Kings County Supreme Court)

- <u>Deryck Harewood v. the City of New York et al.</u> (Docket # 522628/2019) (Kings County Supreme Court)

- <u>Qadri Harris v. the City of New York et al.</u> (Docket # 519157/2021) (Kings County Supreme Court)

## INTERROGATORY NO. 22:

Identify each person to whom each Individual Defendant has made a statement related to Plaintiff's arrest, detention, or prosecution, including any uses of force related thereto.

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 22:

Defendants object to Interrogatory No. 22 on the grounds that it is vague and ambiguous as to the meaning of the term "statement" and "related to." Defendants further object on the grounds that it is overbroad, in that it is not limited in time or scope, and in that it seeks to identify "<u>each</u> Individual Defendant" that "has made a statement related to Plaintiff's arrest, detention, or prosecution, including any uses of force related thereto," and, as such, is not proportional to the needs of the case. Defendants further object to this Request to the extent it seeks information or documents that are protected by the attorney-client, official information, work product, and law enforcement privileges. Defendants further object on the grounds that this information may not be in their possession, custody or control.

Notwithstanding, and without waiving or, in any way, limiting these objections, defendants refer plaintiff to the individuals identified in defendants' Initial Disclosures, dated September 20, 2022, as well as the documents previously produced therewith bearing Bates stamp Nos. DEF 0001 – DEF 0052, and the CCRB Investigation Case File, bearing Bates stamp No. DEF 0053 – DEF 0327.

**INTERROGATORY NO. 23:**

For each video produced related to the Protest, identify the portions depicting each Individual Defendant by providing the Bates Number and/or other identifying information for each such video, the name of the Individual Defendant and timestamp(s) of the footage in which that Individual Defendant appears.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 23:**

Defendants object to this interrogatory on the grounds that it is overbroad, unduly burdensome, and to the extent that it is not relevant and not proportional to the needs of the case, considering the amount in controversy, the importance of the discovery in resolving the issues, and insofar as the burden and/or expense outweighs any likely benefit to plaintiff. Defendants further object to the extent not every defendant is alleged to have been personally involved in the Protest.

**INTERROGATORY NO. 24:**

Identify NYPD Member FNU August (Tax ID 961629), whose role in the Incident is described in ¶ 9 and ¶¶ 55-57 of the Complaint.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 24:**

Defendants identify Police Officer Daniel Auguste, Shield No. 10610, New York City Police Department, Public Service Area ("PSA") 3, 25 Central Avenue, Brooklyn, NY 11206.

**INTERROGATORY NO. 25:**

Identify NYPD Member Does # 1-7, whose roles in the Incident are described in ¶¶ 35-103 of the Complaint.

**<u>OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 25:</u>**

Defendants object to Interrogatory No. 25 on the grounds that it is overbroad and not appropriately limited in time or scope, as the Interrogatory seeks the identity of "NYPD Member Does # 1-7". Defendants further object to this Interrogatory on the grounds that it lacks specificity in that it is unclear which John Doe Officers are being referenced. Based on these specific objections, defendants will not interpose a further response to this Interrogatory.

## DOCUMENT REQUESTS

**DOCUMENT REQUEST NO. 1:**

Produce all documents identified or consulted in responding to the interrogatories above.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 1:**

Defendants refer to the documents identified in their interrogatory responses and document request responses. .

**DOCUMENT REQUEST NO. 2:**

Produce all documents reflecting intelligence, investigations, and other information gathered by or provided to the Individual Defendants, including Defendant Jesse Lance, or the NYPD related to the Protest, prior to the Protest, including, but not limited to, all NYPD intelligence documents and NYPD Intelligence Bureau and Counterterrorism Bureau documents, and all documents provided to the NYPD by other governmental or private entities.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 2:**

Defendants object to Document Request No. 2 on the grounds that it is vague and ambiguous as to the meaning of the terms "intelligence," "investigations," "information," "gathered by," and "provided to." Defendants also object on the grounds that it is overbroad in requesting "all documents reflecting intelligence, investigations, and other information gathered by or provided to the Individual Defendants," and "all documents provided to the NYPD by other governmental or private entities." Defendants further object to this request on the grounds that it is not appropriately limited in time or scope; and it is unduly burdensome and not proportional to the needs of the case insofar as the burden of identifying every document pertaining to this request outweighs any likely benefit to plaintiff. Defendants further object to

this Request to the extent the documents sought are not relevant to any party's claims or defenses

in this action.   Defendants further object to this Request to the extent it seeks information or

documents that are protected by the attorney-client, official information, work product, and law

enforcement privileges.   Defendants further object to this Request to the extent it seeks

information which might be sealed or protected by operation of law (e.g., N.Y. Crim. Proc. L.

§ 160.50 or HIPAA).   Defendants further object to this Request on the grounds that it assumes

facts not established, *i.e.*, that the documents requested therein exist. Defendants further object to

this Interrogatory on the grounds that this information has already been produced or provided in

the In re NY City Policing During Summer 2020 Demonstrations, 20-CV-8924 (CM)(GWG)(the

"Consolidated Actions,") with has been consolidated with this matter.   This Interrogatory

violates the stipulation entered in this case which provides that 1) "all discovery . . . that has been

and will be produced or conducted in the Consolidated Actions, is deemed part of Payamps;" 2)

"neither party will be required to re-disclose discovery in the Consolidated Actions in Payamps;"

and 3) "Counsel will avoid seeking discovery in this matter that is duplicative of discovery in the

Consolidated Actions."   See ECF at 28.

**DOCUMENT REQUEST NO. 3:**

Produce  all  documents,  including  spreadsheets  and  documents  reflecting

investigations, communications, or other information regarding, so-called "Scheduled" and

"Unscheduled Events" on the date of the Protest.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 3:**

See Objections and Response to Document Request No. 2. Defendants also object

to Document Request No. 3 on the grounds that it is vague and ambiguous as to the meaning of

the  terms  "communications,"  "investigations,"  "information,"  "unscheduled  events,"  and

"scheduled." Defendants also object on the grounds that it is overbroad in requesting "all

documents including spreadsheets and documents reflecting investigations, communications, or other information regarding, so-called "Scheduled" and "Unscheduled Events" on the date of the Protest.." Defendants further object to this Request on the grounds that it assumes facts not established, *i.e.*, that the documents requested therein exist.

**DOCUMENT REQUEST NO. 4:**

Produce all documents reflecting information within the NYPD's care, custody, or control related to proposed or potential protest-related events or incidents on June 4, 2020, including, but not limited to, the Protest, and including, but not limited to, reports, communications (including digital communications), and other documents containing any such information generated by or available to the NYPD's Intelligence Division or Counterterrorism Bureau.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 4:**

<u>See</u> Objections and Response to Document Request No. 2. Defendants also object to Document Request No. 4 on the grounds that it is vague and ambiguous as to the meaning of the terms "information," "care, custody, or control," "protest-related events or incidents," "reports," "communications," and "Digital communications." Defendants also object on the grounds that it is overbroad in requesting "<u>all</u> <u>documents</u> reflecting information within the NYPD's care, custody, or control related to proposed or potential protest-related events."

**DOCUMENT REQUEST NO. 5:**

Produce all documents, including internal NYPD communications, related to planning for policing the Protest, including, but not limited to:

    a.   Requests for Detail and all responses and endorsements thereto;

    b.   To/From memoranda, UF-49's, 49's, and letters;

    c.   E-mails and other digital communications; and

    d. Any other documents reflecting information relied on by the NYPD in planning for policing the Protest, including, but not limited to, documents containing any such information generated by or available to the NYPD's Intelligence Division or Counterterrorism Bureau.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 5:

See Objections and Response to Document Request No. 2. Defendants also object to Document Request No. 5 on the grounds that it is vague and ambiguous as to the meaning of the terms "internal NYPD communications," "planning," "requests for detail and all responses and endorsements," "information relied on," and "documents containing any such information." Defendants also object on the grounds that it is overbroad in requesting "all documents related to planning for policing the protest." Defendants further object to this Request on the grounds that it assumes facts not established, *i.e.*, that the documents requested therein exist.

## DOCUMENT REQUEST NO. 6:

Produce all Detail Rosters including the Individual Defendants' names and all such Detail Rosters reflecting the identities of other NYPD members who were assigned to police the Protest, or who responded to or were actually involved in the police response to the Protest.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 6:

See Objections and Response to Document Request No. 2. Defendants also object to Document Request No. 6 on the grounds that it is overbroad in requesting "all detail rosters…reflecting the identities of other NYPD members who were assigned to police the protest, or who responded to or were actually involved in the police response to the protest."

Notwithstanding, and without waiving or, in any way, limiting these objections, defendants refer plaintiff to the documents previously produced with defendants' Initial

Disclosures, dated September 20, 2022,  bearing Bates stamp Nos. DEF 0001 – DEF 0052, and

the CCRB Investigation Case File, bearing Bates stamp No. DEF 0053 – DEF 0327.

**DOCUMENT REQUEST NO. 7:**

   Produce all June 4, 2020 Roll Calls for each NYPD Precinct out of which an

Individual Defendant turned out on June 4, 2020.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 7:**

   See Objections and Response to Document Request Nos. 2 and 6.

**DOCUMENT REQUEST NO. 8:**

   Produce all documents reflecting the actual or intended deployment of NYPD

barricades at the Protest or within in a ten-block radius of the Protest, including at the time and

location of each Plaintiff's arrest.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 8:**

   See Objections and Response to Document Request No. 2. Defendants object to

Document Request No. 8 on the grounds that it is vague and ambiguous as to the meaning of the

terms "actual or intended deployment." Defendants also object on the grounds that it is

overbroad in requesting "all documents reflecting the actual or intended deployment of NYPD

barricades at the Protest or within in a ten-block radius of the Protest, including at the time and

location of each Plaintiff's arrest." Defendants further object to this Request on the grounds that

it assumes facts not established, *i.e.*, that the documents requested therein exist.

**DOCUMENT REQUEST NO. 9:**

   Produce all documents reflecting the actual or intended deployment of NYPD

vehicles to the Protest or within in a ten-block radius of the Protest, including at the time and

location of each Plaintiff's arrest.

- 23 -

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 9:**

See Objections and Response to Document Request Nos. 2 and 8. Defendants further object to Document Request No. 9 on the grounds that it is vague and ambiguous as to the meaning of the terms "actual or intended deployment." Defendants also object on the grounds that it is overbroad in requesting "all documents reflecting the actual or intended deployment of NYPD vehicles at the Protest or within in a ten-block radius of the Protest, including at the time and location of each Plaintiff's arrest."

**DOCUMENT REQUEST NO. 10:**

Produce all documents reflecting the actual or intended deployment of NYPD members, including SRG members, to the Protest or within in a ten-block radius of the Protest, including at the time and location of each Plaintiff's arrest, including, but not limited to, "204's", Operations Unit Detail Section Records, Detail Breakdown Sheet forms and other Detail Breakdown records; "Who's Who" documents; "Detail Overview" documents; "Force Figures" documents; NYPD overtime documents; and NYPD Office of Management Assistance and Planning ("OMAP") documents.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 10:**

See Objections and Response to Document Request Nos. 2, 8, and 9. Defendants object to Document Request No. 10 on the grounds that it is vague and ambiguous as to the meaning of the terms "actual or intended deployment." Defendants also object on the grounds that it is overbroad in requesting "all documents reflecting the actual or intended deployment of NYPD members at the Protest or within in a ten-block radius of the Protest, including at the time and location of each Plaintiff's arrest." Actions."  See ECF at 28.

- 24 -

**DOCUMENT REQUEST NO. 11:**

Produce all documents reflecting the conditions with respect to vehicular and/or pedestrian traffic within in a ten-block radius of the Protest, including at the time and location of each Plaintiff's arrest.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 11:**

Defendants object to Document Request No. 11 on the grounds that it is vague and ambiguous as to the meaning of the term "conditions." Defendants also object on the grounds that it is overbroad in requesting "all documents reflecting the conditions with respect to vehicular and/or pedestrian traffic within in a ten-block radius of the Protest, including at the time and location of each Plaintiff's arrest." Defendants further object to this Request on the grounds that it assumes facts not established, *i.e.*, that the documents requested therein exist. Defendants further object to the extent that there is a more practical method of obtaining the information sought, such as depositions. Defendants further object to the extent that the information sought is neither relevant nor proportional to the needs of the case, considering the amount in controversy, the importance of the discovery in resolving the issues, and insofar as the burden and/or expense outweighs any likely benefit to plaintiff, and to the extent this calls for sensitive information regarding non-parties. Defendants further object to this Interrogatory on the grounds that this information has already been produced or provided in the In re NY City Policing During Summer 2020 Demonstrations, 20-CV-8924 (CM)(GWG)(the "Consolidated Actions,") with has been consolidated with this matter. This Interrogatory violates the stipulation entered in this case which provides that 1) "all discovery . . . that has been and will be produced or conducted in the Consolidated Actions, is deemed part of Payamps;" 2) "neither party will be required to re-disclose discovery in the Consolidated Actions in Payamps;" and 3)

"Counsel will avoid seeking discovery in this matter that is duplicative of discovery in the Consolidated Actions."  See ECF at 28.

**DOCUMENT REQUEST NO. 12:**

Produce all videos related to Plaintiff's arrest or to the Protest, including, but not limited to, all:

a. NYPD body-worn camera footage related to the Protest, including, but not limited to, such footage from each Individual Defendant and every NYPD member within 30' of each Individual Defendant who created such footage related to the Incident or the Protest, along with all related audit trails and metadata;

b. ARGUS footage;

c. Footage captured by the NYPD's Technical Assistance Response Unit ("TARU");

d. Footage captured by the NYPD's Aviation Unit; and

e. All other video footage in Defendants' care, custody, or control.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 12:**

Defendants object to Document Request No. 12 on the grounds that it is overbroad in requesting "all videos related to plaintiff's arrest or to the protest." Defendants further object to this request on the grounds that it is not appropriately limited in time or scope; and it is unduly burdensome and not proportional to the needs of the case insofar as the burden of identifying every video depicting the protest outweighs any likely benefit to plaintiff.

Notwithstanding, and without waiving or, in any way, limiting these objections, defendants state that upon information and belief no NYPD body-worn camera footage related to the Protest exists and further refer plaintiff to the CCRB Investigation Case File, bearing Bates stamp No.  DEF 0053 – DEF 0327 and the videos produced therein as DEF 0312 – DEF 0327.

**DOCUMENT REQUEST NO. 13:**

Produce all photographs related to the Protest depicting Plaintiff or Individual Defendant or created in connection with or that relates to or concerns Plaintiff's arrest, pre-arrest conduct, or arrest processing, including, but not limited to, all:

    a.   Arrest and mass or large-scale arrest processing photographs, whether taken at the scene of the arrest; outside of or at a Mass Arrest Processing Center ("MAPC") or other NYPD location, or otherwise;

    b.   Prisoner movement slips; and

    c.   All other arrest processing, including MAPC, photographs.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 13:**

Defendants object to Document Request No. 13 on the grounds that it is vague and ambiguous as to the meaning of the terms "created in connection with" and "relates to or concerns plaintiff's arrest," and "all other arrest processing photographs." Defendants also object on the grounds that it is overbroad, in that it is not appropriately limited in time or scope, in that this document request appears to request production of all photographs depicting plaintiff, the individual defendants, and all other arrest processing photographs related to the protest, and, as such, it is unduly burdensome and not proportional to the needs of the case insofar as the burden of identifying every photograph depicting the protest outweighs any likely benefit to plaintiff.

Notwithstanding, and without waiving or, in any way, limiting these objections, defendants state that upon information and belief no NYPD body-worn camera footage related to the Protest exists and further refer plaintiff to the CCRB Investigation Case File, bearing Bates stamp No.  DEF 0053 – DEF 0327, and the photographs produced therein as DEF 0264 – DEF 0304.

**DOCUMENT REQUEST NO. 14:**

Produce all Mass Arrest Pedigree Labels (PD244-093) created depicting Plaintiff or Individual Defendant or created in connection with or that relates to or concerns each Plaintiff's arrest, pre-arrest conduct, or arrest processing related to the Protest, including, but not limited to, any created by an Individual Defendant.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 14:**

Defendants object to Document Request No. 14 on the grounds that it is non-sensical as there is only one plaintiff in this case, is vague and ambiguous as to the meaning of the terms "created in connection with" and "relates to or concerns plaintiff's arrest." Defendants also object on the grounds that it is overbroad, in that it is not appropriately limited in time or scope, in that this document request appears to request production of all mass arrest pedigree labels that relate to plaintiff's arrest <u>or</u> that relate to the protest, and, as such, it is unduly burdensome and not proportional to the needs of the case insofar as the burden of identifying every photograph depicting the protest outweighs any likely benefit to plaintiff.

Defendants further object to this Interrogatory on the grounds that this information has already been produced or provided in the <u>In re NY City Policing During Summer 2020 Demonstrations</u>, 20-CV-8924 (CM)(GWG)(the "Consolidated Actions,") with has been consolidated with this matter.  This Interrogatory violates the stipulation entered in this case which provides that 1) "all discovery . . . that has been and will be produced or conducted in the Consolidated Actions, is deemed part of <u>Payamps</u>;" 2) "neither party will be required to re-disclose discovery in the Consolidated Actions in <u>Payamps</u>;" and 3) "Counsel will avoid seeking discovery in this matter that is duplicative of discovery in the Consolidated Actions."  <u>See</u> ECF at 28.

**DOCUMENT REQUEST NO. 15:**

Produce all recorded (including NYPD) communications related to Plaintiff's arrest or the Protest, including, but not limited to:

    a. 911 calls related to the Protest, and all documents related to responses thereto;

    b. 311 calls related to the Protest, and all documents related to responses thereto;

    c. NYPD Citywide One, Citywide Two, or other internal NYPD communications channels, including, but not limited to, any such communications on channels identified in the NYPD's SRG Guide;

    d. Recorded communications that were considered for use, or that were used, over an NYPD Long Range Acoustic Device ("LRAD"), and all documents reflecting the author(s) of such statements and their potential or intended uses; and

    e. Texts, e-mails, and other digitally recorded communications.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 15:**

<u>See</u> Objections and Response to Document Request No. 2. Defendants object to Document Request No. 15 on the grounds that it is compound, vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor proportional to the needs of the case, considering the amount in controversy, the importance of the discovery in resolving the issues, and insofar as the burden and/or expense outweighs any likely benefit to plaintiff and, as such, is not proportional to the needs of the case, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that it seeks information that is not within defendant's possession, custody, or control.  Defendants object to this request to the extent it is unduly burdensome as it seeks all communications related to the arrest or incident, without limitation beyond parties or those involved in the arrest or incident, including individuals who may have seen media reports regarding the incident.

Notwithstanding, and without waiving or, in any way, limiting these objections, defendants refer plaintiff to the documents identified in plaintiff's Initial Disclosures, dated September 20, 2022, bearing Bates stamp Nos. DEF 0001 – DEF 0052, and the CCRB Investigation Case File, bearing Bates stamp No. DEF 0053 – DEF 0327.

**DOCUMENT REQUEST NO. 16:**

Produce all documents, including NYPD Disorder Control Unit documents, related to LRAD deployments and uses, and identifying LRAD operators, at the Protest.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 16:**

See Objections and Response to Document Request Nos. 2 and 15.

**DOCUMENT REQUEST NO. 17:**

Produce all SPRINT reports related to the Protest.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 17:**

See Objections and Response to Document Request Nos. 2 and 15.

**DOCUMENT REQUEST NO. 18:**

Produce all Event Chronologies and Event Summaries related to the Protest.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 18:**

See Objections and Response to Document Request Nos. 2 and 15.

**DOCUMENT REQUEST NO. 19:**

Produce all ICAD Chronologies and reports related to the Protest.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 19:**

See Objections and Response to Document Request Nos. 2 and 15.

**DOCUMENT REQUEST NO. 20:**

Produce documents sufficient to interpret any NYPD codes included in any SPRINT reports, ICAD chronologies and reports, and event chronologies, including, but not

limited to, any NYPD or other agency training manuals related to using and understanding such reports, such as user manuals or training materials related to the "I/NETDispatcher system."

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 20:**

See Objections and Response to Document Request Nos. 2 and 15.

**DOCUMENT REQUEST NO. 21:**

Produce all documents created related to the Protest created at or through any of the following, including, but not limited to, any logs, summaries, and communications (including electronic communications):

a. Any Command Post, Mobile Command Post, Incident Command Post, or THV;

b. The Real Time Crime Center;

c. Any Joint Operations Center; and

d. Any other NYPD or joint operations or other, similar command.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 21:**

See Objections and Response to Document Request Nos. 2 and 15. Defendants object to Document Request No. 21 on the grounds that it is overbroad in requesting "all documents reflecting intelligence, investigations, and other information gathered by or provided to the Individual Defendants," and "all documents created related to the Protest created at or through any of the following, including, but not limited to, any logs, summaries, and communications."

**DOCUMENT REQUEST NO. 22:**

Produce all documents reflecting internal NYPD communications related to Plaintiff's arrest or the Protest, including, but not limited to, all e-mails, text messages, phone call logs and recordings, and other digital documents reflecting or regarding such internal NYPD

communications, including, but not limited to, such documents concerning communications to or from the Individual Defendants.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 22:**

See Objections and Response to Document Request Nos. 5, 15, and 21. Defendants object to document request No. 22 on the grounds that it is vague and ambiguous as to the meaning of the terms "internal NYPD communications" and "related to" plaintiff's arrest, and is not limited in scope. Defendants also object on the grounds that it is overbroad in requesting "all documents reflecting internal NYPD communications related to plaintiff's arrest or the protest."

**DOCUMENT REQUEST NO. 23:**

Produce all documents related to requesting the deployment of the NYPD's TARU unit related to the Protest, including, but not limited to, any internal NYPD communications between the NYPD's Legal Bureau and TARU.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 23:**

See Objections and Response to Document Request Nos. 2. Defendants object to Document Request No. 23 on the grounds that it is vague and ambiguous as to the meaning of the terms "requesting the deployment." Defendants also object on the grounds that it is overbroad in requesting "all documents related to requesting the deployment of the NYPD's TARU unit related to the Protest, including, but not limited to, any internal NYPD communications between the NYPD's Legal Bureau and TARU."

**DOCUMENT REQUEST NO. 24:**

Produce all documents reflecting the creation or disposition of any NYPD TARU footage created related to the Protest, including, but not limited to, any such documents required by or referred to in the NYPD Patrol Guide.

- 32 -

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 24:**

See Objections and Response to Document Request No. 23.

**DOCUMENT REQUEST NO. 25:**

Produce all documents related to the deployment of the NYPD's Aviation Unit related to the Incident or the Protest.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 25:**

See Objections and Response to Document Request Nos. 2. Defendants object to Document Request No. 23 on the grounds that it is vague and ambiguous as to the meaning of the terms "deployment." Defendants also object on the grounds that it is overbroad in requesting "all documents related to the deployment of the NYPD's Aviation Unit related to the Incident or the Protest."

**DOCUMENT REQUEST NO. 26:**

Produce all documents reflecting the creation or disposition of any NYPD Aviation Unit footage created related to the Protest.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 26:**

See Objections and Response to Document Request Nos. 25.

**DOCUMENT REQUEST NO. 27:**

Produce all documents reflecting NYPD uses of force related to Plaintiff or the Protest or any resulting injuries or medical treatment, including, but not limited to, any NYPD Threat, Resistance, and Injury Reports, AIDED reports, witness statements, Medical Treatment of Prisoner Forms, Central Booking Medical Screening Forms, Ambulance Call Reports, Computer Aided Dispatch documents, FDNY Pre-Hospital Care Reports, other ambulance, EMT, and medical records, and all other documents related to any such use of force or any resulting injuries or medical treatment.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 27:**

Defendants object to Document Request No. 27 on the grounds that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor proportional to the needs of the case, considering the amount in controversy, the importance of the discovery in resolving the issues, and insofar as the burden and/or expense outweighs any likely benefit to plaintiff, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, and to the extent that it seeks information that is not within defendant's possession, custody, or control.  Defendants further object to this document request on the grounds that it implicates the sealing provisions of N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, and to the extent that it seeks documents that are protected by the law enforcement, official information, doctor-patient, psychotherapist-patient privileges, attorney-client, and work product privileges.

Notwithstanding, without waiving or, in any way, limiting these objections, and limiting this response to any physical force used against plaintiff, defendants refer plaintiff to Bates stamp Nos. DEF 0053 – DEF 0203.

**DOCUMENT REQUEST NO. 28:**

If any Defendant claims any NYPD member was injured as a result of the Protest, produce any related Line of Duty injury paperwork, witness statements, ambulance, EMT, and medical records, and all other documents related to any such injury.

- 34 -

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 28:**

See Objections and Response to Document Request No. 27. Defendants further object to this request on grounds that it implicates the privacy and security concerns of non-parties to this action and those not represented by the Office of the Corporation Counsel, to the extent that it implicates the sealing provisions of N.Y. C.P.L. §§ 160.50, 160.55, and/or Family Court Act § 375.1, and to the extent it implicates the Health Insurance Portability and Accountability Act, 42 U.S.C § 1320(d), et seq., ("HIPPA").

Notwithstanding, without waiving, or in any way limiting, these objections or the General Objections, and limiting this response to the individual defendants represented by this Office, defendants state there are no responsive documents to this request.

**DOCUMENT REQUEST NO. 29:**

Produce a version of the Mass Arrest Report related to the Protest redacted to exclude only the private, identifying information of non-parties, not Arrest #s or other non-private, identifying information.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 29:**

See Objections and Response to Document Request No. 27. Defendants further object to this Interrogatory on the grounds that this information has already been produced or provided in the In re NY City Policing During Summer 2020 Demonstrations, 20-CV-8924 (CM)(GWG)(the "Consolidated Actions,") with has been consolidated with this matter.  This Interrogatory violates the stipulation entered in this case which provides that 1) "all discovery . . . that has been and will be produced or conducted in the Consolidated Actions, is deemed part of Payamps;" 2) "neither party will be required to re-disclose discovery in the Consolidated Actions in Payamps;" and 3) "Counsel will avoid seeking discovery in this matter that is duplicative of discovery in the Consolidated Actions."  See ECF at 28.

**DOCUMENT REQUEST NO. 30:**

Produce the Command Log from any NYPD Precinct or MAPC at which arrests were processed related to the Protest.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 30:**

See Objections and Response to Document Request Nos. 27, 28, and 29.

**DOCUMENT REQUEST NO. 31:**

Produce all documents including statements made by each Individual Defendant or other witnesses related to Plaintiff's arrest or the Protest, including, but not limited to, all scratch and other NYPD arrest processing paperwork.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 31:**

See Objection and Response to Interrogatory No. 22.

**DOCUMENT REQUEST NO. 32:**

Produce all activity logs, memo book entries, daily activity reports, daily activity records, and other NYPD documents created by each Individual Defendant on the date of the Protest or that otherwise relate to Plaintiff's arrest or the Protest.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 32:**

See Objections and Response to Document Request No. 27.

**DOCUMENT REQUEST NO. 33:**

Produce all Prisoner Pedigree Cards (PD244-092) created related to the Protest, redacted to exclude the private, identifying information of non-parties, aside from the Arrest Numbers associated with their arrests.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 33:**

See Objections and Response to Document Request Nos. 27, 28, and 29.

- 36 -

**DOCUMENT REQUEST NO. 34:**

Produce all MAPC Intake Sheets created related to the Protest, redacted to exclude the private, identifying information of non-parties, aside from the Arrest Numbers associated with their arrests.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 34:**

See Objections and Response to Document Request Nos. 27, 28, and 29.

**DOCUMENT REQUEST NO. 35:**

Produce all C-Summonses created related to the Protest, redacted to exclude the private, identifying information of non-parties, aside from the Arrest Numbers associated with their arrests.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 35:**

See Objections and Response to Document Request Nos. 27, 28, and 29.

**DOCUMENT REQUEST NO. 36:**

Produce all Online Booking Sheet ("OLBS") printouts concerning arrests related to the Protest, redacted to exclude the private, identifying information of non-parties, aside from the Arrest Numbers associated with their arrests.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 36:**

See Objections and Response to Document Request Nos. 27, 28, and 29.

**DOCUMENT REQUEST NO. 37:**

Produce all OLBS Arrest Worksheets (PD 244-159) (including any scratch and/or handwritten OLBS Arrest Worksheets) related to the Protest, redacted to exclude the private, identifying information of non-parties, aside from the Arrest Numbers associated with their arrests.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 37:**

See Objections and Response to Document Request Nos. 27, 28, and 29.

**DOCUMENT REQUEST NO. 38:**

Produce all Complaint Reports (PD 313-152) and Complaint Report Worksheet(s) (PD 313-152A) related to the Protests, redacted to exclude the private, identifying information of non-parties, aside from the Arrest Numbers associated with their arrests.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 38:**

See Objections and Response to Document Request Nos. 27, 28, and 29.

**DOCUMENT REQUEST NO. 39:**

Produce all Desk Appearance Tickets (PD 260-121) related to the Protest, redacted to exclude the private, identifying information of non-parties, aside from the Arrest Numbers associated with their arrests.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 39:**

See Objections and Response to Document Request Nos. 27, 28, and 29.

**DOCUMENT REQUEST NO. 40:**

Produce all Desk Appearance Ticket Investigation Sheets (PD 360-091) related to the Protest, redacted to exclude the private, identifying information of non-parties, aside from the Arrest Numbers associated with their arrests.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 40:**

See Objections and Response to Document Request Nos. 27, 28, and 29.

**DOCUMENT REQUEST NO. 41:**

Produce all Property Clerk Invoices (PD 521-141) related to the Protest, redacted to exclude the private, identifying information of non-parties, aside from the Arrest Numbers associated with their arrests.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 41:**

See Objections and Response to Document Request Nos. 27, 28, and 29.

**DOCUMENT REQUEST NO. 42:**

Produce all other NYPD records reflecting the disposition of any property seized from any Plaintiff related to the Protest, including, but not limited to, any NYPD Property and Evidence Tracking System ("PETS") documents.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 42:**

See Objections and Response to Document Request Nos. 27, 28, and 29.

**DOCUMENT REQUEST NO. 43:**

Produce all Online Prisoner Arraignment ("OLPA") Reports regarding arrests related to the Protest, redacted to exclude the private, identifying information of non-parties, aside from the Arrest Numbers associated with their arrests.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 43:**

See Objections and Response to Document Request Nos. 27, 28, and 29.

**DOCUMENT REQUEST NO. 44:**

Produce all documents sufficient to identify each NYPD member (including any such supervisor(s)) who assisted in or supervised the Individual Defendants' arrest processing, including their creation of arrest processing paperwork.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 44:**

See Objections and Response to Document Request No. 27. Defendants object to Document Request No. 44 on the grounds that it is vague and ambiguous as to the meaning of the terms "assisted in" and "supervised," and to the extent it does not specify whose arrest processing this document request refers to.

**DOCUMENT REQUEST NO. 45:**

Produce all documents, including internal NYPD communications, created after the Protest summarizing, critiquing, or evaluating events related to the Protest, including, but not limited to:

    a.   Unusual Occurrence Reports;

    b.   Unusual Incident Reports;

    c.   After-Action Reports;

    d.   To/From memoranda, UF-49's, 49's, and letters; and

    e.   E-mails.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 45:**

See Objections and Response to Document Request Nos. 2 and 5. Defendants further object to Document Request No. 45 on the grounds that it is overbroad in requesting "all documents including internal NYPD communications, created after the Protest summarizing, critiquing, or evaluating events related to the Protest."

**DOCUMENT REQUEST NO. 46:**

Produce all documents provided by any Individual Defendant to any prosecutor or court related to Plaintiff's arrest or the Protest.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 46:**

Defendants object to Document Request No. 46 on the grounds that it is duplicative, vague, ambiguous, overbroad, and not sufficiently limited in time or scope, as this document requests "all documents provided by any individual defendant to any prosecutor or court related to plaintiff's arrest or the protest," and, as such, it is unduly burdensome and not proportional to the needs of the case insofar as the burden of identifying every document pertaining to this request outweighs any likely benefit to plaintiff. Defendants further object to

the extent that this document request seeks production of documents that are not relevant to the instant lawsuit as, upon information and belief, plaintiff was not prosecuted for the conduct that formed the basis for his arrest. Defendants will interpose no further response to this request.

**DOCUMENT REQUEST NO. 47:**

Produce all documents reflecting statements made by the Individual Defendants and any other person to a prosecutor or court related to Plaintiff or the Protest, including prosecutor's notes and criminal court accusatory instruments.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 47:**

See Objections and Response to Interrogatory No. 22 and Document Request Nos. 31 and 46.

**DOCUMENT REQUEST NO. 48:**

Produce all documents provided by any Individual Defendant or NYPD member related to Plaintiff's prosecution, or any prosecution arising from the Protest.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 48:**

See Objections and Response to Document Request No. 46.

**DOCUMENT REQUEST NO. 49:**

Produce all documents related to or reflecting communications between a prosecutor or court and a Defendant related to Plaintiff's prosecution.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 49:**

See Objections and Response to Document Request No. 46.

**DOCUMENT REQUEST NO. 50:**

Produce all documents related to notifications to appear in New York City Criminal Court or New York State Supreme Court in connection with criminal prosecutions related to the prosecution of Plaintiff regarding the Protest, including, but not limited to, all

Court Appearance Control System ("CACS") notifications related to Plaintiff's prosecutions created pursuant to NYPD Patrol Guide Provisions 211-04 and 211-05.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 50:**

See Objections and Response to Document Request No. 46.

**DOCUMENT REQUEST NO. 51:**

Produce all documents related to attendance in New York City Criminal Court or New York State Supreme Court in connection with Plaintiff's prosecution related to the Incident, including, but not limited to, the Individual Defendants' Court Attendance Records (PD 468-141).

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 51:**

See Objections and Response to Document Request Nos. 46 and 50.

**DOCUMENT REQUEST NO. 52:**

Produce copies of each discovery demand made pursuant to New York law or request to preserve or produce documents that were received by the NYPD from any prosecutor or defendant in connection with criminal prosecutions arising from Plaintiff's arrest or the Protest.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 52:**

See Objections and Response to Document Request No. 46.

**DOCUMENT REQUEST NO. 53:**

Produce all documents reflecting or related to the dispositions of any criminal case brought against Plaintiff or related to the Protest, including, but not limited to, any such documents within the care, custody, or control of the NYPD's Criminal Justice Bureau.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 53:**

See Objections and Response to Document Request No. 46.

**DOCUMENT REQUEST NO. 54:**

Produce all documents reflecting or related to any decisions by a prosecutor or court to decline to prosecute, or to dismiss, any potential charges against arrestees at the Protest, including Plaintiff.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 54:**

See Objections and Response to Document Request No. 46.

**DOCUMENT REQUEST NO. 55:**

Produce all demands for preservation or litigation holds received or created by the NYPD related to the Protest, including, but not limited to, any such demands or holds created by the NYPD's Legal Bureau.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 55:**

Defendants object to Document Request No. 55 on the grounds that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, and to the extent that it seeks information that is not relevant, nor proportional to the needs of the case, considering the amount in controversy, the importance of the discovery in resolving the issues, and insofar as the burden and/or expense outweighs any likely benefit to plaintiff. Defendants further object to the extent that this request implicates the law enforcement, deliberative due process, and official information privileges. Defendants further object on the grounds that this information has already been produced or provided in the In re NY City Policing During Summer 2020 Demonstrations, 20-CV-8924 (CM)(GWG)(the "Consolidated Actions,") with has been consolidated with this matter.  This Interrogatory violates the stipulation entered in this case which provides that 1) "all discovery . . . that has been and will be produced or conducted in the Consolidated Actions, is deemed part of Payamps;" 2) "neither party will be required to re-disclose discovery in the Consolidated Actions in Payamps;" and 3) "Counsel will avoid seeking

- 43 -

discovery in this matter that is duplicative of discovery in the Consolidated Actions." <u>See</u> ECF at 28.

**DOCUMENT REQUEST NO. 56:**

Produce all documents concerning each NYPD Civilian Complaint Review Board ("CCRB") complaint or investigation concerning the Protest, including, but not limited to, all such documents within the CCRB's care, custody, or control, including, but not limited to, the CCRB Complaint Report; CTS+ Logs; Closing Report; and all underlying documents and communications, including e-mails, related to each such complaint or investigation.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 56:**

Defendants object to Document Request No. 56 on the grounds that it is vague, ambiguous, and overbroad, in that it is not sufficiently limited in time or scope, in that it seeks production of "<u>all</u> <u>documents</u> concerning each NYPD Civilian Complaint Review Board ("CCRB") complaint or investigation <u>concerning the Protest</u>," Defendants further object to the extent that this document request seeks information that is not relevant nor proportional to the needs of the case, considering the amount in controversy, the importance of the discovery in resolving the issues, and insofar as the burden and/or expense outweighs any likely benefit to plaintiff, and to the extent that it seeks information that is not within defendants' possession, custody, or control.  Defendants further object to the extent that it implicates the privacy interests and personal safety interests of the non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, to the extent that it implicates the provisions of the Health Insurance Portability and Accountability Act, 45 C.F.R. Section 164.512 ("HIPAA"), and to the extent that it seeks documents that are protected by the psycho-therapist-patient privilege, physician-patient privilege, deliberative process, or other applicable privilege, and to the extent

that it seeks documents that are sealed pursuant to N.Y. C.P.L. § 160.50.    This Document

Request violates the stipulation entered in this case which provides that 1) "all discovery . . . that

has been and will be produced or conducted in the Consolidated Actions, is deemed part of

<u>Payamps</u>;" 2) "neither party will be required to re-disclose discovery in the Consolidated Actions

in <u>Payamps</u>;" and 3) "Counsel will avoid seeking discovery in this matter that is duplicative of

discovery in the Consolidated Actions."  <u>See</u> ECF at 28.

**DOCUMENT REQUEST NO. 57:**

Produce all documents concerning each NYPD Internal Affairs Bureau ("IAB")

complaint or investigation concerning the Incident and/or the Protest.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 57:**

<u>See</u> Objections and Response to Document Request Nos. 27, 28, 29, and 56.

**DOCUMENT REQUEST NO. 58:**

Produce all documents concerning any other complaint received, or investigation

or prosecution – actual or potential - concerning the Protest undertaken by the City of New York

or any of its agencies, including, but not limited to, all such documents related to any Individual

Defendant.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 58:**

<u>See</u> Objections and Response to Document Request Nos. 27, 28, 29, 56 and 57.

Defendants object to Document Request No. 58 on the grounds that it is vague ambiguous, and

overbroad, as it is not sufficiently limited in time or scope, in that this document requests

production of "<u>all</u> documents concerning <u>any</u> <u>other</u> <u>complaint</u> received, or investigation or

prosecution – actual or potential - <u>concerning the Protest</u> undertaken by the City of New York or

<u>any of its agencies</u>,"

**DOCUMENT REQUEST NO. 59:**

Produce all documents concerning any other complaint received, or investigation or prosecution – actual or potential - concerning the Protest undertaken by any other State, Federal, or other entity, including, but not limited to, all such documents related to any Individual Defendant.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 59:**

See Objections and Response to Document Request Nos. 27, 28, 29, 56, 57, and 58. Defendants further object to Document Request No. 59 on the grounds that it is vague ambiguous, and overbroad, as it is not sufficiently limited in time or scope, in that this document requests production of "all documents concerning any other complaint received, or investigation or prosecution – actual or potential - concerning the Protest undertaken by any other State, Federal, or other entity." Defendants also object to the extent this information is equally available to plaintiff.

**DOCUMENT REQUEST NO. 60:**

Produce each Individual Defendant's NYPD Academy transcript.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 60:**

Defendants object to this request to the extent it is vague and ambiguous as to the word "transcript,' to the extent it seeks information concerning allegations of misconduct that were not substantiated or did not result in a finding of wrongdoing or which occurred more than five years prior to, or subsequent to the incident, to the extent it seeks information that is not similar to the allegations herein, and to the extent it implicates the privacy and security concerns of parties and non-parties. Defendants further object to the extent that this document request seeks information that is not relevant nor proportional to the needs of the case, considering the amount in controversy, the importance of the discovery in resolving the issues, and insofar as the

burden and/or expense outweighs any likely benefit to plaintiff. Defendants further object to the extent that it implicates the privacy interests and personal safety interests of the non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, to the extent that it implicates the provisions of the Health Insurance Portability and Accountability Act, 45 C.F.R. Section 164.512 ("HIPAA"), and to the extent that it seeks documents that are protected by the psycho-therapist-patient privilege, physician-patient privilege, deliberative process, or other applicable privilege, and to the extent that it seeks documents that are sealed pursuant to N.Y. C.P.L. § 160.50.

**DOCUMENT REQUEST NO. 61:**

Produce each Individual Defendant's current NYPD Personnel Profile Report – All History.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 61:**

Defendants object to Document Request No. 61 on the grounds that this request invades the privacy rights of the individual defendants and/or non-parties, to the extent it implicates the sealing provisions of New York Criminal Procedure Law §§ 160.50, 160.55, and to the extent it seeks information or documents that are protected by the official information, law enforcement, and/or deliberative/pre-decisional privileges.  Defendants also object to the extent it seeks irrelevant information related to allegations that are not similar to those alleged in the complaint in this action and to the extent that it seeks allegations of misconduct that were not substantiated or did not result in a finding of misconduct, do not pertain to defendants' veracity or credibility, and which occurred more than ten years prior to the incident underlying the complaint.  Defendants further object to the extent that it seeks information that is not relevant to any party's claims or defenses and not proportional to the needs of the case, considering the

amount in controversy, the importance of the discovery in resolving the issues, and insofar as the burden and/or expense outweighs any likely benefit to plaintiff.

Subject to, and without waiving or in any way limiting these objections or the General Objections, defendants state that they are still searching for responsive information and will supplement this response accordingly.

**DOCUMENT REQUEST NO. 62:**

Produce each Individual Defendant's current NYPD Central Personnel Index ("CPI") report.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 62:**

Defendants object to Document Request No. 61 on the grounds that this request invades the privacy rights of the individual defendants and/or non-parties, to the extent it implicates the sealing provisions of New York Criminal Procedure Law §§ 160.50, 160.55, and to the extent it seeks information or documents that are protected by the official information, law enforcement, and/or deliberative/pre-decisional privileges. Defendants also object to the extent it seeks irrelevant information related to allegations that are not similar to those alleged in the complaint in this action and to the extent that it seeks allegations of misconduct that were not substantiated or did not result in a finding of misconduct, do not pertain to defendants' veracity or credibility, and which occurred more than ten years prior to the incident underlying the complaint. Defendants further object to the extent that it seeks information that is not relevant to any party's claims or defenses and not proportional to the needs of the case, considering the amount in controversy, the importance of the discovery in resolving the issues, and insofar as the burden and/or expense outweighs any likely benefit to plaintiff.

Subject to, and without waiving or in any way limiting these objections or the General Objections, and limiting this request to prior substantiated incidents of discipline of a

similar nature or false statements from ten years prior to the alleged incident to the date of the

alleged incident for the individual defendants, defendants state that they are still searching for

responsive information and will supplement this response accordingly prior to the scheduled

mediation in this matter.

**DOCUMENT REQUEST NO. 63:**

Produce each Individual Defendant's current NYPD IAB resume and all related

NYPD documents, including communications and documents reflecting the ultimate disposition

of each IAB complaint or investigation, whether created within the NYPD's IAB or otherwise.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 63:**

See Objections and Response to Document Request Nos. 62.  To the extent

plaintiff seeks IAB documents beyond the IAB resume that are not related to this incident and

unrelated to the instant plaintiff, this request is not proportional to the needs of the case.

**DOCUMENT REQUEST NO. 64:**

Produce each Individual Defendant's current CCRB history and all underlying

CCRB documents, including communications and documents reflecting the ultimate disposition

of each IAB complaint or investigation.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 64:**

See Objections and Response to Document Request Nos. 62-63.  To the extent

plaintiff seeks CCRB documents beyond the CCRB resume that are not related to this incident

and unrelated to the instant plaintiff, this request is not proportional to the needs of the case.

Subject to, and without waiving or in any way limiting these objections or the

General Objections, and limiting this request to prior substantiated incidents of discipline of a

similar nature or false statements from five years prior to the alleged incident to the date of the

alleged incident for the individual defendants, defendants state that this information is publicly available.

**DOCUMENT REQUEST NO. 65:**

Produce all documents concerning internal police disciplinary action, letters in the personnel file, command discipline A or B, charges and specifications, transfers, and/or warnings and admonishment against any of the Individual Defendants, including, but not limited to, any GO-15 statements.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 65:**

See Objections and Response to Document Request Nos. 61-64.

**DOCUMENT REQUEST NO. 66:**

Produce each Individual Defendant's complete NYPD personnel file.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 66:**

See Objections and Response to Document Request Nos. 27, 28, and 60.

**DOCUMENT REQUEST NO. 67:**

Produce all documents reflecting any early intervention monitoring or force monitoring or NYPD or external monitoring any Individual Defendant has been subjected to during their time as a NYPD member.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 67:**

See Objections and Response to Document Request Nos. 27, 28, and 60-64.

**DOCUMENT REQUEST NO. 68:**

Produce all Risk Assessment Information Liability System ("RAILS") documents related to each Individual Defendant.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 68:**

      <u>See</u> Objections and Response to Document Request Nos. 27, 28, and 60-64.  This request is not proportional to the needs of this case.

**DOCUMENT REQUEST NO. 69:**

      Produce any notices of claim, 50-h transcripts and exhibits, pleadings, discovery requests and responses, deposition transcripts and exhibits, settlement agreements, and judgments from each civil lawsuit against each Individual Defendant identified in response to Interrogatory No. 19 above.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 69:**

      <u>See</u> Objections and Response to Interrogatory No. 21 and Document Request Nos. 27, 28, and 60. Defendants further object to the extent this request seeks documents which are publicly accessible and thus equally accessible to all parties.

**DOCUMENT REQUEST NO. 70:**

      Produce any criminal court complaints, documents reflecting the dates or events at court proceedings, transcripts of testimony or proceedings, certificates or other proof of disposition, related to each criminal proceeding against each Individual Defendant identified in response to Interrogatory No. 19 above.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 70:**

      <u>See</u> Objections and Response to Document Request Nos. 27, 28, 60, and 69.

**DOCUMENT REQUEST NO. 71:**

      Produce any other documents reflecting the training each Individual Defendant received, whether at the NYPD Academy or afterward, including, but not limited to, any Strategic Response Group ("SRG") and/or Disorder Control Unit ("DCU") training, related to the following topics:

- 51 -

a.   The First Amendment, including as it relates to demonstrations and protests;

b.   Dispersal orders;

c.   The need to give dispersal orders and a meaningful opportunity to comply with them before making certain arrests, including at a demonstration or protest;

d.   Protest policing tactics and operations;

e.   Disorder Control tactics and operations, including responses to civil disorder and riots;

f.   Strategic Response Group tactics and operations;

g.   Crowd control tactics and operations;

h.   Use of force, the force continuum, and de-escalation;

i.   Use of force reporting;

j.   Use of handcuffs, including flex-cuffs, including in connection with arrests made at a protest or demonstration;

k.   Tight cuffing injuries and the circumstances under which handcuffs, or flex-cuffs, should or must be loosened or removed;

l.   NYPD body-worn camera use, including the circumstances under which body-worn cameras are meant to be activated;

m.   Incident command, chain of command, command and control, and intended operations during a demonstration or protest, Special Event, or Critical Incident;

n.   Probable cause to arrest or prosecute a person for any of the grounds identified in response to Interrogatory No. 7, including, but not limited to, the Curfew Orders;

o.   Arrest processing, including, but not limited to, the creation of arrest processing documents;

p.   Mass or large-scale arrest processing, including, but not limited to:

   i.   The use of mass or large-scale arrest processing photographs;

   ii.   The use of a Mass Arrest Processing Center ("MAPC");

   iii.   The intended roles of NYPD Legal Bureau Attorneys in mass or lage-scale arrest processing; and

iv. Documents created in connection with mass or large-scale arrest processing.

q. Investigations, including photographic and video surveillance, in connection with protests;

r. Eligibility for release with a C-Summons or Desk Appearance Ticket in both arrest processing and mass or large-scale arrest processing circumstances;

s. Implementation of the 2020 amendments to New York Criminal Procedure Law § 150.20;

t. Processing, including arrest and large-scale arrest processing steps and documents intended to be created, for release with a C-Summons or Desk Appearance Ticket in both arrest processing and mass or large-scale arrest processing circumstances;

u. The creation of NYPD arrest and arrest processing-related documents;

v. COVID-19 NYPD, public, and/or arrestee safety protocols, including, but not limited to, any such protocols regarding the wearing of masks, social distancing, handwashing, social distancing, and any impacts crated by the COVID-19 pandemic on NYPD arrests, arrest processing, large-scale arrest processing, or other operations;

w. The nature, scope, and intended enforcement of the Curfew Orders that were in effect during the Protest, including related to dispersal orders and enforcement of the Curfew Orders against essential workers;

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 71:

Defendants object to Document Request No. 71 on the grounds that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, and to the extent that it seeks information that is not relevant nor proportional to the needs of the case, considering the amount in controversy, the importance of the discovery in resolving the issues, and insofar as the burden and/or expense outweighs any likely benefit to plaintiff (the request, for example, seeks "the training history" without limitation of time or relevance to the instant case), to the extent that the information sought is publicly available and, thus, equally available to all parties, and to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified.  Defendants further object on the

grounds that such information is not relevant to any party's claims or defenses.  Defendants also object to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, the law enforcement privilege, or other applicable privileges.

Subject to, and without waiving, or in any way limiting, these objections or the General Objections, defendants refer plaintiff to individual officer training history available on the publicly accessible   website  https://nypdonline.org/link/2, and further state that these documents have already been produced or provided in the In re NY City Policing During Summer 2020 Demonstrations, 20-CV-8924 (CM)(GWG)(the "Consolidated Actions,") with has been consolidated with this matter.  This Interrogatory violates the stipulation entered in this case which provides that 1) "all discovery . . . that has been and will be produced or conducted in the Consolidated Actions, is deemed part of Payamps;" 2) "neither party will be required to re-disclose discovery in the Consolidated Actions in Payamps;" and 3) "Counsel will avoid seeking discovery in this matter that is duplicative of discovery in the Consolidated Actions."  See ECF at 28.

**DOCUMENT REQUEST NO. 72:**

Produce all documents reflecting the training each Individual Defendant received, if any, whether at the NYPD Academy or afterward, whomever and wherever from, including, but not limited to, any command-level, in-service, executive level, or other training, related to the topics in Document Request No. 71.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 72:**

See Objections and Response to Document Request No. 71.

**DOCUMENT REQUEST NO. 73:**

Produce all documents reflecting the NYPD's official policies that were in effect at the time, related to the topics in Document Request No. 71, including, but not limited to, any relevant NYPD Patrol Guide and Administrative Guide provisions.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 73:**

Defendants object to Document Request No. 73 to the extent that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor proportional to the needs of the case, considering the amount in controversy, the importance of the discovery in resolving the issues, and insofar as the burden and/or expense outweighs any likely benefit to plaintiff, it is unduly burdensome, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that the information sought is publicly available and, thus, equally available to all parties, and to the extent that it seeks documents containing information protected from disclosure by the official information, law enforcement, and deliberative due process privileges. Defendants further object to this Document Request on the grounds that this information has already been produced or provided in the In re NY City Policing During Summer 2020 Demonstrations, 20-CV-8924 (CM)(GWG)(the "Consolidated Actions,") with has been consolidated with this matter.   This Interrogatory violates the stipulation entered in this case which provides that 1) "all discovery . . . that has been and will be produced or conducted in the Consolidated Actions, is deemed part of Payamps;" 2) "neither party will be required to re-disclose discovery in the Consolidated Actions in Payamps;" and 3) "Counsel will avoid seeking discovery in this matter that is duplicative of discovery in the Consolidated Actions."  See ECF at 28.

**DOCUMENT REQUEST NO. 74:**

Produce all press or news clips, social media postings, or Internet links gathered or received by the NYPD related to the Protest, including, but not limited to, any such documents or information gathered by the NYPD's Deputy Commissioner for Public Information ("DCPI"), Intelligence Division, Counterterrorism Bureau, or otherwise.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 74:**

Defendants object to Document Request No. 74 to the extent that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor proportional to the needs of the case, considering the amount in controversy, the importance of the discovery in resolving the issues, and insofar as the burden and/or expense outweighs any likely benefit to plaintiff, it is unduly burdensome, to the extent that the information sought is publicly available and, thus, equally available to all parties, and to the extent that it seeks documents containing information protected from disclosure by the official information, law enforcement, and deliberative due process privileges.  Defendants further object to this Interrogatory on the grounds that this information has already been produced or provided in the In re NY City Policing During Summer 2020 Demonstrations, 20-CV-8924 (CM)(GWG)(the "Consolidated Actions,") with has been consolidated with this matter. This Interrogatory violates the stipulation entered in this case which provides that 1) "all discovery . . . that has been and will be produced or conducted in the Consolidated Actions, is deemed part of Payamps;" 2) "neither party will be required to re-disclose discovery in the Consolidated Actions in Payamps;" and 3) "Counsel will avoid seeking discovery in this matter that is duplicative of discovery in the Consolidated Actions."  See ECF at 28.

**DOCUMENT REQUEST NO. 75:**

Produce all documents reflecting or related to press inquiries, press statements, and interviews related to the Protest, including, but not limited to, documents reflecting to or related to any communications, such as statements made at press conference or in texts or e-mails, to or from then-Mayor de Blasio, the NYPD Commissioner at the time, any Individual Defendants, NYPD members assigned to the DCPI's Office, or other NYPD members.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 75:**

See Objections and Response to Document Request No. 74.

**DOCUMENT REQUEST NO. 76:**

Produce all documents reflecting the nature, scope, and intended enforcement of the Curfew Orders that were in effect during the Protest, including related to dispersal orders and enforcement of the Curfew Orders against essential workers.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 76:**

See Objections and Response to Document Request No. 74.

**DOCUMENT REQUEST NO. 77:**

Produce all documents released by the NYPD, the CCRB, the Office of the Comptroller, or any other City agency pursuant to the Freedom of Information Law regarding the Protest.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 77:**

See Objections and Response to Document Request No. 27, 28, and 29.

**DOCUMENT REQUEST NO. 78:**

Produce all documents received by the New York City Law Department related to the Protest pursuant to subpoena or to Plaintiff's authorization or Freedom of Information Law request or otherwise, including, but not limited to, criminal court files, prosecutors' files, rap

sheets, medical records, and all other records from any source whatsoever, along with copies of the request(s) made by the Law Department for such documents and any related correspondence.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 78:**

Defendants will comply with FRCP 45.

**DOCUMENT REQUEST NO. 79:**

Produce all documents Defendants intend to use at any deposition in this case, including for impeachment purposes.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 79:**

Defendants will comply with the FRCP, and reserve their right to use any documents permitted under the Federal Rules.  Absent an order from this Court, defendants will not comply with this request and will not identify such documents in advance of any depositions. Defendants note that plaintiff refused to comply with this request made by defendants in other cases, forcing defendants to seek such an order from the Court.

**DOCUMENT REQUEST NO. 80:**

Produce all documents Defendants intend to use at the time of trial, including for impeachment purposes.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 80:**

Defendants object to Document Request No. 80 on the grounds that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, and to the extent that it seeks information that is not relevant, nor proportional to the needs of the case, considering the amount in controversy, the importance of the discovery in resolving the issues, and insofar as the burden and/or expense outweighs any likely benefit to plaintiff. Defendants reserve their right to use any documents permitted under the Federal Rules and will identify such documents at the time the Judge's Individual Rules so require.

Dated:      New York, New York
            January 23, 2023

                                    HON. SYLVIA O. HINDS-RADIX
                                    Corporation Counsel of the
                                     City of New York
                                    *Attorney for Defendants*
                                    100 Church Street, Room 3-165
                                    New York, New York 10007
                                    (212) 356-2617


                        By:     _____
                                    MICHAEL PESIN-VIROVETS
                                    *Senior Counsel*


TO:     COHEN & GREEN P.L.L.C.
        *Attorneys for Plaintiff*