

| | | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | T<small>HE</small> C<small>ITY OF</small> N<small>EW</small> Y<small>ORK</small><br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, N.Y. 10007 | **MICHAEL PESIN-VIROVETS**<br>*Senior Counsel*<br>Office: (212) 356-2617<br>Mobile: (646) 596-0583<br>Email: mpvirove@law.nyc.gov |

May 1, 2023

**BY ECF**
Honorable Vera M. Scanlon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    <u>Payamps v. City of New York, et al.</u>
               22-CV-00563 (AMD) (VMS)

Your Honor:

      I am a Senior Counsel in the Office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and the attorney representing defendants the City of New York ("City"), Mayor Bill de Blasio, Commissioner Dermot Shea, NYPD Chief of Department Terence Monahan, Police Officer Daniel Auguste, Police Officer Corey Johnson, and Inspector Jesse Lance (collectively "defendants") in the above-referenced matter. Defendants write to respectfully request an enlargement of time, from May 1, 2023 to May 19, 2023 to comply with the Court's April 11, 2023 Order directing defendants to provide to plaintiff various discovery that was discussed at the April 11, 2023 conference and also memorialized in a joint status letter dated March 30, 2023. (See ECF Nos. 43).

      Plaintiff's counsel, Jessica Massimi, does not consent to this request and provided the following position: "Plaintiff does not consent to the Defendants' request. I spoke to Mr. Pesin today for nearly one hour regarding this issue. During this phone call he refused to provide a detailed explanation of the investigation he claims to have conducted since the Court's April 11th Order, stated that he did not make a list of any officers he claims to have interviewed, stated he would not be able to respond to Plaintiff's RFAs regarding this issue by the current deadline, refused to provide the name of the person at the NYPD with whom he is working to obtain the names of the officers, stated that he did not expect to be able to produce the names of the officers discussed during the last hearing, and stated that he was not in a position to discuss tolling. At this point, Plaintiff respectfully requests that the Court Order the Defendants to at least provide an

affidavit from the person at the NYPD responsible for conducting the investigation Mr. Pesin claims has taken place regarding the identification of the Doe defendants and NYPD members contained in the videos exchanged in this case."

At the outset, I sincerely apologize to the Court for not reaching out in advance of the May 1, 2023 deadline. Due to competing professional obligations, which includes preparing for an upcoming trial scheduled to begin on May 10, 2023, I have been unable to devote all my time to complying with the Court's Order in the instant matter. While this does not excuse defendants from their obligations, I bring this to the Court's attention in the hope that Your Honor understands that the instant request for additional time is not being made out of a lack of due diligence. What follows is a summary of defendants' progress as to the Court's Order dated April 11, 2023:

Identification of John Does

Pursuant to the Court's April 11, 2023 Order, defendants were to continue to attempt identify John Does allegedly involved in the incident which forms the basis for plaintiff's lawsuit. Additionally, defendants were ordered to pursue additional investigations, in the event that defendants' proposed interviews of officers who were present on scene for plaintiff's arrest proved to be insufficient. By way of background, as discussed in the April 11, 2023 conference, the CCRB investigation identified 6 subject officers and an additional 17 witness officers (23 total officers) who were allegedly present for plaintiff's arrest on June 4, 2023. The CCRB's investigation revealed, however, that there was no body worn camera footage capturing the incident in question.[1] A subsequent request for body camera footage from the NYPD confirmed the CCRB's findings with respect to available body camera footage.

Following the April 11, 2023 conference, in order to attempt to identify the purported John Doe Officers, I contacted all 23 officers identified by the CCRB in order to schedule interviews with each of them. Due to scheduling conflicts and other professional commitments, I have not been able to meet with every officer identified by the CCRB investigation. To date, I have met and interviewed seven of the twenty-three police officers. I specifically met with these officers because, even though it did not appear they all had involvement with plaintiff's arrest, they were depicted in the video and photographs produced by the CCRB during its investigation. All seven officers confirmed they were physically present for plaintiff's arrest at the subject location but none of them were able to identify the John Does in question. On May 1, 2023, the names of these specific seven officers were provided to plaintiff's counsel, Jessica Massimi, when the parties met and conferred by phone.

In an effort to comply with the Court's April 11, 2023 Order, I have also been in contact with the New York City Police Department's Legal Bureau and provided them information, including the video depicting plaintiff's arrest and a high-quality photograph, produced through the CCRB, that depicted the scene of plaintiff's arrest moments after his apprehension. The video shows two police officers who appear to initiate contact with plaintiff before he is taken to the ground. Neither of the officers' faces is visible in the video or the photographs. One of these

---

[1] While the CCRB's investigation confirmed there was no body camera footage depicting this incident, a video of plaintiff's arrest was produced through a non-party civilian witness.

officers, however, appears to be depicted in some of the photographs produced through the CCRB as he is positioned directly on top of the plaintiff while plaintiff is laying on the ground. This officer's face, however, is mostly obscured making his identification challenging, if not impossible. According to the NYPD, there is not enough to make an identification of this witness, who, again, appears to be closely involved in plaintiff's apprehension. At this juncture, it appears that the best course of action would be to continue interviewing officers who we have already determined were on scene for plaintiff's arrest. Defendants will continue to interview officers identified by the CCRB in compliance with the Court's Order but respectfully request additional time, until May 19, 2023, to do so given various scheduling constraints.

CCRB and IAB files related to the June 4, 2020 protest

Defendants were ordered to produce CCRB/IAB files relating to the same date and location as well as information as to the number of such files and any relevant information regarding any difficulties obtaining such files. The CCRB has identified 17 investigation files, comprised of nearly 9,000 pages, that relate to the June 4, 2020 protest in the vicinity of plaintiff's arrest. Furthermore, the NYPD has identified 13 responsive internal investigation files that relate to the instant protest. The undersigned is currently in possession of the CCRB case files but has not yet received the 13 internal investigation files. In light of this voluminous production, the undersigned will need additional time to adequately review these files before producing them to the plaintiff.

Other materials referenced in the letter at ECF No. 43

Defendants respectfully refer the Court to the joint status letter dated March 30, 2023 for a summary of the other outstanding discovery requests. (ECF No. 43). Pursuant to the joint status letter, defendants are to identify (1) names of incident commanders and legal bureau personnel, (2) each person who gave plaintiff a DAT/summons and each person who contributed to arrest paperwork, (3) body worn camera information, (4) disciplinary history and personnel files.

With respect to names of incident commanders and legal bureau personnel, defendants will need additional time to produce this information. It is my understanding, however, that this information may have already been turned over to plaintiff's counsel in the consolidated protest cases. To that end, plaintiff's counsel, Ms. Massimi, in the March 30th joint status letter, stated that "plaintiff notes that the names of incident commanders and legal bureau personnel in general were turned over in the consolidated cases, but the City has not produced in the consolidated cases the names of incident commanders and legal bureau personnel who were present at the protest giving rise to this lawsuit." Accordingly, I am in the process of attempting to determine exactly what information was previously produced, and, as such, additional time is needed to cross-reference what discovery has been produced in the consolidated cases on this subject to verify what is still owed to the plaintiff.

With respect to outstanding discovery pertaining to plaintiff's arrest paperwork, defendants are still in the process of identifying the supervisor who authorized plaintiff's summons at the precinct. With respect to body worn camera information, our office has received a confirmation that, upon information and belief, no body camera footage for this incident exists. At this time, I am still awaiting confirmation as to the existence of any audit trial and metadata, but will provide

same to plaintiff's counsel as soon as it becomes available. Last, defendants have already provided disciplinary histories and personnel files for all defendants except defendant Lance who's representation the City has only recently undertaken. Nevertheless, defendants will produce documents pertaining to defendant Lance as soon as possible.

      Defendants apologize for any inconvenience caused by this request and thank the Court for its consideration herein.

By: /s/ *Michael Pesin-Virovets*
     Michael Pesin-Virovets
     *Senior Counsel*

cc: **By ECF**
Elena Louisa Cohen
Cohen Green PLLC
*Attorney for Plaintiff*

Remy Green
Cohen & Green
*Attorney for Plaintiff*

Jessica S. Massimi
99 Wall Street, Ste. 1264
New York, NY 10005
*Attorney for Plaintiff*

Gideon Orion Oliver
Attorney at Law
277 Broadway
Suite 1501
New York, NY 10007
*Attorney for Plaintiff*