```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
KEDWIN PAYAMPS,                                              :
                                                             :
                              Plaintiff,                     :
                                                             :                    ORDER
        -against-                                            :
                                                             :            22 Civ. 563 (AMD) (VMS)
                                                             :
THE CITY OF NEW YORK, MAYOR BILL DE                          :
BLASIO, NEW YORK CITY POLICE                                 :
DEPARTMENT ("NYPD") COMMISSIONER                             :
DERMOT SHEA, NYPD CHIEF OF                                   :
DEEPARTMENT TERENCE MONAHAN,                                 :
NYPD INSPECTOR JESSE LANCE, NYPD                             :
OFFICER COREY JOHNSON, FIRST NAME                            :
UNKNOWN ("FNU") AUGUSTE (TAX ID                              :
961629), and NYPD MEMBERS JOHN AND                           :
JANE DOES 1-7,                                               :
                                                             :
                              Defendants.                    :
------------------------------------------------------------ X
```

**Vera M. Scanlon, United States Magistrate Judge:**

The Court is in receipt of the parties' filings as to the current discovery schedule.  See ECF Nos. 48, 49, 50, and 51.  The Court previously set schedules both specifically as to discovery for the identification of the Doe Defendants, see 4/11/2023 Order, and globally as to all discovery, see 4/24/2023 Order.  The Court first addresses the outstanding items as to the former: officer interviews, CCRB and IAB files, and requests for admission propounded by Plaintiff.  See ECF Nos. 48, 49, 50, and 51.  The Court then addresses the outstanding items as to the latter: names of incident commanders and Legal Bureau personnel, names of persons handling Plaintiff's arrest paperwork and authorizing the issuance of a summons for Plaintiff's arrest, metadata and audit trails for body cameras, and the disciplinary history and personnel file for Defendant NYPD Inspector Jesse Lance.  See ECF Nos. 48 and 51.

1

On or before 5/1/2023, Defendants were to conduct interviews of the officers identified by the CCRB, with additional investigations to be conducted if the officer interviews did not yield the identities of the Doe Defendants.  See 4/11/2023 Order (denying Plaintiff's motion as moot because "Defendants' counsel has agreed to identify the John Doe officers per the letter at ECF No. 43" by conducting "interviews of officers" and conducting "additional investigations" if needed to identify the Doe Defendants); 4/11/2023 Conference (Defendants' counsel stating, in response to a question as to whether he had "a plan for getting this done by May 1," that "[t]he agreement that we have with Plaintiff's counsel is bringing in the individuals identified by the CCRB . . . and see (1) if they can identify anybody in the video or (2) indicate if they were personally involved").  Defendants have conducted twenty officer interviews, with either three or four officer interviews remaining.  See ECF No. 48 at 2; ECF No. 51 at 2.  Defendants have failed to show good cause for their failure to complete the officer interviews as agreed to and ordered; Defendants must complete the officer interviews on or before 5/26/2023.  The Court notes that Defendants indicated their intention to complete the interviews within this timeframe.  See ECF No. 51 at 2.  On or before 5/26/2023, Defendants are to inform the Court by letter either that they have completed the interviews, or of the good cause for their non-compliance.

On or before 5/1/2023, Defendants were to provide Plaintiff with information as to the CCRB and IAB files relating to the same date and location and as to difficulties in obtaining such files.  See 4/11/2023 Order (requiring Defendants' counsel to "provide Plaintiff with information as to the number of [the CCRB and IAB] . . . files and any relevant information regarding any difficulties in obtaining such files" by 5/1/2023); 4/11/2023 Conference (the Court instructing Defendants' counsel to, by 5/1/2023, "identify to the Plaintiff's counsel the CCRB investigations and the IAB investigations that occurred in relation to this time, the same time

2

roughly and the same location"). Defendants have in their possession seventeen CCRB files and are awaiting receipt of thirteen IAB files. See ECF No. 48 at 3; ECF No. 51 at 2. Defendants' counsel has not offered good cause for why these documents have not been produced to Plaintiff's counsel; while the review task described by Defendants' counsel is extensive, there is no reasonable explanation for the delay in production of the IAB files from the Bureau to Defendants' counsel.

In order to resolve this issue, to the extent that it is delaying Plaintiff's counsel's knowledge of any not-yet-identified officer who may be responsible for the alleged incident, as to the CCRB files, Defendants are to make the CCRB files available for review by Plaintiff's counsel without further delay, subject to an "attorneys' eyes only designation" solely for the purpose of identifying the Doe Defendants. This making available the CCRB files does not constitute a waiver of any privilege, claim to confidentiality, or other similar right or privilege associated with the CCRB files. On or before 5/26/2023, Defendants are to inform the Court by letter of the date by which they are able to make the CCRB files available to Plaintiff's counsel for review for the limited identification purpose, as well as a date by which Defendants' counsel will produce a copy of the files to Plaintiff's counsel.

As to the IAB files, on or before 5/26/2023, Defendants are to inform the Court by letter of whether they have received the files. If they have, Defendants are to make the files available for review by Plaintiff's counsel without delay subject to an "attorneys' eyes only designation" solely for the purpose of identifying the Doe Defendants. Making the IAB files available to Plaintiff's counsel for review does not constitute a waiver of any privilege, claim to confidentiality, or other similar right or privilege associated with the IAB files. Defendants' counsel is to inform the Court in writing by 5/26/2023 of the date by which they are able to

3

promptly make the IAB files available for review by Plaintiff's counsel. If Defendants' counsel has not yet received the IAB files, Plaintiff's counsel and Defendants' counsel are to appear for an in-person conference on 5/30/2023 at 11:30 AM in Courtroom 13A South before Magistrate Judge Vera M. Scanlon. Defendants' counsel must be accompanied by the person from IAB responsible for the production of the IAB files who should be prepared to explain the failure to produce the IAB files timely in light of the Court's previous Orders. Defendants' counsel and the IAB representative must be prepared to provide a date for production of the IAB files to Plaintiff's counsel.

On or before 5/18/2023, Defendants were to respond to requests for admission propounded by Plaintiff. See ECF Nos. 49 and 50. Defendants have failed to show good cause for their failure to timely respond to the requests for admission; Defendants must so respond on or before 5/25/2023. The Court notes that Defendants requested an extension to 5/25/2023 to respond to the requests for admission. See ECF No. 49 at 1. If Defendants fail to meet this deadline, on or before 5/26/2023, Defendants are to inform the Court by letter of the good cause for the untimeliness of their responses.

On or before 5/1/2023, Defendants were to provide to Plaintiff the names of incident commanders and Legal Bureau personnel, the names of persons handling Plaintiff's arrest paperwork and authorizing the issuance of a summon for Plaintiff's arrest, the metadata and audit trails for body cameras, and the disciplinary history and personnel file for Defendant NYPD Inspector Jesse Lance. See 4/11/2023 Order (stating that "[t]he date to provide the agreed upon materials and information in the letter at ECF No. 43 is extended to 5/1/2023"); ECF No. 43 (indicating Defendants' agreement to produce the aforementioned information). Plaintiff and Defendants are to meet and confer regarding these four outstanding discovery items. On or

before 6/2/2023, Plaintiff and Defendants are to inform the Court by joint letter as to whether disputes as to any of these items remain outstanding, and, if so, to state their respective positions in light of the Court's previous Orders.

If Plaintiff's counsel believes that all of the Doe Defendants have been identified, the counsel may jointly request by letter to adjust the schedule above as to Plaintiff's counsel's immediate limited review of the IAB and CCRB files.

Defendants' request for a settlement conference with the Court, see ECF No. 51 at 1, is denied without prejudice pending resolution of the aforementioned issues.

Dated: Brooklyn, New York
　　　　May 25, 2023

*Vera M. Scanlon*
_____
VERA M. SCANLON
United States Magistrate Judge