

| | | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, N.Y. 10007 | **MICHAEL PESIN-VIROVETS**<br>*Senior Counsel*<br>Office: (212) 356-2617<br>Mobile: (646) 596-0583<br>Email: mpvirove@law.nyc.gov |

July 7, 2023

**BY ECF**
Honorable Vera M. Scanlon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

  Re: <u>Payamps v. City of New York, et al.</u>
     22-CV-00563 (AMD) (VMS)

  I am a Senior Counsel in the Office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and the attorney representing defendants in the above-referenced matter. Pursuant to Your Honor's June 21, 2023 Order, counsel for all parties respectfully submit this joint letter to provide Your Honor with a deposition schedule.

  Defendants also write to respectfully request that the Court schedule a settlement conference at a date and time convenient for the Court. Should Your Honor be inclined to schedule a settlement conference, defendants request that such conference occur before the parties have to begin depositions so as not to needlessly exert time and resources. Plaintiff is amenable to attending a settlement conference with the condition that a representative from the Comptroller's Office with full settlement authority be physically present at the conference, however, Defendants do not believe that is necessary to have a productive settlement conference. This is the second request to schedule a settlement conference[1] and the parties' positions with respect to Plaintiff's request that a Comptroller's Office representative be present at the conference are set forth below.

---

[1] Defendants' first request for a settlement conference was made by letter dated May 19, 2023. (See ECF No. 51). By Order dated May 25, 2023, Your Honor denied defendants' request for a settlement conference, without prejudice, pending resolution of outstanding discovery issues which have since been resolved. (See ECF No. 53).

In addition, for the reasons set forth below, plaintiff requests, with defendants' consent, a sixty (60) day enlargement of time, from July 30, 2023 to September 28, 2023, to complete depositions in this matter. Alternatively, if Your Honor is inclined to schedule a settlement conference, and in the event that the parties are unable to settle the matter, defendants would request for a sixty (60) day enlargement of time from the date of the settlement conference to do depositions.

**Plaintiff's Position:**

Plaintiff's position regarding the Defendants' request has not changed since their May 22, 2023 letter at ECF No. 52.  An updated version of that position is below, but we note that the City ***did not*** actually resolve the RFA issues — and has been unwilling to meet on their deficient responses until next week.

The City's actions demonstrate that they are not serious about engaging in a good faith settlement discussion. On February 27, 2023, Judge Gold held a pro bono mediation for several hours for which Plaintiff was present. Thereafter, Judge Gold engaged in further communications with the parties. The mediation was very productive but did not settle. We are happy to provide further details ex parte or off the docket regarding the City's conduct, but in short, Plaintiff was prepared to settle and the City was not. Since the mediation, the City has served an insultingly low Rule 68 for a fraction of where Plaintiff has signaled he could settle this case. Mr. Pesin clearly does not have settlement authority in the range he knows Plaintiff would settle for. We don't believe a settlement conference would be productive without Mr. Pesin's supervisor, a representative from the comptroller's office with authority to accept the number Plaintiff signaled he would accept at the mediation, and an understanding by the City that Plaintiff's position since the mediation has not changed.

The City ***has not made any offer since the failed mediation***.  Plaintiff made the last move, and if Mr. Pesin was doing anything other than attempting to waste time (*see, e.g.,* the insulting Rule 68), he could easily demonstrate good faith by making a serious offer.  And perhaps then the parties might agree a settlement conference could be productive.  But the City has not done so.

Additionally, during my phone call with Mr. Pesin yesterday, he stated that the reason he did not want to ask the Comptroller to be present for any settlement conference is because he "want[ed] to be mindful of their time and scheduling." The implication is that the City and possibly the comptroller do not see a settlement conference as being worth their time. But either way, it is clear Mr. Pesin alone does not have the ability to settle this case.

Plaintiff has proposed to take Depositions of Defendants Lance, Johnson, and Auguste on any dates from August 3-11 (and will depose the other Defendants[2] thereafter). Plaintiff is

---

[2] As the Court noted, Plaintiff will likely need to depose those Does with personal knowledge, but "a Potential Doe Defendant would be presumed to lack knowledge of or involvement in the underlying incident if that person responded in the negative to or lacks knowledge as to the latter thirteen of the sixteen requests for admission."  Jun. 7, 2023 Minute Order. But since Defendants

requesting the 60 day extension of time to complete depositions to resolve issues regarding the Defendants' improper objections and answers in their RFA responses. Mr. Pesin has informed me that he is not available to meet and confer until 7/12 on that issue. Once this issue is resolved, Plaintiff will be in a better position to assess whether additional depositions are necessary.

**Defendants' Position:**

As an initial matter, Defendants are aware that Your Honor's Individual Rules pertaining to Settlement Procedures require that "parties with full settlement authority are available to attend in person." See Section V.a. To the extent that Your Honor's individual rules specifically require a representative from the Comptroller's Office to attend the settlement conference in person, defendants' respectfully request to be relieved of this obligation. To that end, if the Court is inclined to schedule a settlement conference, the undersigned will ensure, as is the general practice during settlement conferences, that a representative from the Comptroller's Office with full settlement authority will be available by phone if necessary. The request to have the representative present at the conference is unnecessary and a disruption to their ability to conduct other work during that time, should their assistance not be needed during the settlement conference.

In addition, the undersigned disagrees with Plaintiff's counsel's characterization of what happened at prior mediations and does not consent to any conversations ex parte regarding the City's purported "conduct". As Plaintiff's counsel states, the mediation was productive but did not ultimately result in a settlement. Although counsel and her client seemingly disagree with prior settlement offers that have been made, there is no dispute that the mediation and post-mediation conversations were conducted in good faith and were meaningful. The case, however, just did not resolve at that time.

With respect to progress the parties have made in scheduling depositions, the parties have agreed to schedule plaintiff's remote deposition for July 24, 2023. I have communicated to plaintiff's counsel that individual defendants Lance, Johnson, and Auguste, whose depositions are not implicated by resolution of defendants RFA responses, are generally available in July and in August and defendants intend to produce them for the proposed dates should Your Honor be inclined to grant a second discovery extension.

As stated above, defendants respectfully request the Court schedule a settlement conference prior to the parties conducting depositions. If the Court is inclined to grant this request, defendants would ask for a 60 day enlargement of time, from the date of the conference, to conduct depositions, in the event the parties are not able to settle this matter. Lastly, if the Court is not inclined to schedule a settlement conference, plaintiff requests, with defendants' consent, for a sixty (60) day enlargement of time, from July 30, 2023 to September 28, 2023, to complete depositions in this matter

---

did not, without qualification, deny the latter 13 RFAs for any of the Does, it appears Plaintiff may need to depose all of them.

The parties thank the Court for its consideration of these requests.

By: /s/ _____
Michael Pesin-Virovets
*Senior Counsel*

cc: **By ECF**
Elena Louisa Cohen
Cohen Green PLLC
*Attorney for Plaintiff*

Remy Green
Cohen & Green
*Attorney for Plaintiff*

Jessica S. Massimi
99 Wall Street, Ste. 1264
New York, NY 10005
*Attorney for Plaintiff*

Gideon Orion Oliver
Attorney at Law
277 Broadway
Suite 1501
New York, NY 10007
*Attorney for Plaintiff*