

July 18, 2023

Hon. Vera M. Scanlon, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East, 1214 South
Brooklyn, New York 11201

By Electronic Filing.

    Re:    <u>Payamps v. City of New York</u>, 22-cv-00563

Dear Judge Scanlon:

    As the Court likely recalls, this firm represents the Plaintiff.  We write to respectfully request that the Court issue an Order directing the Defendants to produce their conflict waivers, or a statement that none exist, to Plaintiff. Plaintiff makes this request in light of the potential consequences of a failure to sort such issues out.  *See, e.g., Dunton v. County of Suffolk*, 729 F.2d 903, 908-09 (2d Cir. 1984) (vacating judgment for Plaintiff because of a conflict of interest in joint representation of a police officer and the county).  On June 29, 2023, we first wrote to ACC Michael Pesin, requesting the waivers by July 5th. As explained in more detail below, Mr. Pesin has not produced the requested information and has not responded to our request for a meet and confer.

    Despite trying for multiple weeks to just obtain the City's position on whether it will respond to our request, just today, the City's attorney demurred that it is "difficult for me to say exactly when I will have a response for you."

**Factual Background**

    ***Excessive Force:***  As the Court may recall, this case revolves around an assault by NYPD members against Plaintiff Kedwin Payamps as he stopped to observe a protest on June 4, 2020. When he pulled out his phone to record, officers yelled at him (illegally) to "get the fuck out of here," and then — despite Mr. Payamps's attempts to comply — Defendant Lance struck Mr. Payamps and his backpack with his baton. Approximately six other officers then threw Mr. Payamps to the ground continued assaulting him. Mr. Payamps was significantly injured and continues to experience pain in his leg, foot, and ankle.

    ***The investigation and representation switch.***  The CCRB investigated the incident.  It entered findings that those involved — including Defendant Lance and Defendant Johnson — provided misleading statements in the course of that investigation, and that Defendant Lance used excessive force.  Detective Lance was charged by the CCRB and faced an administrative trial.



A major part of Detective Lance's defense was that he never used excessive force against Plaintiff. He has emphasized that his baton strikes (at least as visible on video) hit Mr. Payamps' backpack. However, the City served interrogatory responses identifying only Defendant Lance as the individual who used force on Plaintiff, though Defendant Lance and his initial attorney repeatedly disputed this, pointing to the video and photographic evidence in this case which show that other NYPD members also used force on Mr. Payamps.

The City declined representation, and Defendant Lance was represented by private counsel. *See, e.g.,* ECF No. 20.  Indeed, Lance filed crossclaims against the City.  ECF No. 21 ¶¶ 289-294.[1] But after the administrative trial, the City took over representation of Lance without comment. *See* ECF Nos. 45-46; Apr. 24, 2023 Minute Order.  In his counsel's motion to withdraw, Defendant Lance did not comment at all on the conflict that was the initial reason for private counsel. *See generally*, ECF No. 45.  Rather, he filed a three-sentence letter motion simply stating that "the New York City law Department has undertaken representation of my client … Assistant Corporation [C]ounsel Michael Pesin-Virovets … will be filing a Notice of Appearance shortly.  Therefore, in light of the foregoing, I am requesting to be relieved as counsel[.]" *Id.*

More recently, Plaintiff has named and served nine individual officers, who (theoretically) include those who brutalized Mr. Payamps.  *See* ECF Nos. 67 and 78.  Presumably, the Court will soon receive the City's routine request for a "*sua sponte*" extension of time to answer, saying that extension will "allow time for the individual defendants to request representation and, if they so request, for this Office to make determinations regarding representation." *Accord,* ECF No. 11 at 2. And presumably those individual officers will request representation — meaning that within the Corporation Counsel, there will be two profoundly different versions of the story: one in which Defendant Lance did everything; and one in which he barely did anything.

**Discovery conflicts**.  Throughout discovery, Defendant Lance's counsel and the City's counsel have taken different factual positions.  That, of course, comes from the fact that they had profoundly different factual views of what happened with the City blaming Defendant Lance for the force used, and Lance pointing to the video which clearly shows additional NYPD members using excessive force.  For his part, Defendant Lance pushed very hard that he had no role in the force that actually caused Mr. Payamps injuries — and that it was really the then-unknown officers who took over who caused damage.  That fight crystalized in part because of the months of focus on identifying the John Doe officers — which, if the City identified and said "John Doe 3 used force on Mr. Payamps," that would have benefited Defendant Lance at the expense of the City and the individual Doe (who presumably will be represented by the Corporation Counsel).

**Requests for information**.  Shortly after Mr. Pesin took over representing Defendant Lance, on June 29, we sent a request to Mr. Pesin.   We specifically requested Defendants "produce all conflict waivers Defendant Lance has signed, or otherwise confirm there is no explicit waiver of conflicts" — or, if the City was unwilling to do so, provide a date and time to meet and confer

---

[1] Curiously, it is not clear whether the Corporation Counsel maintained those claims.  While there is an answer Defendant Lance jointly filed with other Defendants to the Amended Complaint (ECF No. 70), the crossclaims are not mentioned and were never withdrawn — thus they remain on the docket at ECF Nos. 21 and 29.



before" July 5, 2023. Mr. Pesin asked for until the 14th — which we reluctantly agreed to. However, neither a response nor a request for more time came on the 14th.

When we followed up, we initially received "I am working to get you a response this week." We said such a vague response was not acceptable and asked the City to simply take a position by the end of business on July 18 (allowing for more time for the actual answers — but to give us a yes or no on whether there was an objection to stating whether there was a conflict waiver and producing it if it exists). Defendants confirmed they had no firm plans to respond in any particular timeframe, with Mr. Pesin saying, "It is difficult for me to say exactly when I will have a response for you," explaining " — "I do not make these decision without consulting with my office first." Mr. Pesin also said, "I understand your position," presumably as to the problem with not getting even a position multiple weeks after a request to meet and confer.[2]

This motion followed — since this kind of indefinite stalling creates problems the longer it goes on, and has become a repeated pattern in this case.

### Discussion

There is always a latent conflict when one firm represents a municipality and an individual officer at the same time. That is because the municipality can try to "avoid liability by [arguing] that the employee[s were] not acting within the scope of [their official duties, because [their] unofficial actions [were] not be pursuant to municipal policy, "while the "employee[s], by contrast, [try to] partially or completely avoid liability by [arguing] that [they were] acting within the scope of [their] official duties." *Dunton*, 729 F.2d at 907. That pattern is similar to a routine defendant side conflict — where individuals might throw one another under the proverbial bus to avoid personal liability.

As set out above, the conflict here has left the latent stage, and is about to become much more significant as the City's lawyers take on representation of the incoming former-Doe Defendants. Put simply, when represented by individual counsel, Defendant Lance was directly adverse to the City — and the City and Lance took directly contradictory and opposing positions on the basic facts of what happened. That conflict will only get worse if and (inevitably) when the City accepts representation for the newly-named Defendants.

That might be enough for disqualification — or at least an order to show cause. *Cf., e.g.,* Order, *Jones v. City of Albany*, 18-cv-18 (NDNY), ECF No. 33, *citing Dunton*, 729 F2d at 909 (ordering the municipal defendant to show on this issue; note that *Jones* eventually allowed joint representation, but only after a closed-door conference). But if Plaintiff is to make a full motion — which, given the result in *Dunton*, he would be reckless not to if there is no knowing waiver — a core part of the analysis is whether there is a knowing waiver of conflicts. Plaintiff has sought to confirm this with Defendants' counsel at the earliest possible stage, and has been met with only stalling.

Thus, Plaintiff asks the Court to enter an order setting a date certain — in the very near future — where Defendants must either produce written waivers for all current Defendants, or

---

[2] *Cf., e.g.,* ECF No. 73 at 2-3 (highlighting the reasons having a mediation without the ultimate decision makers present would be unproductive).

COHEN&GREEN                                                                                                          Page 3 of 4

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t: (929) 888.9480  ·  f: (929) 888.9457  ·  FemmeLaw.com



confirm none exist.³  As noted in the footnote below, there are — of course — other courses that may make sense here.  But ultimately, there is no colorable reason for Defendants to refuse to at least disclose whether there is a waiver, given that the conflict is live and problematic in this case — and, indeed, could threaten any verdict Plaintiff obtained, as in *Dunton*.  There is even less colorable reason for Defendants to be totally unable to even take a position on whether they will make that disclosure.

As ever, we thank the Court for its time.

Respectfully submitted,

/s/
_____
J. Remy Green
   *Pronouns/Honorific:  they, them / Mx.*
Jessica Massimi
   *Pronouns: She/Her*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiff*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by ECF.

---

³ That said, shifting the burden to Defendants with an order to show cause would also be reasonable.



Page 4 of 4

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com