

August 3, 2023

**BY ECF**
Hon. Vera M. Scanlon, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East, 1214 South
Brooklyn, New York 11201

      Re:    **Payamps v. City of New York**, 22-cv-00563

Dear Judge Scanlon:

      We are co-counsel for Plaintiff in this matter. Plaintiff respectfully requests that the Court issue an Order directing the Defendants to provide responses to Plaintiff's Requests for Admission ("RFAs") pursuant to Federal Rule of Civil Procedure 30(a)(6) because the Defendants have interposed baseless objections making their responses unusable. Defendants also failed to conduct the reasonable inquiries Rule 36 requires, and provide a description of those inquiries where they claim to have done so.

## BACKGROUND

      On April 18, 2023, Plaintiff served RFAs on the Defendants. On May 25, 2023, Defendants moved for a protective order, relieving them of the obligation to respond to requests for admission propounded by Plaintiff. ECF 54; Plaintiff's Opposition at ECF 56. On June 7, the Court issued an Order denying Defendants' motion, noting that "the requests for admission that are the subject of the motion are an effort by Plaintiff to identify the remaining Doe Defendants, see ECF No. 56 at 3, which has been an ongoing issue in this civil rights action. Plaintiff's requests for admission are 20 identical sets of the same 16 requests. The Court noted that Plaintiff's RFAs reflect a "reasonable effort to identify any additional Doe Defendants and to avoid unnecessary discovery."

      On June 30, 2023, the Defendants provided improper responses and objections to Plaintiff's RFAs. I raised the deficiencies with ACC Michael Pesin. On July 12, 2023, Remy Green and I met and conferred by telephone with Mr. Pesin for about one hour. Mr. Pesin agreed to correct some deficiencies consisting largely of typos, but ultimately said the Defendants maintain their objections regarding the issues outlined herein requiring Court intervention. On July 21, 2023, Defendants served their Amended RFA responses which are attached as Exhibit A.

      For the final two of the 16 requests, Defendants pretended not to understand what the request meant (notwithstanding the Court's analysis of the request), and refused to provide any answer to any of the 15th or 16th RFA per John Doe. As it stands, Defendants have refused to amend their responses to remove objections to basic words and phrases such as:



- Object to "events" as vague and ambiguous though Plaintiff confined these RFAs to "events depicted in DEF 327", which is a video of the subject incident (RFA numbers 1, 17, 33, 49, 65, 81, 97, 113, 129, 145, 161, 177, 193, 209, 225, 241, 257, 273, 289, 305);

- Object to "near" as vague and ambiguous though Plaintiff confined these RFAs to "near the intersection of Washington Avenue and Fulton Street in Brooklyn" (RFA numbers 2, 18, 34, 50, 66, 82, 98, 114, 130, 146, 162, 178, 194, 210, 226, 242, 258, 274, 290, 306);

- Object to "near" and "events" as vague and ambiguous though Plaintiff confined these RFAs as "events depicted in DEF 327" and "near the intersection of Washington Avenue and Fulton Street in Brooklyn (RFA numbers 3, 19, 35, 51, 67, 83, 99, 115, 131, 147, 163, 179, 195, 211, 227, 243, 259, 275, 291, 307);

- Object to "arrest," and redefining it as the mere physical act of handcuffing (RFA numbers 4, 20, 36, 52, 68, 84, 100, 116, 132, 148, 164, 180, 196, 212, 228, 244, 260, 276, 292, 308)[1];

- Object to "near" as vague and ambiguous though Plaintiff confined these RFAs to "near the intersection of Washington Avenue and Fulton Street in Brooklyn" (RFA numbers 5, 21, 37, 53, 69, 85, 101, 117, 133, 149, 165, 181, 197, 213, 229, 261, 277, 293, 309);

- Object to "order" and "command" (RFA numbers 7, 23, 39, 55, 71, 87, 103, 119, 135, 151, 167, 183, 199, 215, 231, 263, 279, 295, 311); Object to "order" and "command" (RFA numbers 11, 27, 43, 59, 75, 91, 107, 123, 139, 155, 171, 187, 203, 219, 235, 267, 283, 299, 315);

- Object to "force" (RFA numbers 13, 29, 45, 61, 77, 93, 109, 125, 141, 157, 173, 189, 205, 221, 237, 269, 285, 301, 317);

- Objects to "use of force" and "personal knowledge" (RFA numbers 14, 30, 46, 62, 78, 94, 110, 126, 142, 158, 174, 190, 206, 222, 238, 254, 270, 286, 302, 318);

- Object to "information", "another person" and "use of force" (RFA numbers 15, 31, 47, 63, 79, 95, 111, 127, 143, 159, 175, 191, 207, 223, 239, 255, 271, 287, 303, 319); and

- Object to "information", "another person" and "use of force" (RFA numbers 16, 32, 48, 64, 80, 96, 112, 128, 44, 160, 176, 192, 208, 224, 240, 256, 272, 288, 304, 320).

- 40 times, Defendants qualify their responses by stating "after reasonable inquiry . . . they are unable to fairly admit or deny . . . because they are unclear as to what is specifically requested to be admitted to denied" though the RFA is clear and though Defendants fail to provide a detailed explanation of the inquiry they claim to have performed.

---

[1] During the meet and confer Mr. Pesin refused to acknowledge that the law does not define "arrest" as only "handcuffing," and refused to take any position on when he believes Plaintiff was legally arrested.



Page 2 of 5

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



# ARGUMENT

## I.   The Court "Must Order" Defendants to Answer the RFAs

### A.  Rule 36

Rule 36 outlines a simple procedure for responding to a request for admission. ECF No. 626. An answering party may admit or deny a request or "state in detail why the answering party cannot truthfully admit or deny it." Fed. R. Civ. P. 36(a)(4). "[W]hen good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." The Rule also provides that the "answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." *Id.* Alternatively, if a request is improper, an answering party may assert objections "specifically related" to each request, *Henry v. Champlain Enterps., Inc.*, 212 F.R.D. 73, 77–78 (N.D.N.Y. 2003) (emphasis added), but "must not object solely on the ground that the request presents a genuine issue for trial," Fed. R. Civ. P. 36(a)(5).

Rule 36 empowers the requesting party to challenge the sufficiency of an answer or objection. Fed. R. Civ. P. 36(a)(6). In determining the sufficiency of responses, the Court is "'invested with substantial discretion under Rule 36.'" *Versatile Housewares v. SAS Grp.*, No. 09-CV-10182, 2010 WL 11601225, at *1 (S.D.N.Y. July 15, 2010) (quoting *Dubin v. E.F. Hutton Grp. Inc.*, 125 F.R.D. 372, 373 (S.D.N.Y. 1989)). However, "[u]nless the court finds an objection justified, it *must* order that an answer be served." Fed. R. Civ. P. 36(a)(6) (emphasis added). Or, in its discretion, "the court may order either that the matter is admitted or that an amended answer be served" when "the respondent fails to make the requested admission and none of the relevant exceptions set forth in Rule 37(c) apply; that is, where a responding party objects to a proper request for admission, makes an evasive denial (*i.e.*, one that does not specifically deny the matter), or makes a response that does not set forth *'in detail'* the reasons why the answering party cannot truthfully admit or deny the matter." *Herrera v. Scully*, 143 F.R.D. 545, 549–50 (S.D.N.Y. 1992) (citing Fed. R. Civ. R. 36(a)). "'[A] refusal to admit, without detailed reasons why the responder cannot truthfully admit or deny[,] is the equivalent of an admission.'" *Guadalupe v. City of New York*, No. 15-CIV-0220, 2016 WL 3570545, at *3 n.3 (S.D.N.Y. June 24, 2016) (quoting *Booth Oil Site Admin. Grp. v. Safety-Kleen Corp.*, 194 F.R.D. 76, 80 (W.D.N.Y. 2000)).

### B.  Defendants' Objections Are Unjustified

Defendants have asserted numerous generic and sometimes frivolous and bad-faith objections in response to the RFAs. *See* Ex. A (Defs.' Amended Objections and Responses to the RFAs). As set forth below, these objections are unjustified and fail to comply with Rule 36.

***Objections: Claim Lack of Understanding as to Basic Words***

Defendants repeatedly object that certain requests contain "vague" and "ambiguous" phrases though when pressed, such as during our meet and confer where I asked Mr. Pesin to discuss his understanding of the moment of Plaintiff's arrest, they refused to have a productive and real conversation about their alleged misunderstanding of basis words. Again, the Rule deals with

COHEN&GREEN                                                                                                          Page 3 of 5

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



this. "[W]hen good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." Fed. R. Civ. P. 36(a)(4). "Generally, qualification is permitted if the statement, although containing some truth, . . . standing alone out of context of the whole truth . . . convey[s] unwarranted unfair references." *Diederich*, 132 F.R.D. at 619.

The bulk of Defendants' vagueness challenges are about words the police use every day such as "force" and "arrest." Other words they object to are even more basic, such as "near" or "events." None of this is proper.

In many instances, notwithstanding whatever the purported objection was, Defendants still answer the RFA. For those, the Court should overrule these objections outright, and strike the offending objections. It is improper to leave an admission qualified by a boilerplate objection that qualifies it in some unknown way.

For the 15th and 16th RFA in each set, after claiming not to understand the plain meaning of the RFA — as the Court put it, whether an individual "(15) has received information regarding the use of force on Plaintiff, and (16) has received information as to the NYPD's interactions with Plaintiff." (Jun. 7, 2023 Minute Order) — Defendants refuse to provide an answer. But the request is not ambiguous or hard to understand — indeed, the phrase "received information" is taken from how NYPD officers themselves speak and fill out paperwork.[2] It is likely that is true because it happens to be the language used in the probable cause standard the Second Circuit has articulated. *Betts v. Shearman*, 751 F.3d 78, 82 (2d Cir. 2014), *quoting Panetta v. Crowley*, 460 F.3d 388, 395 (2d Cir. 2006). It is simply not true that the word "information" is so unclear that Defendants cannot fairly admit or deny whether a particular person "received information" about "NYPD use of force on Kedwin Payamps" or "NYPD interactions with Kedwin Payamps on June 4, 2020." RFAs 15 and 16. Indeed, had any officer received — say — a CI tip, they would precisely say that they "received information from" that CI. *Velasquez v. City of N.Y.*, 2012 U.S. Dist. LEXIS 9224, at *4 (S.D.N.Y. Jan. 25, 2012). For these, the Court should overrule the objection and direct an answer within two weeks.

**II.    Mandatory Fees Under Rule 37 are Required.**

As set out above, Defendants' repeated refusals—across multiple motions now, and half a dozen meetings—to follow the simple process set out in Rule 36 are frivolous, bad faith, and not justified by any authority. Rule 37 provides, in mandatory terms that when a discovery motion is granted, "the court *must* . . . award reasonable motion expenses incurred in making the motion.'" *Underdog Trucking, L.L.C. v. Verizon Servs. Corp.*, 273 F.R.D. 372, 377 (S.D.N.Y. 2011) (quoting Fed. R. Civ. P. 37) (emphasis added in *Underdog*). "The mandatory nature of the imposition of expenses reflects a policy choice aimed at reducing the burden on the courts by deterring parties … from resisting discovery without justification." *Jackson v Nassau Cnty.*, No. 18-CV-3007, 2022 U.S. Dist. LEXIS 83333, at *4–5 (E.D.N.Y. May 9, 2022) (cleaned up). And indeed, "[t]his standard requires

---

[2] *See, for example, Velasquez v. City of N.Y.*, 2012 U.S. Dist. LEXIS 9224, at *4 (S.D.N.Y. Jan. 25, 2012). ("Detective Fleming estimated at his deposition that he had received information from this particular CI on approximately twelve to fifteen prior occasions");

Page 4 of 5

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t: (929) 888.9480  ·  f: (929) 888.9457  ·  FemmeLaw.com



only an inquiry as to 'an objective test of reasonableness' and not as to whether the party or counsel acted 'in good faith.'" *Id.* (internal citation omitted).

   Given, in particular, Defendants' assertion that they do not understand what the words "arrest," "order," "use of force," or other routine phrases in police practice — along with the bad faith assertion that Plaintiff "fails to define" the explicitly term "personal knowledge," defined in the RFAs themselves (RFA at 1, incorporating D&I at ¶¶ 6-7[3]) — the mandatory fees here should be awarded. Defendants have once again forced the Court to decide an issue by using boilerplate, inapplicable, and scattershot objections to obfuscate what their discovery responses really mean. And they have done so even after the Court already opined the requests here were reasonable, and the Court itself spelled out what they sought in plain English.

   We thank the Court for its time.

Respectfully submitted,

/s/
_____
Jessica Massimi
 *Pronouns: She/Her*
Remy Green
 *Pronouns: Mx./They*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiff*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by ECF.

---

[3] That definition, which completely addresses Defendants' theoretical issue, is relevantly: "'Personal Knowledge' with respect to the actions or conduct of a particular person is defined as first-hand observation of that person, as distinguished from (a) first-hand observation of a group of persons in or around the person's general vicinity, and (b) information relayed by another member of the NYPD or any other third party."

COHEN&GREEN   Page 5 of 5

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com