UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

KEDWIN PAYAMPS,

                                        Plaintiff,

                    -against-

THE CITY OF NEW YORK; MAYOR BILL DE
BLASIO; NEW YORK CITY POLICE DEPARTMENT
("NYPD") COMMISSIONER DERMOT SHEA; NYPD
CHIEF OF DEPARTMENT TERENCE MONAHAN;
NYPD INSPECTOR JESSE LANCE; NYPD OFFICER
COREY JOHNSON; FIRST NAME UNKNOWN ("FNU")
AUGUSTE (TAX I.D. 961629); AND NYPD MEMBERS
JOHN AND JANE DOES 1-7,

                                        Defendants.

------------------------------------------------------------------------ x

**DEFENDANTS'
AMENDED RESPONSES
AND OBJECTIONS TO
PLAINTIFF'S FIRST SET
OF REQUESTS FOR
ADMISSIONS**

22-CV-0563 (AMD) (VMS)

            Pursuant to Rule 36 of the Federal Rules of Civil Procedure, defendants respond

and object to plaintiff's First Set of Requests for Admissions as follows:

                    **GENERAL STATEMENT AND GENERAL OBJECTIONS**

            1.        By responding to any request, defendants do not concede the materiality of

the subject to which it refers.  Defendants' responses are made expressly subject to, and without

waiving or intending to waive, any questions, or objections as to the competency, relevancy,

materiality, privilege, or admissibility as evidence or for any other purpose, of any of the

information provided, or of the subject matter thereof, in any proceeding including the trial of

this action or any subsequent proceeding.

            2.        Inadvertent production of any information which is privileged, was

prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute

a waiver of any privilege or of another ground for objecting to discovery with respect to that

information or its subject matter,  or of defendants' right to object to the use of any such information during any proceeding in this litigation or otherwise.

3.      Defendants object to the phraseology in Plaintiff's First Requests for Admission to the extent that such phraseology, *inter alia*, requires answers with explanations in order to address requests for admissions.

**RESPONSES AND OBJECTIONS TO REQUESTS FOR ADMISSIONS**

**ADMISSION REQUEST NO. 1:**

Sergeant Kitwane Lewis was on duty working a shift as an NYPD member on June 4, 2020 when the events depicted in DEF 327 occurred.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 1:**

Defendants object to Admission Request No. 1 on the grounds that it is vague and ambiguous as to the meaning of, and fails to, define the term "events" and, furthermore, uses "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin v. E.F. Hutton Group Inc.*, 125 F.R.D. 372, 376 (S.D.N.Y. 1989). Notwithstanding these specific objections, and subject to, and without waiving or in any way limiting these specific objections, or the General Objections, Defendants admit that, on June 4, 2020 at or around the time of Plaintiff's arrest at 10:12 p.m., Sergeant Kitwane Lewis was on duty for his scheduled tour as an NYPD officer.

**ADMISSION REQUEST NO. 2:**

Sergeant Kitwane Lewis was present near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 2:**

Defendants object to Admission Request No. 2 on the grounds that it is vague, ambiguous, and overbroad as it fails to defines the term "near" and, furthermore,  uses "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding and without waiving or in any way limiting these  or the General Objections, Defendants admit that during his June 4, 2020 tour, Sgt. Lewis was present in the neighborhood where Washington Avenue and Fulton Street in Brooklyn, New York are located.

**ADMISSION REQUEST NO. 3:**

Sergeant Kitwane Lewis was within 15 feet of Defendant Lance near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York when the events depicted in DEF 327 occurred on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 3:**

Defendants object to Admission Request No. 3 on the grounds that it is vague, ambiguous and overbroad as it fails to define the term "near" and "events" and, furthermore, uses "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants state that, after reasonable inquiry, including an interview of Sergeant Lewis regarding the subject incident and a review of the information in their possession or that is readily attainable, they cannot either admit or deny whether Sgt. Lewis was within 15 feet of Defendant Lance at all or any times of the documented events depicted in the video produced as DEF 327.

**ADMISSION REQUEST NO. 4:**

Sergeant Kitwane Lewis was within 10 feet of Plaintiff when he was arrested near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York when Plaintiff was arrested on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 4:**

Defendants object to Admission Request No. 4 on the grounds that it is vague and ambiguous as it fails to define "arrest," for example if it is at the point when Plaintiff was first placed in handcuffs or some other time, and, furthermore, uses "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Defendants further object to this admission request on the grounds that it confusing and unintelligible as it states "when [Plaintiff or he] was arrested" twice. Notwithstanding  and without waiving or in any way limiting these or the General Objections, Defendants state that, after reasonable inquiry, including an interview of Sergeant Lewis regarding the subject incident and a review of the information in their possession or that is readily attainable, they cannot either admit or deny whether Sgt. Lewis was within 10 feet of Plaintiff at the time he was handcuffed on June 4, 2020.

**ADMISSION REQUEST NO. 5:**

Sergeant Kitwane Lewis observed Kedwin Payamps near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 5:**

Defendants object to Admission Request No. 5 on the grounds that it is vague, ambiguous, and overbroad as it fails to define the term "near" and, furthermore, uses "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376.  Notwithstanding  and without waiving or in any way limiting this or the General

Objections, Defendants state that Sgt. Lewis does not believe he observed Kedwin Payamps on June 4, 2020.

**ADMISSION REQUEST NO. 6:**

Sergeant Kitwane Lewis spoke with Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 6:**

Deny.

**ADMISSION REQUEST NO. 7:**

Sergeant Kitwane Lewis gave an order or command to Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 7:**

Defendants object to Admission Request No. 7 on the grounds that it is vague and ambiguous as it fails to define the terms "order" and "command" and, furthermore, uses "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants deny.

**ADMISSION REQUEST NO. 8:**

Sergeant Kitwane Lewis physically touched Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 8:**

Defendants state that after reasonable inquiry and review of the information it knows or can readily obtain, they are unable to admit or deny Admission Request No. 8 on the grounds that it is unknown whether Sgt. Lewis unknowingly made physical contact with Kedwin Payamps on June 4, 2020, however, Defendants deny that Sgt. Lewis made any intentional physical contact with Kedwin Payamps.

**ADMISSION REQUEST NO. 9:**

Sergeant Kitwane Lewis used force on Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 9:**

Defendants deny to the extent that "used force" is defined as intentional conduct;

otherwise, Defendants refer Plaintiff to their response to Admission Request No. 8.

**ADMISSION REQUEST NO. 10:**

Sergeant Kitwane Lewis heard another NYPD member speak with Kedwin

Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 10:**

Deny.

**ADMISSION REQUEST NO. 11:**

Sergeant Kitwane Lewis heard another NYPD member give an order or command

to Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 11:**

Defendants object to Admission Request No. 11 on the grounds that it is vague

and ambiguous as it fails to define the terms "order" and "command" and, furthermore, uses

"vague and ambiguous wording that does not allow defendants fairly to admit or to deny."

*Dubin*, 125 F.R.D. at 376. Notwithstanding  and without waiving or in any way limiting these or

the General Objections, Defendants deny.

 **ADMISSION REQUEST NO. 12:**

Sergeant Kitwane Lewis observed another NYPD member touch Kedwin

Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 12:**

Deny.

**ADMISSION REQUEST NO. 13:**

Sergeant Kitwane Lewis observed another NYPD member use force on Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 13:**

Defendants object to Admission Request No. 13 on the grounds that it is vague and ambiguous as it fails to define the term "force" and, furthermore, uses "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants deny.

**ADMISSION REQUEST NO. 14:**

Sergeant Kitwane Lewis has Personal Knowledge related to a use of force against Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 14:**

Defendants object to Admission Request No. 14 on the grounds that it is vague and ambiguous as it fails to define the term "use of force" and whether "Personal Knowledge" includes the mere knowledge that Plaintiff has made the allegation via the instant civil rights action or something beyond that. Additionally, Defendants object to the extent it seeks information protected by the Attorney-Client privilege. Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants deny that Sgt. Lewis has knowledge, defined as that, on June 4, 2020, he personally observed a use of force upon Kedwin Payamps.

**ADMISSION REQUEST NO. 15:**

Sergeant Kitwane Lewis received information from another person regarding NYPD use of force on Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 15:**

Defendants object to Admission Request No. 15 to the extent it seeks information which is subject to the Attorney-Client privilege. Defendants further object on the grounds that it is vague and ambiguous as the terms "information" "another person," and "use of force" as those terms are overbroad and not defined and, furthermore, uses "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376.  Defendants further object on the grounds that Admission Request No. 15 is overbroad as it does not provide a specific timeframe for the requested information. Notwithstanding  and without waiving or in any way limiting these or the General Objections, Defendants state that after reasonable inquiry, including an interview of Sergeant Lewis regarding the subject incident and a review of the information in their possession or that is readily attainable, they are unable to fairly admit or deny Admission Request No. 15 because they are unclear as to what is specifically requested to be admitted or denied.

**ADMISSION REQUEST NO. 16:**

Sergeant Kitwane Lewis received information from another person regarding NYPD interactions with Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 16:**

Defendants object to Admission Request No. 16 to the extent it seeks information which is subject to the Attorney-Client privilege. Defendants further object on the grounds that it is vague and ambiguous as the terms "information" "another person," and "use of force" as those terms are overbroad and not defined and, furthermore, uses "vague and ambiguous wording that

does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376.  Defendants further object on the grounds that Admission Request No. 16 is overbroad as it does not provide a specific timeframe for the requested information. Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants state that after reasonable inquiry, including an interview of Sergeant Lewis regarding the subject incident and a review of the information in their possession or that is readily attainable, they are unable to fairly admit or deny Admission Request No. 16 because they are unclear as to what is specifically requested to be admitted or denied.

**ADMISSION REQUEST NO. 17:**

Officer Matthew Erdman was on duty working a shift as an NYPD member on June 4, 2020 when the events depicted in DEF 327 occurred.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 17:**

Defendants object to Admission Request No. 17 on the grounds that it is vague and ambiguous as to the meaning of and fails to define the term "events" and, furthermore, uses "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin v. E.F. Hutton Group Inc.*, 125 F.R.D. 372, 376 (S.D.N.Y. 1989). Notwithstanding these specific objections, and subject to, and without waiving or in any way limiting these specific objections, or the General Objections, Defendants admit that, on June 4, 2020 at or around the time of Plaintiff's arrest at 10:12 p.m., Officer Matthew Erdman was on duty for his scheduled tour as an NYPD officer.

**ADMISSION REQUEST NO. 18:**

Officer Matthew Erdman was present near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 18:**

Defendants object to Admission Request No. 18 on the grounds that it is vague, ambiguous, and overbroad as it fails to defines the term "near" and, furthermore, uses "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding and without waiving or in any way limiting these  or the General Objections, Defendants admit that during his June 4, 2020 tour, Officer Erdman was present in the neighborhood where Washington Avenue and Fulton Street in Brooklyn, New York are located.

**ADMISSION REQUEST NO. 19:**

Officer Matthew Erdman was within 15 feet of Defendant Lance near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York when the events depicted in DEF 327 occurred on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 19:**

Defendants object to Admission Request No. 19 on the grounds that it is vague, ambiguous and overbroad as it fails to define the term "near" and "events" and, furthermore, uses "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants state that, after reasonable inquiry, including an interview of Officer Erdman regarding the subject incident and a review of the information in their possession or that is readily attainable, they cannot either admit or deny whether Officer Erdman was within 15 feet of Defendant Lance at all or any times of the documented events depicted in the video produced as DEF 327.

**ADMISSION REQUEST NO. 20:**

Officer Matthew Erdman was within 10 feet of Plaintiff when he was arrested near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York when Plaintiff was arrested on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 20:**

Defendants object to Admission Request No. 20 on the grounds that it is vague and ambiguous as it fails to define "arrest", for example if it is at the point when Plaintiff was first placed in handcuffs or some other time, and, furthermore, uses "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Defendants further object to this admission request on the grounds that it confusing and unintelligible as it states "when [Plaintiff or he] was arrested" twice. Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants state that, after reasonable inquiry, including an interview of Officer Erdman regarding the subject incident and a review of the information in their possession or that is readily attainable, they cannot either admit or whether Officer Erdman was within 10 feet of Plaintiff at the time he was handcuffed on June 4, 2020.

**ADMISSION REQUEST NO. 21:**

Officer Matthew Erdman observed Kedwin Payamps near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 21:**

Defendants object to Admission Request No. 5 on the grounds that it is vague, ambiguous, and overbroad as it fails to define the term "near" and, furthermore, uses "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding and without waiving or in any way limiting this or the General

Objections, Defendants state that Officer Erdman does not believe he observed Kedwin Payamps on June 4, 2020.

**ADMISSION REQUEST NO. 22:**

Officer Matthew Erdman spoke with Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 22:**

Deny.

**ADMISSION REQUEST NO. 23:**

Officer Matthew Erdman gave an order or command to Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 23:**

Defendants object to Admission Request No. 23 on the grounds that it is vague and ambiguous as it fails to define the terms "order" and "command" and, furthermore, uses "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants deny.

**ADMISSION REQUEST NO. 24:**

Officer Matthew Erdman physically touched Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 24:**

Defendants state that after reasonable inquiry and review of the information it knows or can readily obtain, they are unable to admit or deny Admission Request No. 24 on the grounds that it is unknown whether Officer Erdman unknowingly made physical contact with Kedwin Payamps on June 4, 2020, however, Defendants deny that Officer Erdman made any intentional physical contact with Kedwin Payamps.

**ADMISSION REQUEST NO. 25:**

Officer Matthew Erdman used force on Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 25:**

Defendants deny to the extent that "used force" is defined as intentional conduct; otherwise, Defendants refer Plaintiff to their response to Admission Request No. 24.

**ADMISSION REQUEST NO. 26:**

Officer Matthew Erdman heard another NYPD member speak with Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 26:**

Deny.

**ADMISSION REQUEST NO. 27:**

Officer Matthew Erdman heard another NYPD member give an order or command to Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 27:**

Defendants object to Admission Request No. 27 on the grounds that it is vague and ambiguous as it fails to define the terms "order" and "command" and, furthermore, uses "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants deny.

**ADMISSION REQUEST NO. 28:**

Officer Matthew Erdman observed another NYPD member touch Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 28:**

Defendants state that after reasonable inquiry and review of the information it knows or can readily obtain, they are unable to  admit or deny whether Officer Erdman observed another NYPD member touch Kedwin Payamps on June 4, 2020.

**ADMISSION REQUEST NO. 29:**

Officer Matthew Erdman observed another NYPD member use force on Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 29:**

Defendants object to Admission Request No. 29 on the grounds that it is vague and ambiguous as it fails to define the term "force" and, furthermore, uses "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376.  Notwithstanding  and without waiving or in any way limiting these or the General Objections, Defendants deny.

**ADMISSION REQUEST NO. 30:**

Officer Matthew Erdman has Personal Knowledge related to a use of force against Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 30:**

Defendants object to Admission Request No. 30 on the grounds that it is vague and ambiguous as it fails to define the term "use of force" and whether "Personal Knowledge" includes the mere knowledge that Plaintiff has made the allegation via the instant civil rights action or something beyond that.  Additionally, Defendants object to the extent it seeks information protected by the Attorney-Client privilege. Notwithstanding  and without waiving or in any way limiting these or the General Objections, Defendants deny that Officer Erdman has

knowledge, defined as that, on June 4, 2020, he personally observed a use of force upon Kedwin Payamps.

**ADMISSION REQUEST NO. 31:**

Officer Matthew Erdman received information from another person regarding NYPD use of force on Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 31:**

Defendants object to Admission Request No. 31 to the extent it seeks information which is subject to the Attorney-Client privilege. Defendants further object on the grounds that it is vague and ambiguous as the terms "information" "another person," and "use of force" as those terms are overbroad and not defined and, furthermore, Defendants object on the grounds that this Admission Request uses "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Defendants further object on the grounds that Admission Request No. 31 is overbroad as it does not provide a specific timeframe for the requested information. Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants state that after reasonable inquiry, including an interview of Officer Erdman regarding the subject incident and a review of the information in their possession or that is readily attainable, they are unable to fairly admit or deny Admission Request No. 31 because they are unclear as to what is specifically requested to be admitted or denied.

**ADMISSION REQUEST NO. 32:**

Officer Matthew Erdman received information from another person regarding NYPD interactions with Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 32:**

Defendants object to Admission Request No. 32 to the extent it seeks information which is subject to the Attorney-Client privilege. Defendants further object on the grounds that it

is vague and ambiguous as the terms "information" "another person," and "use of force" as those terms are overbroad and not defined and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Defendants further object on the grounds that Admission Request No. 32 is overbroad as it does not provide a specific timeframe for the requested information. Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants state that after reasonable inquiry, including an interview of Officer Erdman regarding the subject incident and a review of the information in their possession or that is readily attainable, they are unable to fairly admit or deny Admission Request No. 32 because they are unclear as to what is specifically requested to be admitted or denied.

## ADMISSION REQUEST NO. 33:

Officer Kevin Forrester was on duty working a shift as an NYPD member on June 4, 2020 when the events depicted in DEF 327 occurred.

## OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 33:

Defendants object to Admission Request No. 33 on the grounds that it is vague and ambiguous as to the meaning of and fails to define the term "events" and, furthermore, uses "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin v. E.F. Hutton Group Inc.*, 125 F.R.D. 372, 376 (S.D.N.Y. 1989). Notwithstanding these specific objections, and subject to, and without waiving or in any way limiting these specific objections, or the General Objections, Defendants admit that, on June 4, 2020 at or around the time of Plaintiff's arrest at 10:12 p.m., Officer Kevin Forrester was on duty for his scheduled tour as an NYPD officer.

**ADMISSION REQUEST NO. 34:**

Officer Kevin Forrester was present near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 34:**

Defendants object to Admission Request No. 34 on the grounds that it is vague, ambiguous, and overbroad as it fails to defines the term "near" and, furthermore, uses "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding and without waiving or in any way limiting these  or the General Objections, Defendants admit that during his June 4, 2020 tour, Officer Forrester was present in the neighborhood where Washington Avenue and Fulton Street in Brooklyn, New York are located.

**ADMISSION REQUEST NO. 35:**

Officer Kevin Forrester was within 15 feet of Defendant Lance near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York when the events depicted in DEF 327 occurred on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 35:**

Defendants object to Admission Request No. 35 on the grounds that it is vague, ambiguous and overbroad as it fails to define the term "near" and "events" and, furthermore, uses "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants state that, after reasonable inquiry, including an interview of Officer Forrester regarding the subject incident and a review of the information in their possession or that is readily attainable, they cannot either admit or deny whether Officer

Forrester was within 15 feet of Defendant Lance at all or any times of the documented events depicted in the video produced as DEF 327.

**ADMISSION REQUEST NO. 36:**

Officer Kevin Forrester was within 10 feet of Plaintiff when he was arrested near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York when Plaintiff was arrested on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 36:**

Defendants object to Admission Request No. 36 on the grounds that it is vague and ambiguous as it fails to define "arrest", for example if it is at the point when Plaintiff was first placed in handcuffs or some other time, and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Defendants further object to this admission request on the grounds that it confusing and unintelligible as it states "when [Plaintiff or he] was arrested" twice. Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants state that, after reasonable inquiry, including an interview of Officer Forrester regarding the subject incident and a review of the information in their possession or that is readily attainable, they cannot either admit or deny whether Officer Kevin Forrester was within 10 feet of Plaintiff at the time he was handcuffed on June 4, 2020.

**ADMISSION REQUEST NO. 37:**

Officer Kevin Forrester observed Kedwin Payamps near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 37:**

Defendants object to Admission Request No. 37 on the grounds that it is vague, ambiguous, and overbroad as it fails to define the term "near" and, furthermore, uses "vague and

ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376.  Notwithstanding  and without waiving or in any way limiting this or the General Objections,  Defendants state that after reasonable inquiry and review of the information it knows or can readily obtain, they are unable to  admit or deny Admission Request No. 37 on the grounds that Officer Forrester does not recall if he observed the Plaintiff near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York on June 4, 2020.

**ADMISSION REQUEST NO. 38:**

Officer Kevin Forrester spoke with Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 38:**

Deny.

**ADMISSION REQUEST NO. 39:**

Officer Kevin Forrester gave an order or command to Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 39:**

Defendants object to Admission Request No. 38 on the grounds that it is vague and ambiguous as it fails to define the terms "order" and "command" and, furthermore, uses "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants deny.

**ADMISSION REQUEST NO. 40:**

Officer Kevin Forrester physically touched Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 40:**

Defendants state that after reasonable inquiry and review of the information it knows or can readily obtain, they are unable to  admit or deny Admission Request No. 40 on the

grounds that it is unknown whether Officer Forrester unknowingly made physical contact with Kedwin Payamps on June 4, 2020, however, Defendants deny that Officer Forrester made any intentional physical contact with Kedwin Payamps.

**ADMISSION REQUEST NO. 41:**

Officer Kevin Forrester used force on Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 41:**

Defendants deny to the extent that "used force" is defined as intentional conduct; otherwise, Defendants refer Plaintiff to their response to Admission Request No. 40.

**ADMISSION REQUEST NO. 42:**

Officer Kevin Forrester heard another NYPD member speak with Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 42:**

Deny.

**ADMISSION REQUEST NO. 43:**

Officer Kevin Forrester heard another NYPD member give an order or command to Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 43:**

Defendants object to Admission Request No. 43 on the grounds that it is vague and ambiguous as it fails to define the terms "order" and "command" and, furthermore, uses "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." Dubin, 125 F.R.D. at 376. Notwithstanding  and without waiving or in any way limiting these or the General Objections, Defendants deny.

- 20 -

**ADMISSION REQUEST NO. 44:**

Officer Kevin Forrester observed another NYPD member touch Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 44:**

Defendants admit that, on June 4, 2020, at or around the time of Plaintiff's arrest at 10:12 p.m., near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York, Officer Kevin Forrester, observed other NYPD members make physical contact with the Plaintiff.

**ADMISSION REQUEST NO. 45:**

Officer Kevin Forrester observed another NYPD member use force on Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 45:**

Defendants object to Admission Request No. 45 on the grounds that it is vague and ambiguous as it fails to define the term "force" and uses "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding these specific objections, and subject to, and without waiving or in any way limiting these specific objections, or the General Objections, Defendants deny.

**ADMISSION REQUEST NO. 46:**

Officer Kevin Forrester has Personal Knowledge related to a use of force against Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 46:**

Defendants object to Admission Request No. 14 on the grounds that it is vague and ambiguous as it fails to define the term "use of force" and whether "Personal Knowledge" includes the mere knowledge that Plaintiff has made the allegation via the instant civil rights

action or something beyond that.   Additionally, Defendants object to the extent it seeks information protected by the Attorney-Client privilege. Notwithstanding  and without waiving or in any way limiting these or the General Objections, Defendants deny that Officer Kevin Forrester has knowledge, defined as that, on June 4, 2020, he personally observed a use of force upon Kedwin Payamps.

**ADMISSION REQUEST NO. 47:**

Officer Kevin Forrester received information from another person regarding NYPD use of force on Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 47:**

Defendants object to Admission Request No. 47 to the extent it seeks information which is subject to the Attorney-Client privilege. Defendants further object on the grounds that it is vague and ambiguous as the terms "information" "another person," and "use of force" as those terms are overbroad and not defined and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376.  Defendants further object on the grounds that Admission Request No. 47 is overbroad as it does not provide a specific timeframe for the requested information. Notwithstanding  and without waiving or in any way limiting these or the General Objections, Defendants state that after reasonable inquiry, including an interview of Officer Forrester regarding the subject incident and a review of the information in their possession or that is readily attainable, they are unable to fairly admit or deny Admission Request No. 47 because they are unclear as to what is specifically requested to be admitted or denied.

**ADMISSION REQUEST NO. 48:**

Officer Kevin Forrester received information from another person regarding NYPD interactions with Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 48:**

Defendants object to Admission Request No. 48 to the extent it seeks information which is subject to the Attorney-Client privilege. Defendants further object on the grounds that it is vague and ambiguous as the terms "information" "another person," and "use of force" as those terms are overbroad and not defined and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Defendants further object on the grounds that Admission Request No. 48 is overbroad as it does not provide a specific timeframe for the requested information. Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants state that after reasonable inquiry, including an interview of Sergeant Lewis regarding the subject incident and a review of the information in their possession or that is readily attainable, they are unable to fairly admit or deny Admission Request No. 48 because they are unclear as to what is specifically requested to be admitted or denied.

**ADMISSION REQUEST NO. 49:**

Officer Luis Alicea was on duty working a shift as an NYPD member on June 4, 2020 when the events depicted in DEF 327 occurred.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 49:**

Defendants object to Admission Request No. 49 on the grounds that it is vague and ambiguous as to the meaning of and fails to define the term "events" and, furthermore, uses "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin v. E.F. Hutton Group Inc.*, 125 F.R.D. 372, 376 (S.D.N.Y. 1989). Notwithstanding these specific objections, and subject to, and without waiving or in any way limiting these specific objections, or the General Objections, Defendants admit that, on June 4, 2020 at or around the

time of Plaintiff's arrest at 10:12 p.m., Officer Luis Alicea was on duty for his scheduled tour as an NYPD officer.

**ADMISSION REQUEST NO. 50:**

      Officer Luis Alicea was present near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 50:**

      Defendants object to Admission Request No. 50 on the grounds that it is vague, ambiguous, and overbroad as it fails to defines the term "near" and, furthermore, uses "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding and without waiving or in any way limiting these  or the General Objections, Defendants admit that during his June 4, 2020 tour, Officer Alicea was present in the neighborhood where Washington Avenue and Fulton Street in Brooklyn, New York are located.

**ADMISSION REQUEST NO. 51:**

      Officer Luis Alicea was within 15 feet of Defendant Lance near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York when the events depicted in DEF 327 occurred on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 51:**

      Defendants object to Admission Request No. 51 on the grounds that it is vague, ambiguous and overbroad as it fails to define the term "near" and "events" and, furthermore, uses "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants deny.

**ADMISSION REQUEST NO. 52:**

Officer Luis Alicea was within 10 feet of Plaintiff when he was arrested near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York when Plaintiff was arrested on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 52:**

Defendants object to Admission Request No. 52 on the grounds that it is vague and ambiguous as it fails to define "arrest", for example if it is at the point when Plaintiff was first placed in handcuffs or some other time, and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Defendants further object to this admission request on the grounds that it confusing and unintelligible as it states "when [Plaintiff or he] was arrested" twice. Notwithstanding  and without waiving or in any way limiting these or the General Objections, Defendants deny.

**ADMISSION REQUEST NO. 53:**

Officer Luis Alicea observed Kedwin Payamps near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 53:**

Defendants object to Admission Request No. 53 on the grounds that it is vague, ambiguous, and overbroad as it fails to define the term "near" and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding  and without waiving or in any way limiting this or the General Objections, Defendants state that Officer Alicea does not believe he observed Kedwin Payamps on June 4, 2020.

**ADMISSION REQUEST NO. 54:**

Officer Luis Alicea spoke with Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 54:**

Deny.

**ADMISSION REQUEST NO. 55:**

Officer Luis Alicea gave an order or command to Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 55:**

Defendants object to Admission Request No. 55 on the grounds that it is vague and ambiguous as it fails to define  the terms "order" and "command" and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants deny.

**ADMISSION REQUEST NO. 56:**

Officer Luis Alicea physically touched Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 56:**

Defendants state that after reasonable inquiry and review of the information it knows or can readily obtain, they are unable to  admit or deny Admission Request No. 56 on the grounds that it is unknown whether Officer Alicea unknowingly made physical contact with Kedwin Payamps on June 4, 2020, however, Defendants deny that Officer Alicea made any intentional physical contact with Kedwin Payamps.

**ADMISSION REQUEST NO. 57:**

Officer Luis Alicea used force on Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 57:**

Defendants deny to the extent that "used force" is defined as intentional conduct; otherwise, Defendants refer Plaintiff to their response to Admission Request No. 56.

- 26 -

**ADMISSION REQUEST NO. 58:**

Officer Luis Alicea heard another NYPD member speak with Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 58:**

Deny.

**ADMISSION REQUEST NO. 59:**

Officer Luis Alicea heard another NYPD member give an order or command to Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 59:**

Defendants object to Admission Request No. 59 on the grounds that it is vague and ambiguous as it fails to define the terms "order" and "command" and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." Dubin, 125 F.R.D. at 376. Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants deny.

**ADMISSION REQUEST NO. 60:**

Officer Luis Alicea observed another NYPD member touch Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 60:**

Deny.

**ADMISSION REQUEST NO. 61:**

Officer Luis Alicea observed another NYPD member use force on Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 61:**

        Defendants object to Admission Request No. 61 on the grounds that it is vague and ambiguous as it fails to define the term "force" and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376.  Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants deny.

**ADMISSION REQUEST NO. 62:**

        Officer Luis Alicea has Personal Knowledge related to a use of force against Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 62:**

        Defendants object to Admission Request No. 62 on the grounds that it is vague and ambiguous as it fails to define the term "use of force" and whether "Personal Knowledge" includes the mere knowledge that Plaintiff has made the allegation via the instant civil rights action or something beyond that.  Additionally, Defendants object to the extent it seeks information protected by the Attorney-Client privilege. Notwithstanding  and without waiving or in any way limiting these or the General Objections, Defendants deny that Officer Alicea has knowledge, defined as that, on June 4, 2020, he personally observed a use of force upon Kedwin Payamps.

**ADMISSION REQUEST NO. 63:**

        Officer Luis Alicea received information from another person regarding NYPD use of force on Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 63:**

        Defendants object to Admission Request No. 63 to the extent it seeks information which is subject to the Attorney-Client privilege. Defendants further object on the grounds that it is vague and ambiguous as the terms "information" "another person," and "use of force" as those

terms are overbroad and not defined and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Defendants further object on the grounds that Admission Request No. 63 is overbroad as it does not provide a specific timeframe for the requested information. Notwithstanding  and without waiving or in any way limiting these or the General Objections, Defendants state that after reasonable inquiry including an interview of Officer Alicea regarding the subject incident and a review of the information in their possession or that is readily attainable, they are unable to fairly admit or deny Admission Request No. 63 because they are unclear as to what is specifically requested to be admitted or denied.

**ADMISSION REQUEST NO. 64:**

Officer Luis Alicea received information from another person regarding NYPD interactions with Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 64:**

Defendants object to Admission Request No. 64 to the extent it seeks information which is subject to the Attorney-Client privilege. Defendants further object on the grounds that it is vague and ambiguous as the terms "information" "another person," and "use of force" as those terms are overbroad and not defined and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Defendants further object on the grounds that Admission Request No. 64 is overbroad as it does not provide a specific timeframe for the requested information. Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants. state that after reasonable inquiry, including an interview of Officer Alicea regarding the subject incident and a review of the information in their possession or that is readily attainable, they are unable to fairly admit or

deny Admission Request No. 16 because they are unclear as to what is specifically requested to be admitted or denied.

**ADMISSION REQUEST NO. 65:**

Officer Clifford Perch was on duty working a shift as an NYPD member on June 4, 2020 when the events depicted in DEF 327 occurred.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 65:**

Defendants object to Admission Request No. 65 on the grounds that it is vague and ambiguous as to the meaning of and fails to define the term "events" and, furthermore, uses "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin v. E.F. Hutton Group Inc.*, 125 F.R.D. 372, 376 (S.D.N.Y. 1989). Notwithstanding these specific objections, and subject to, and without waiving or in any way limiting these specific objections, or the General Objections, Defendants admit that, on June 4, 2020 at or around the time of Plaintiff's arrest at 10:12 p.m., Officer Clifford Perch was on duty for his scheduled tour as an NYPD officer.

**ADMISSION REQUEST NO. 66:**

Officer Clifford Perch was present near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 66:**

Defendants object to Admission Request No. 66 on the grounds that it is vague, ambiguous, and overbroad as it fails to defines the term "near" and, furthermore, uses "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants admit that during his June 4, 2020 tour, Officer Perch was present in the neighborhood where Washington Avenue and Fulton Street in Brooklyn, New York are located.

**ADMISSION REQUEST NO. 67:**

Officer Clifford Perch was within 15 feet of Defendant Lance near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York when the events depicted in DEF 327 occurred on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 67:**

Defendants object to Admission Request No. 67 on the grounds that it is vague, ambiguous and overbroad as it fails to define the term "near" and "events" and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants deny.

**ADMISSION REQUEST NO. 68:**

Officer Clifford Perch was within 10 feet of Plaintiff when he was arrested near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York when Plaintiff was arrested on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 68:**

Defendants object to Admission Request No. 68 on the grounds that it is vague and ambiguous as it fails to define "arrest", for example if it is at the point when Plaintiff was first placed in handcuffs or some other time, and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Defendants further object to this admission request on the grounds that it confusing and unintelligible as it states "when [Plaintiff or he] was arrested" twice. Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants deny.

**ADMISSION REQUEST NO. 69:**

Officer Clifford Perch observed Kedwin Payamps near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 69:**

Defendants object to Admission Request No. 69 on the grounds that it is vague, ambiguous, and overbroad as it fails to define the term "near" and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding  and without waiving or in any way limiting this or the General Objections, Defendants state that Officer Perch does not believe he observed Kedwin Payamps on June 4, 2020.

**ADMISSION REQUEST NO. 70:**

Officer Clifford Perch spoke with Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 70:**

Deny.

**ADMISSION REQUEST NO. 71:**

Officer Clifford Perch gave an order or command to Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 71:**

Defendants object to Admission Request No. 71 on the grounds that it is vague and ambiguous as it fails to define  the terms "order" and "command" and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants deny.

**ADMISSION REQUEST NO. 72:**

Officer Clifford Perch physically touched Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 72:**

Defendants state that after reasonable inquiry and review of the information it knows or can readily obtain, they are unable to  admit or deny Admission Request No. 72 on the grounds that it is unknown whether Officer Perch unknowingly made physical contact with Kedwin Payamps on June 4, 2020, however, Defendants deny that Officer Perch made any intentional physical contact with Kedwin Payamps.

**ADMISSION REQUEST NO. 73:**

Officer Clifford Perch used force on Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 73:**

Defendants deny to the extent that "used force" is defined as intentional conduct; otherwise, Defendants refer Plaintiff to their response to Admission Request No. 72.

**ADMISSION REQUEST NO. 74:**

Officer Clifford Perch heard another NYPD member speak with Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 74:**

Deny.

**ADMISSION REQUEST NO. 75:**

Officer Clifford Perch heard another NYPD member give an order or command to Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 75:**

Defendants object to Admission Request No. 75 on the grounds that it is vague and ambiguous as it fails to define the terms "order" and "command" and, furthermore, uses

- 33 -

"vague and ambiguous wording that does not allow defendants fairly to admit or to deny." Dubin, 125 F.R.D. at 376. Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants deny.

**ADMISSION REQUEST NO. 76:**

Officer Clifford Perch observed another NYPD member touch Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 76:**

Deny.

**ADMISSION REQUEST NO. 77:**

Officer Clifford Perch observed another NYPD member use force on Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 77:**

Defendants object to Admission Request No. 77 on the grounds that it is vague and ambiguous as it fails to define the term "force" and, furthermore, uses "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376.  Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants deny.

**ADMISSION REQUEST NO. 78:**

Officer Clifford Perch has Personal Knowledge related to a use of force against Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 78:**

Defendants object to Admission Request No. 78 on the grounds that it is vague and ambiguous as it fails to define the term "use of force" and whether "Personal Knowledge" includes the mere knowledge that Plaintiff has made the allegation via the instant civil rights

- 34 -

action or something beyond that. Additionally, Defendants object to the extent it seeks information protected by the Attorney-Client privilege. Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants deny that Officer Perch has knowledge, defined as that, on June 4, 2020, he personally observed a use of force upon Kedwin Payamps.

**ADMISSION REQUEST NO. 79:**

Officer Clifford Perch received information from another person regarding NYPD use of force on Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 79:**

Defendants object to Admission Request No. 79 to the extent it seeks information which is subject to the Attorney-Client privilege. Defendants further object on the grounds that it is vague and ambiguous as the terms "information" "another person," and "use of force" are overbroad and not defined and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Defendants further object on the grounds that Admission Request No. 79 is overbroad as it does not provide a specific timeframe for the requested information. Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants state that after reasonable inquiry, including an interview of Officer Perch regarding the subject incident and a review of the information in their possession or that is readily attainable, they are unable to fairly admit or deny Admission Request No. 79 because they are unclear as to what is specifically requested to be admitted or denied.

**ADMISSION REQUEST NO. 80:**

Officer Clifford Perch received information from another person regarding NYPD interactions with Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 80:**

Defendants object to Admission Request No. 80 to the extent it seeks information which is subject to the Attorney-Client privilege. Defendants further object on the grounds that it is vague and ambiguous as the terms "information" "another person," and "use of force" as those terms are overbroad and not defined and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Defendants further object on the grounds that Admission Request No. 80 is overbroad as it does not provide a specific timeframe for the requested information. Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants. state that after reasonable inquiry, including an interview of Officer Perch regarding the subject incident and a review of the information in their possession or that is readily attainable, they are unable to fairly admit or deny Admission Request No. 80 because they are unclear as to what is specifically requested to be admitted or denied.

**ADMISSION REQUEST NO. 81:**

Sergeant Alexis Yanez was on duty working a shift as an NYPD member on June 4, 2020 when the events depicted in DEF 327 occurred.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 81:**

Defendants object to Admission Request No. 81 on the grounds that it is vague and ambiguous as to the meaning of and fails to define the term "events" and, furthermore, uses "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin v. E.F. Hutton Group Inc.*, 125 F.R.D. 372, 376 (S.D.N.Y. 1989). Notwithstanding these specific objections, and subject to, and without waiving or in any way limiting these specific objections, or the General Objections, Defendants admit that, on June 4, 2020 at or around the

- 36 -

time of Plaintiff's arrest at 10:12 p.m., Sergeant Alexis Yanez was on duty for his scheduled tour as an NYPD officer.

**ADMISSION REQUEST NO. 82:**

Sergeant Alexis Yanez was present near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 82:**

Defendants object to Admission Request No. 82 on the grounds that it is vague, ambiguous, and overbroad as it fails to defines the term "near" and, furthermore, uses "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding and without waiving or in any way limiting these  or the General Objections, Defendants admit that during his June 4, 2020 tour, Sgt. Yanez was present in the neighborhood where Washington Avenue and Fulton Street in Brooklyn, New York are located.

**ADMISSION REQUEST NO. 83:**

Sergeant Alexis Yanez was within 15 feet of Defendant Lance near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York when the events depicted in DEF 327 occurred on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 83:**

Defendants object to Admission Request No. 83 on the grounds that it is vague, ambiguous and overbroad as it fails to define the term "near" and "events" and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants state that, after reasonable inquiry, including an interview of Sergeant Yanez regarding the subject incident and a review of the information in their possession or that is readily attainable, they cannot either admit or deny whether Sgt. Yanez was within 15 feet of

Defendant Lance at all or any times of the documented events depicted in the video produced as DEF 327.

**ADMISSION REQUEST NO. 84:**

Sergeant Alexis Yanez was within 10 feet of Plaintiff when he was arrested near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York when Plaintiff was arrested on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 84:**

Defendants object to Admission Request No. 84 on the grounds that it is vague and ambiguous as it fails to define "arrest", for example if it is at the point when Plaintiff was first placed in handcuffs or some other time, and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Defendants further object to this admission request on the grounds that it confusing and unintelligible as it states "when [Plaintiff or he] was arrested" twice. Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants state that, after reasonable inquiry, including an interview of Sergeant Yanez regarding the subject incident and a review of the information in their possession or that is readily attainable, they cannot either admit or deny whether Sgt. Yanez was within 10 feet of Plaintiff at the time he was handcuffed on June 4, 2020.

**ADMISSION REQUEST NO. 85:**

Sergeant Alexis Yanez observed Kedwin Payamps near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 85:**

Defendants object to Admission Request No. 85 on the grounds that it is vague, ambiguous, and overbroad as it fails to define the term "near" and "vague and ambiguous

wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding  and without waiving or in any way limiting this or the General Objections, Defendants state that Sgt. Yanez does not believe he observed Kedwin Payamps on June 4, 2020.

**ADMISSION REQUEST NO. 86:**

Sergeant Alexis Yanez spoke with Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 86:**

Deny.

**ADMISSION REQUEST NO. 87:**

Sergeant Alexis Yanez gave an order or command to Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 87:**

Defendants object to Admission Request No. 87 on the grounds that it is vague and ambiguous as it fails to define  the terms "order" and "command" and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants state that, after reasonable inquiry, including an interview of Sergeant Yanez regarding the subject incident and a review of the information in their possession or that is readily attainable, they cannot either admit or deny whether Sgt. Yanez gave an order or command to the Plaintiff on June 4, 2020.

**ADMISSION REQUEST NO. 88:**

Sergeant Alexis Yanez physically touched Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 88:**

Defendants state that after reasonable inquiry and review of the information it knows or can readily obtain, they are unable to  admit or deny Admission Request No. 88 on the

grounds that it is unknown whether Sgt. Yanez unknowingly made physical contact with Kedwin Payamps on June 4, 2020, however, Defendants deny that Sgt. Yanez made any intentional physical contact with Kedwin Payamps.

**ADMISSION REQUEST NO. 89:**

Sergeant Alexis Yanez used force on Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 89:**

Defendants deny to the extent that "used force" is defined as intentional conduct; otherwise, Defendants refer Plaintiff to their response to Admission Request No. 88.

**ADMISSION REQUEST NO. 90:**

Sergeant Alexis Yanez heard another NYPD member speak with Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 90:**

Deny.

**ADMISSION REQUEST NO. 91:**

Sergeant Alexis Yanez heard another NYPD member give an order or command to Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 91:**

Defendants object to Admission Request No. 91 on the grounds that it is vague and ambiguous as it fails to define the terms "order" and "command" and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." Dubin, 125 F.R.D. at 376. Notwithstanding  and without waiving or in any way limiting these or the General Objections, Defendants state that, after reasonable inquiry, including an interview of Sergeant Yanez regarding the subject incident and a review of the information in their possession or that is

readily attainable, they cannot either admit or deny whether Sgt. Yanez gave an order or command to the Plaintiff on June 4, 2020.

**ADMISSION REQUEST NO. 92:**

Sergeant Alexis Yanez observed another NYPD member touch Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 92:**

Deny.

**ADMISSION REQUEST NO. 93:**

Sergeant Alexis Yanez observed another NYPD member use force on Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 93:**

Defendants object to Admission Request No. 93 on the grounds that it is vague and ambiguous as it fails to define the term "force" and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376.  Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants deny.

**ADMISSION REQUEST NO. 94:**

Sergeant Alexis Yanez has Personal Knowledge related to a use of force against Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 94:**

Defendants object to Admission Request No. 94 on the grounds that it is vague and ambiguous as it fails to define the term "use of force" and whether "Personal Knowledge" includes the mere knowledge that Plaintiff has made the allegation via the instant civil rights action or something beyond that.  Additionally, Defendants object to the extent it seeks information protected by the Attorney-Client privilege. Notwithstanding  and without waiving or

- 41 -

in any way limiting these or the General Objections, Defendants deny that Sgt. Yanez has knowledge, defined as that, on June 4, 2020, he personally observed a use of force upon Kedwin Payamps.

**ADMISSION REQUEST NO. 95:**

Sergeant Alexis Yanez received information from another person regarding NYPD use of force on Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 95:**

Defendants object to Admission Request No. 95 to the extent it seeks information which is subject to the Attorney-Client privilege. Defendants further object on the grounds that it is vague and ambiguous as the terms "information" "another person," and "use of force" as those terms are overbroad and not defined and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Defendants further object on the grounds that Admission Request No. 95 is overbroad as it does not provide a specific timeframe for the requested information. Notwithstanding  and without waiving or in any way limiting these or the General Objections, Defendants state that after reasonable inquiry including an interview of Sergeant Yanez regarding the subject incident and a review of the information in their possession or that is readily attainable, they are unable to fairly admit or deny Admission Request No. 95 because they are unclear as to what is specifically requested to be admitted or denied.

**ADMISSION REQUEST NO. 96:**

Sergeant Alexis Yanez received information from another person regarding NYPD interactions with Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 96:**

Defendants object to Admission Request No. 96 to the extent it seeks information which is subject to the Attorney-Client privilege. Defendants further object on the grounds that it is vague and ambiguous as the terms "information" "another person," and "use of force" as those terms are overbroad and not defined and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Defendants further object on the grounds that Admission Request No. 96 is overbroad as it does not provide a specific timeframe for the requested information. Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants state that after reasonable inquiry including an interview of Sergeant Yanez regarding the subject incident and a review of the information in their possession or that is readily attainable, they are unable to fairly admit or deny Admission Request No. 96 because they are unclear as to what is specifically requested to be admitted or denied.

**ADMISSION REQUEST NO. 97:**

Sergeant Christophe Battaglia was on duty working a shift as an NYPD member on June 4, 2020 when the events depicted in DEF 327 occurred.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 97:**

Defendants object to Admission Request No. 97 on the grounds that it is vague and ambiguous as to the meaning of and fails to define the term "events" and, furthermore, uses "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin v. E.F. Hutton Group Inc.*, 125 F.R.D. 372, 376 (S.D.N.Y. 1989). Notwithstanding these specific objections, and subject to, and without waiving or in any way limiting these specific objections, or the General Objections, Defendants admit that, on June 4, 2020 at or around the

time of Plaintiff's arrest at 10:12 p.m., Sergeant Christopher Battaglia was on duty for his scheduled tour as an NYPD officer.

**ADMISSION REQUEST NO. 98:**

Sergeant Christophe Battaglia was present near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 98:**

Defendants object to Admission Request No. 98 on the grounds that it is vague, ambiguous, and overbroad as it fails to defines the term "near" and, furthermore, uses "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding and without waiving or in any way limiting these  or the General Objections, Defendants state that after reasonable inquiry including an interview of Sergeant Battaglia regarding the subject incident and a review of the information in their possession or that is readily attainable, they are unable to  admit or deny Admission Request No. 98 on the grounds that it is unknown if Sgt. Battaglia was near the intersection of  Washington Avenue and Fulton Street in Brooklyn, New York on June 4, 2020.

**ADMISSION REQUEST NO. 99:**

Sergeant Christophe Battaglia was within 15 feet of Defendant Lance near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York when the events depicted in DEF 327 occurred on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 99:**

Defendants object to Admission Request No. 99 on the grounds that it is vague, ambiguous and overbroad as it fails to define the term "near" and "events" and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding and without waiving or in any way limiting these or the General

Objections, Defendants state that, after reasonable inquiry including an interview of Sergeant Battaglia regarding the subject incident and a review of the information in their possession or that is readily attainable, they cannot either admit or deny whether Sgt. Battaglia was within 15 feet of Defendant Lance at all or any times of the documented events depicted in the video produced as DEF 327.

**ADMISSION REQUEST NO. 100:**

Sergeant Christophe Battaglia was within 10 feet of Plaintiff when he was arrested near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York when Plaintiff was arrested on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 100:**

Defendants object to Admission Request No. 100 on the grounds that it is vague and ambiguous as it fails to define "arrest", for example if it is at the point when Plaintiff was first placed in handcuffs or some other time, and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Defendants further object to this admission request on the grounds that it confusing and unintelligible as it states "when [Plaintiff or he] was arrested" twice. Notwithstanding  and without waiving or in any way limiting these or the General Objections, Defendants state that, after reasonable inquiry, including an interview of Sergeant Battaglia regarding the subject incident and a review of the information in their possession or that is readily attainable, they cannot either admit or deny whether Sgt. Battaglia was within 10 feet of Plaintiff at the time he was handcuffed on June 4, 2020.

**ADMISSION REQUEST NO. 101:**

Sergeant Christophe Battaglia observed Kedwin Payamps near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 101:**

Defendants object to Admission Request No. 101 on the grounds that it is vague, ambiguous, and overbroad as it fails to define the term "near" and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding  and without waiving or in any way limiting this or the General Objections, Defendants state that Sgt. Battaglia does not believe he observed Kedwin Payamps on June 4, 2020.

**ADMISSION REQUEST NO. 102:**

Sergeant Christophe Battaglia spoke with Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 102:**

Defendants state that, after reasonable inquiry, including an interview of Sergeant Battaglia regarding the subject incident and a review of the information in their possession or that is readily attainable, they cannot either admit or deny whether Sgt. Battaglia spoke with the Plaintiff on June 4, 2020.

**ADMISSION REQUEST NO. 103:**

Sergeant Christophe Battaglia gave an order or command to Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 103:**

Defendants object to Admission Request No. 103 on the grounds that it is vague and ambiguous as it fails to define  the terms "order" and "command" and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding  and without waiving or in any way limiting these or the General Objections, Defendants state that, after reasonable inquiry, including an interview of Sergeant Battaglia regarding the subject incident and a review of the information in their possession or

that is readily attainable, they cannot either admit or deny whether Sgt. Battaglia gave an order or command to the Plaintiff on June 4, 2020.

**ADMISSION REQUEST NO. 104:**

Sergeant Christophe Battaglia physically touched Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 104:**

Defendants state that after reasonable inquiry and review of the information it knows or can readily obtain, they are unable to admit or deny Admission Request No. 104 on the grounds that it is unknown whether Sgt. Battaglia unknowingly made physical contact with Kedwin Payamps on June 4, 2020, however, Defendants deny that Sgt. Battaglia made any intentional physical contact with Kedwin Payamps.

**ADMISSION REQUEST NO. 105:**

Sergeant Christophe Battaglia used force on Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 105:**

Defendants deny to the extent that "used force" is defined as intentional conduct; otherwise, Defendants refer Plaintiff to their response to Admission Request No. 104.

**ADMISSION REQUEST NO. 106:**

Sergeant Christophe Battaglia heard another NYPD member speak with Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 106:**

Deny.

**ADMISSION REQUEST NO. 107:**

Sergeant Christophe Battaglia heard another NYPD member give an order or command to Kedwin Payamps on June 4, 2020.

- 47 -

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 107:**

Defendants object to Admission Request No. 107 on the grounds that it is vague and ambiguous as it fails to define the terms "order" and "command" and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding  and without waiving or in any way limiting these or the General Objections, Defendants deny.

**ADMISSION REQUEST NO. 108:**

Sergeant Christophe Battaglia observed another NYPD member touch Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 108:**

Deny.

**ADMISSION REQUEST NO. 109:**

Sergeant Christophe Battaglia observed another NYPD member use force on Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 109:**

Defendants object to Admission Request No. 109 on the grounds that it is vague and ambiguous as it fails to define the term "force" and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376.  Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants deny.

**ADMISSION REQUEST NO. 110:**

Sergeant Christophe Battaglia has Personal Knowledge related to a use of force against Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 110:**

      Defendants object to Admission Request No. 110 on the grounds that it is vague and ambiguous as it fails to define the term "use of force" and whether "Personal Knowledge" includes the mere knowledge that Plaintiff has made the allegation via the instant civil rights action or something beyond that.   Additionally, Defendants object to the extent it seeks information protected by the Attorney-Client privilege. Notwithstanding  and without waiving or in any way limiting these or the General Objections, Defendants deny that Sgt. Battaglia has knowledge, defined as that, on June 4, 2020, he personally observed a use of force upon Kedwin Payamps.

**ADMISSION REQUEST NO. 111:**

      Sergeant Christophe Battaglia received information from another person regarding NYPD use of force on Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 111:**

      Defendants object to Admission Request No. 111 to the extent it seeks information which is subject to the Attorney-Client privilege. Defendants further object on the grounds that it is vague and ambiguous as the terms "information" "another person," and "use of force" as those terms are overbroad and not defined and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376.  Defendants further object on the grounds that Admission Request No. 111 is overbroad as it does not provide a specific timeframe for the requested information. Notwithstanding  and without waiving or in any way limiting these or the General Objections, Defendants state that after reasonable inquiry, including an interview of Sergeant Battaglia regarding the subject incident and a review of the information in their possession or that is readily attainable, they are unable to fairly admit or

deny Admission Request No. 111 because they are unclear as to what is specifically requested to be admitted or denied.

**ADMISSION REQUEST NO. 112:**

Sergeant Christophe Battaglia received information from another person regarding NYPD interactions with Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 112:**

Defendants object to Admission Request No. 112 to the extent it seeks information which is subject to the Attorney-Client privilege. Defendants further object on the grounds that it is vague and ambiguous as the terms "information" "another person," and "use of force" as those terms are overbroad and not defined and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376.  Defendants further object on the grounds that Admission Request No. 112 is overbroad as it does not provide a specific timeframe for the requested information. Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants. state that after reasonable inquiry including an interview of Sergeant Battaglia regarding the subject incident and a review of the information in their possession or that is readily attainable, they  are unable to fairly admit or deny Admission Request No. 112 because they are unclear as to what is specifically requested to be admitted or denied.

**ADMISSION REQUEST NO. 113:**

Officer Casey Coglianese was on duty working a shift as an NYPD member on June 4, 2020 when the events depicted in DEF 327 occurred.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 113:**

Defendants object to Admission Request No. 113 on the grounds that it is vague and ambiguous as to the meaning of and fails to define the term "events"  and, furthermore, uses

"vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin v. E.F. Hutton Group Inc.*, 125 F.R.D. 372, 376 (S.D.N.Y. 1989). Notwithstanding these specific objections, and subject to, and without waiving or in any way limiting these specific objections, or the General Objections, Defendants admit that, on June 4, 2020 at or around the time of Plaintiff's arrest at 10:12 p.m., Officer Casey Coglianese was on duty for his scheduled tour as an NYPD officer.

**ADMISSION REQUEST NO. 114:**

Officer Casey Coglianese was present near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 114:**

Defendants object to Admission Request No. 114 on the grounds that it is vague, ambiguous, and overbroad as it fails to defines the term "near" and, furthermore, uses "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding  and without waiving or in any way limiting these or the General Objections, Defendants state that, after reasonable inquiry, including an interview of Officer Coglianese regarding the subject incident and a review of the information in their possession or that is readily attainable, they cannot either admit or deny whether Officer Coglianese was present near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York on June 4, 2020.

**ADMISSION REQUEST NO. 115:**

Officer Casey Coglianese was within 15 feet of Defendant Lance near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York when the events depicted in DEF 327 occurred on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 115:**

Defendants object to Admission Request No. 115 on the grounds that it is vague, ambiguous and overbroad as it fails to define the term "near" and "events" and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants state that, after reasonable inquiry, including an interview of Officer Coglianese regarding the subject incident and a review of the information in their possession or that is readily attainable, they cannot admit or deny whether Officer Coglianese was within 15 feet of Defendant Lance at all or any times of the documented events depicted in the video produced as DEF 327.

**ADMISSION REQUEST NO. 116:**

Officer Casey Coglianese was within 10 feet of Plaintiff when he was arrested near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York when Plaintiff was arrested on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 116:**

Defendants object to Admission Request No. 116 on the grounds that it is vague and ambiguous as it fails to define "arrest", for example if it is at the point when Plaintiff was first placed in handcuffs or some other time, and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Defendants further object to this admission request on the grounds that it confusing and unintelligible as it states "when [Plaintiff or he] was arrested" twice. Notwithstanding  and without waiving or in any way limiting these or the General Objections, Defendants state that, after reasonable inquiry, including an interview of Officer Coglianese regarding the subject incident and a review of the information in their possession or that is readily attainable, they cannot either admit or deny

whether Officer Coglianese was within 10 feet of Plaintiff at the time he was handcuffed on June 4, 2020.

**ADMISSION REQUEST NO. 117:**

Officer Casey Coglianese observed Kedwin Payamps near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 117:**

Defendants object to Admission Request No. 117 on the grounds that it is vague, ambiguous, and overbroad as it fails to define the term "near" and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding  and without waiving or in any way limiting this or the General Objections, Defendants state that Officer Cogliane does not believe he observed Kedwin Payamps on June 4, 2020.

**ADMISSION REQUEST NO. 118:**

Officer Casey Coglianese spoke with Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 118:**

Deny.

**ADMISSION REQUEST NO. 119:**

Officer Casey Coglianese gave an order or command to Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 119:**

Defendants object to Admission Request No. 119 on the grounds that it is vague and ambiguous as it fails to define  the terms "order" and "command" and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125

F.R.D. at 376. Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants deny.

**ADMISSION REQUEST NO. 120:**

Officer Casey Coglianese physically touched Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 120:**

Defendants state that after reasonable inquiry and review of the information it knows or can readily obtain, they are unable to  admit or deny Admission Request No. 120 on the grounds that it is unknown whether. Coglianese unknowingly made physical contact with Kedwin Payamps on June 4, 2020, however, Defendants deny that Officer Coglianese made any intentional physical contact with Kedwin Payamps.

**ADMISSION REQUEST NO. 121:**

Officer Casey Coglianese used force on Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 121:**

Defendants deny to the extent that "used force" is defined as intentional conduct; otherwise, Defendants refer Plaintiff to their response to Admission Request No. 120.

**ADMISSION REQUEST NO. 122:**

Officer Casey Coglianese heard another NYPD member speak with Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 122:**

Deny.

**ADMISSION REQUEST NO. 123:**

Officer Casey Coglianese heard another NYPD member give an order or command to Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 123:**

Defendants object to Admission Request No. 123 on the grounds that it is vague and ambiguous as it fails to define the terms "order" and "command" and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding  and without waiving or in any way limiting these or the General Objections, Defendants deny.

**ADMISSION REQUEST NO. 124:**

Officer Casey Coglianese observed another NYPD member touch Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 124:**

Deny.

**ADMISSION REQUEST NO. 125:**

Officer Casey Coglianese observed another NYPD member use force on Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 125:**

Defendants object to Admission Request No. 125 on the grounds that it is vague and ambiguous as it fails to define the term "force" and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376.  Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants deny.

**ADMISSION REQUEST NO. 126:**

Officer Casey Coglianese has Personal Knowledge related to a use of force against Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 126:**

Defendants object to Admission Request No. 126 on the grounds that it is vague and ambiguous as it fails to define the term "use of force" and whether "Personal Knowledge" includes the mere knowledge that Plaintiff has made the allegation via the instant civil rights action or something beyond that.   Additionally, Defendants object to the extent it seeks information protected by the Attorney-Client privilege. Notwithstanding  and without waiving or in any way limiting these or the General Objections, Defendants deny that Officer Coglianese has knowledge, defined as that, on June 4, 2020, he personally observed a use of force upon Kedwin Payamps.

**ADMISSION REQUEST NO. 127:**

Officer Casey Coglianese received information from another person regarding NYPD use of force on Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 127:**

Defendants object to Admission Request No. 127 to the extent it seeks information which is subject to the Attorney-Client privilege. Defendants further object on the grounds that it is vague and ambiguous as the terms "information" "another person," and "use of force" as those terms are overbroad and not defined and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376.   Defendants further object on the grounds that Admission Request No. 127 is overbroad as it does not provide a specific timeframe for the requested information. Notwithstanding  and without waiving or in any way limiting these or the General Objections, Defendants state that after reasonable inquiry, including an interview of Officer Coglianese regarding the subject incident and a review of the information in their possession or that is readily attainable, they are unable to fairly admit or

deny Admission Request No. 127 because they are unclear as to what is specifically requested to be admitted or denied.

**ADMISSION REQUEST NO. 128:**

Officer Casey Coglianese received information from another person regarding NYPD interactions with Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 128:**

Defendants object to Admission Request No. 128 to the extent it seeks information which is subject to the Attorney-Client privilege. Defendants further object on the grounds that it is vague and ambiguous as the terms "information" "another person," and "use of force" as those terms are overbroad and not defined and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376.  Defendants further object on the grounds that Admission Request No. 128 is overbroad as it does not provide a specific timeframe for the requested information. Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants. state that after reasonable inquiry, including an interview of Officer Coglianese regarding the subject incident and a review of the information in their possession or that is readily attainable, they are unable to fairly admit or deny Admission Request No. 128 because they are unclear as to what is specifically requested to be admitted or denied.

**ADMISSION REQUEST NO. 129:**

Deputy Inspector William Glynn was on duty working a shift as an NYPD member on June 4, 2020 when the events depicted in DEF 327 occurred.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 129:**

Defendants object to Admission Request No. 129 on the grounds that it is vague and ambiguous as to the meaning of and fails to define the term "events"  and, furthermore, uses

"vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin v. E.F. Hutton Group Inc.*, 125 F.R.D. 372, 376 (S.D.N.Y. 1989). Notwithstanding these specific objections, and subject to, and without waiving or in any way limiting these specific objections, or the General Objections, Defendants admit that, on June 4, 2020 at or around the time of Plaintiff's arrest at 10:12 p.m., Deputy Inspector William Glynn was on duty for his scheduled tour as an NYPD officer.

## ADMISSION REQUEST NO. 130:

Deputy Inspector William Glynn was present near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York on June 4, 2020.

## OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 130:

Defendants object to Admission Request No. 130 on the grounds that it is vague, ambiguous, and overbroad as it fails to defines the term "near" and, furthermore, uses "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding  and without waiving or in any way limiting these or the General Objections, Defendants state that, after reasonable inquiry, including an interview of Deputy Inspector Glynn regarding the subject incident and a review of the information in their possession or that is readily attainable, they cannot either admit or deny whether Deputy Inspector William Glynn was present near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York on June 4, 2020.

## ADMISSION REQUEST NO. 131:

Deputy Inspector William Glynn was within 15 feet of Defendant Lance near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York when the events depicted in DEF 327 occurred on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 131:**

Defendants object to Admission Request No. 131 on the grounds that it is vague, ambiguous and overbroad as it fails to define the term "near" and "events" and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants state that, after reasonable inquiry, including an interview of Deputy Inspector Glynn regarding the subject incident and a review of the information in their possession or that is readily attainable, they cannot either admit or deny whether Deputy Inspector William Glynn was within 15 feet of Defendant Lance at all or any times of the documented events depicted in the video produced as DEF 327.

**ADMISSION REQUEST NO. 132:**

Deputy Inspector William Glynn was within 10 feet of Plaintiff when he was arrested near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York when Plaintiff was arrested on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 132:**

Defendants object to Admission Request No. 132 on the grounds that it is vague and ambiguous as it fails to define "arrest", for example if it is at the point when Plaintiff was first placed in handcuffs or some other time, and, furthermore, uses "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Defendants further object to this admission request on the grounds that it confusing and unintelligible as it states "when [Plaintiff or he] was arrested" twice. Notwithstanding  and without waiving or in any way limiting these or the General Objections, Defendants state that, after reasonable inquiry, including an interview of Deputy Inspector Glynn regarding the subject incident and a review of the information in their possession or that is readily attainable

reasonable inquiry, they cannot either admit or deny whether Deputy Inspector William Glynn was within 10 feet of Plaintiff at the time he was handcuffed on June 4, 2020.

**ADMISSION REQUEST NO. 133:**

Deputy Inspector William Glynn observed Kedwin Payamps near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 133:**

Defendants object to Admission Request No. 133 on the grounds that it is vague, ambiguous, and overbroad as it fails to define the term "near" and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding  and without waiving or in any way limiting these or the General Objections, Defendants state that, after reasonable inquiry, including an interview of Deputy Inspector Glynn regarding the subject incident and a review of the information in their possession or that is readily attainable, they cannot either admit or deny whether Deputy Inspector William Glynn observed Kedwin Payamps near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York on June 4, 2020.

**ADMISSION REQUEST NO. 134:**

Inspector William Glynn spoke with Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 134:**

Defendants state that after reasonable inquiry, including an interview of Deputy Inspector Glynn regarding the subject incident and a review of the information in their possession or that is readily attainable, they are unable to  admit or deny whether Deputy Inspector William Glynn spoke with the Plaintiff on June 4, 2020.

**ADMISSION REQUEST NO. 135:**

Deputy Inspector William Glynn gave an order or command to Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 135:**

Defendants object to Admission Request No. 135 on the grounds that it is vague and ambiguous as it fails to define  the terms "order" and "command" and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding  and without waiving or in any way limiting these or the General Objections, Defendants state that, after reasonable inquiry, including an interview of Deputy Inspector Glynn regarding the subject incident and a review of the information in their possession or that is readily attainable, they cannot either admit or deny whether Deputy Inspector William Glynn gave an order or command to the Plaintiff on June 4, 2020.

**ADMISSION REQUEST NO. 136:**

Deputy Inspector William Glynn physically touched Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 136:**

Defendants state that, after reasonable inquiry, including an interview of Deputy Inspector Glynn regarding the subject incident and a review of the information in their possession or that is readily attainable, they cannot either admit or deny whether Deputy Inspector William Glynn physically touched Kedwin Payamps on June 4, 2020.

**ADMISSION REQUEST NO. 137:**

Deputy Inspector William Glynn used force on Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 137:**

Defendants state that, after reasonable inquiry, including an interview of Deputy Inspector Glynn regarding the subject incident and a review of the information in their possession or that is readily attainable, they cannot either admit or deny whether Deputy Inspector William Glynn physically used force on Kedwin Payamps on June 4, 2020.

**ADMISSION REQUEST NO. 138:**

Deputy Inspector William Glynn heard another NYPD member speak with Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 138:**

Defendants state that, after reasonable inquiry, including an interview of Deputy Inspector Glynn regarding the subject incident and a review of the information in their possession or that is readily attainable, they cannot either admit or deny whether Deputy Inspector William Glynn heard another NYPD member speak with Kedwin Payamps on June 4, 2020..

**ADMISSION REQUEST NO. 139:**

Deputy Inspector William Glynn heard another NYPD member give an order or command to Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 139:**

Defendants object to Admission Request No. 139 on the grounds that it is vague and ambiguous as it fails to define the terms "order" and "command" and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding  and without waiving or in any way limiting these or the General Objections, Defendants state that, after reasonable inquiry, including an interview of Deputy Inspector Glynn regarding the subject incident and a review of the information in their possession or that is

readily attainable, they cannot either admit or deny whether Deputy Inspector William Glynn heard another NYPD member give an order or command to Kedwin Payamps on June 4, 2020.

**ADMISSION REQUEST NO. 140:**

Deputy Inspector William Glynn observed another NYPD member touch Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 140:**

Defendants state that, after reasonable inquiry, including an interview of Deputy Inspector Glynn regarding the subject incident and a review of the information in their possession or that is readily attainable, they cannot either admit or deny whether Deputy Inspector William Glynn observed another NYPD member touch Kedwin Payamps on June 4, 2020.

**ADMISSION REQUEST NO. 141:**

Deputy Inspector William Glynn observed another NYPD member use force on Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 141:**

Defendants object to Admission Request No. 141 on the grounds that it is vague and ambiguous as it fails to define the term "force" and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376.  Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants state that, after reasonable inquiry, including an interview of Deputy Inspector Glynn regarding the subject incident and a review of the information in their possession or that is readily attainable, they cannot either admit or deny whether Deputy Inspector William Glynn observed another NYPD member use force on Kedwin Payamps on June 4, 2020.

**ADMISSION REQUEST NO. 142:**

Deputy Inspector William Glynn has Personal Knowledge related to a use of force against Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 142:**

Defendants object to Admission Request No. 142 on the grounds that it is vague and ambiguous as it fails to define the term "use of force" and whether "Personal Knowledge" includes the mere knowledge that Plaintiff has made the allegation via the instant civil rights action or something beyond that.   Additionally, Defendants object to the extent it seeks information protected by the Attorney-Client privilege. Notwithstanding  and without waiving or in any way limiting these or the General Objections, Defendants state that, after reasonable inquiry, including an interview of Deputy Inspector Glynn regarding the subject incident and a review of the information in their possession or that is readily attainable, they cannot either admit or deny whether Deputy Inspector William Glynn has Personal Knowledge related to a use of force against Kedwin Payamps on June 4, 2020.

**ADMISSION REQUEST NO. 143:**

Deputy Inspector William Glynn received information from another person regarding NYPD use of force on Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 143:**

Defendants object to Admission Request No. 143 to the extent it seeks information which is subject to the Attorney-Client privilege. Defendants further object on the grounds that it is vague and ambiguous as the terms "information" "another person," and "use of force" as those terms are overbroad and not defined and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376.  Defendants further object on the grounds that Admission Request No. 143 is overbroad as it does not provide

a specific timeframe for the requested information. Notwithstanding  and without waiving or in any way limiting these or the General Objections, Defendants state that, after reasonable inquiry, including an interview of Deputy Inspector Glynn regarding the subject incident and a review of the information in their possession or that is readily attainable, they are unable to fairly admit or deny Admission Request No. 143 because they are unclear as to what is specifically requested to be admitted or denied.

**ADMISSION REQUEST NO. 144:**

Deputy Inspector William Glynn received information from another person regarding NYPD interactions with Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 144:**

Defendants object to Admission Request No. 144 to the extent it seeks information which is subject to the Attorney-Client privilege. Defendants further object on the grounds that it is vague and ambiguous as the terms "information" "another person," and "use of force" as those terms are overbroad and not defined and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376.  Defendants further object on the grounds that Admission Request No. 144 is overbroad as it does not provide a specific timeframe for the requested information. Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants state that, after reasonable inquiry, including an interview of Deputy Inspector Glynn regarding the subject incident and a review of the information in their possession or that is readily attainable, they are unable to fairly admit or deny Admission Request No. 144 because they are unclear as to what is specifically requested to be admitted or denied.

**ADMISSION REQUEST NO. 145:**

Deputy Inspector Timothy Skretch was on duty working a shift as an NYPD member on June 4, 2020 when the events depicted in DEF 327 occurred.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 145:**

Defendants object to Admission Request No. 145 on the grounds that it is vague and ambiguous as to the meaning of and fails to define the term "events"  and, furthermore, uses "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin v. E.F. Hutton Group Inc.*, 125 F.R.D. 372, 376 (S.D.N.Y. 1989). Notwithstanding these specific objections, and subject to, and without waiving or in any way limiting these specific objections, or the General Objections, Defendants admit that, on June 4, 2020 at or around the time of Plaintiff's arrest at 10:12 p.m., Deputy Inspector Timothy Skretch was on duty for his scheduled tour as an NYPD officer.

**ADMISSION REQUEST NO. 146:**

Deputy Inspector Timothy Skretch was present near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 146:**

Defendants object to Admission Request No. 146 on the grounds that it is vague, ambiguous, and overbroad as it fails to defines the term "near" and, furthermore, uses "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding and without waiving or in any way limiting these  or the General Objections, Defendants admit that during his June 4, 2020 tour, Deputy Inspector Timothy Skretch was present in the neighborhood where Washington Avenue and Fulton Street in Brooklyn, New York are located.

**ADMISSION REQUEST NO. 147:**

Deputy Inspector Timothy Skretch was within 15 feet of Defendant Lance near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York when the events depicted in DEF 327 occurred on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 147:**

Defendants object to Admission Request No. 147 on the grounds that it is vague, ambiguous and overbroad as it fails to define the term "near" and "events" and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants state that, after reasonable inquiry, including an interview of Deputy Inspector Skretch regarding the subject incident and a review of the information in their possession or that is readily attainable, they cannot either admit or deny whether Deputy Inspector Timothy Skretch was within 15 feet of Defendant Lance at all or any times of the documented events depicted in the video produced as DEF 327.

**ADMISSION REQUEST NO. 148:**

Deputy Inspector Timothy Skretch was within 10 feet of Plaintiff when he was arrested near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York when Plaintiff was arrested on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 148:**

Defendants object to Admission Request No. 148 on the grounds that it is vague and ambiguous as it fails to define "arrest", for example if it is at the point when Plaintiff was first placed in handcuffs or some other time, and, furthermore, uses "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Defendants further object to this admission request on the grounds that it confusing and

unintelligible as it states "when [Plaintiff or he] was arrested" twice. Notwithstanding  and without waiving or in any way limiting these or the General Objections, Defendants state that, after reasonable inquiry, including an interview of Deputy Inspector Skretch regarding the subject incident and a review of the information in their possession or that is readily attainable, they cannot either admit or deny whether Deputy Inspector Timothy Skretch was within 10 feet of Plaintiff at the time he was handcuffed on June 4, 2020.

**ADMISSION REQUEST NO. 149:**

Deputy Inspector Timothy Skretch observed Kedwin Payamps near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 149:**

Defendants object to Admission Request No. 149 on the grounds that it is vague, ambiguous, and overbroad as it fails to define the term "near" and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding and without waiving or in any way limiting this or the General Objections, Defendants state that Deputy Inspector Timothy Skretch does not believe he observed Kedwin Payamps on June 4, 2020.

**ADMISSION REQUEST NO. 150:**

Deputy Inspector Timothy Skretch spoke with Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 150:**

Defendants state that, after reasonable inquiry, including an interview of Deputy Inspector Skretch regarding the subject incident and a review of the information in their possession or that is readily attainable, they cannot admit or deny whether Deputy Inspector Timothy Skretch spoke with the Plaintiff on June 4, 2020.

**ADMISSION REQUEST NO. 151:**

Deputy Inspector Timothy Skretch gave an order or command to Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 151:**

Defendants object to Admission Request No. 151 on the grounds that it is vague and ambiguous as it fails to define  the terms "order" and "command" and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding  and without waiving or in any way limiting these or the General Objections, Defendants state that, after reasonable inquiry, including an interview of Deputy Inspector Skretch regarding the subject incident and a review of the information in their possession or that is readily attainable, they cannot either admit or deny whether Deputy Inspector Timothy Skretch gave an order or command to the Plaintiff on June 4, 2020.

**ADMISSION REQUEST NO. 152:**

Deputy Inspector Timothy Skretch physically touched Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 152:**

Defendants state that, after reasonable inquiry, including an interview of Deputy Inspector Skretch regarding the subject incident and a review of the information in their possession or that is readily attainable, they cannot either admit or deny whether Deputy Inspector Timothy Skretch physically touched Kedwin Payamps on June 4, 2020.

**ADMISSION REQUEST NO. 153:**

Deputy Inspector Timothy Skretch used force on Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 153:**

Defendants state that, after reasonable inquiry, including an interview of Deputy Inspector Skretch regarding the subject incident and a review of the information in their possession or that is readily attainable, they cannot either admit or deny whether Deputy Inspector Timothy Skretch used force on Kedwin Payamps on June 4, 2020.

**ADMISSION REQUEST NO. 154:**

Deputy Inspector Timothy Skretch heard another NYPD member speak with Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 154:**

Defendants state that, after reasonable inquiry, including an interview of Deputy Inspector Skretch regarding the subject incident and a review of the information in their possession or that is readily attainable, they cannot either admit or deny whether Deputy Inspector Timothy Skretch heard another NYPD member speak with Kedwin Payamps on June 4, 2020.

**ADMISSION REQUEST NO. 155:**

Deputy Inspector Timothy Skretch heard another NYPD member give an order or command to Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 155:**

Defendants object to Admission Request No. 155 on the grounds that it is vague and ambiguous as it fails to define the terms "order" and "command" and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376.

- 70 -

Notwithstanding  and without waiving or in any way limiting these or the General Objections, Defendants state that, after reasonable inquiry, including an interview of Deputy Inspector Skretch regarding the subject incident and a review of the information in their possession or that is readily attainable, they cannot either admit or deny whether Deputy Inspector Timothy Skretch gave an order or command to the Plaintiff on June 4, 2020.

**ADMISSION REQUEST NO. 156:**

Deputy Inspector Timothy Skretch observed another NYPD member touch Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 156:**

Defendants state that, after reasonable inquiry, including an interview of Deputy Inspector Skretch regarding the subject incident and a review of the information in their possession or that is readily attainable, they cannot either admit or deny whether Deputy Inspector Timothy Skretch observed another NYPD member touch Kedwin Payamps on June 4, 2020.

**ADMISSION REQUEST NO. 157:**

Deputy Inspector Timothy Skretch observed another NYPD member use force on Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 157:**

Defendants object to Admission Request No. 157 on the grounds that it is vague and ambiguous as it fails to define the term "force" and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants state that, after reasonable inquiry, including an interview of Deputy Inspector Skretch regarding the subject incident and a review of the information in their possession or that is readily attainable,

they cannot either admit or deny whether Deputy Inspector Timothy Skretch observed another NYPD member use force on Kedwin Payamps on June 4, 2020.

**ADMISSION REQUEST NO. 158:**

Deputy Inspector Timothy Skretch has Personal Knowledge related to a use of force against Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 158:**

Defendants object to Admission Request No. 158 on the grounds that it is vague and ambiguous as it fails to define the term "use of force" and whether "Personal Knowledge" includes the mere knowledge that Plaintiff has made the allegation via the instant civil rights action or something beyond that.   Additionally, Defendants object to the extent it seeks information protected by the Attorney-Client privilege. Notwithstanding  and without waiving or in any way limiting these or the General Objections, Defendants state that, after reasonable inquiry, including an interview of Deputy Inspector Skretch regarding the subject incident and a review of the information in their possession or that is readily attainable, they cannot either admit or deny whether Deputy Inspector Timothy Skretch observed another NYPD member use force on Kedwin Payamps on June 4, 2020.

**ADMISSION REQUEST NO. 159:**

Deputy Inspector Timothy Skretch received information from another person regarding NYPD use of force on Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 159:**

Defendants object to Admission Request No. 159 to the extent it seeks information which is subject to the Attorney-Client privilege. Defendants further object on the grounds that it is vague and ambiguous as the terms "information" "another person," and "use of force" as those terms are overbroad and not defined and "vague and ambiguous wording that

does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376.  Defendants further object on the grounds that Admission Request No. 159 is overbroad as it does not provide a specific timeframe for the requested information. Notwithstanding  and without waiving or in any way limiting these or the General Objections, Defendants state that, after reasonable inquiry, including an interview of Deputy Inspector Skretch regarding the subject incident and a review of the information in their possession or that is readily attainable, they are unable to fairly admit or deny Admission Request No. 159 because they are unclear as to what is specifically requested to be admitted or denied.

## ADMISSION REQUEST NO. 160:

Deputy Inspector Timothy Skretch received information from another person regarding NYPD interactions with Kedwin Payamps on June 4, 2020.

## OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 160:

Defendants object to Admission Request No. 160 to the extent it seeks information which is subject to the Attorney-Client privilege. Defendants further object on the grounds that it is vague and ambiguous as the terms "information" "another person," and "use of force" as those terms are overbroad and not defined and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376.  Defendants further object on the grounds that Admission Request No. 160 is overbroad as it does not provide a specific timeframe for the requested information. Notwithstanding  and without waiving or in any way limiting these or the General Objections, Defendants state that, after reasonable inquiry, including an interview of Deputy Inspector Skretch regarding the subject incident and a review of the information in their possession or that is readily attainable, they are unable to fairly admit or deny Admission Request No. 160 because they are unclear as to what is specifically requested to be admitted or denied.

**ADMISSION REQUEST NO. 161:**

        Captain Ryon Malcolm was on duty working a shift as an NYPD member on June 4, 2020 when the events depicted in DEF 327 occurred.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 161:**

        Defendants object to Admission Request No. 161 on the grounds that it is vague and ambiguous as to the meaning of and fails to define the term "events" and, furthermore, uses "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin v. E.F. Hutton Group Inc.*, 125 F.R.D. 372, 376 (S.D.N.Y. 1989). Notwithstanding these specific objections, and subject to, and without waiving or in any way limiting these specific objections, or the General Objections, Defendants admit that, on June 4, 2020 at or around the time of Plaintiff's arrest at 10:12 p.m., Captain Ryon Malcolm was on duty for his scheduled tour as an NYPD officer.

**ADMISSION REQUEST NO. 162:**

        Captain Ryon Malcolm was present near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 162:**

        Defendants object to Admission Request No. 162 on the grounds that it is vague, ambiguous, and overbroad as it fails to defines the term "near" and, furthermore, uses "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants admit that during his June 4, 2020 tour, Captain Ryon Malcolm was present in the neighborhood where Washington Avenue and Fulton Street in Brooklyn, New York are located.

**ADMISSION REQUEST NO. 163:**

Captain Ryon Malcolm was within 15 feet of Defendant Lance near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York when the events depicted in DEF 327 occurred on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 163:**

Defendants object to Admission Request No. 163 on the grounds that it is vague, ambiguous and overbroad as it fails to define the term "near" and "events" and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants state that, after reasonable inquiry, including an interview of Captain Malcolm regarding the subject incident and a review of the information in their possession or that is readily attainable, they cannot either admit or deny whether Captain Ryon Malcolm was within 15 feet of Defendant Lance at all or any times of the documented events depicted in the video produced as DEF 327.

**ADMISSION REQUEST NO. 164:**

Captain Ryon Malcolm was within 10 feet of Plaintiff when he was arrested near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York when Plaintiff was arrested on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 164:**

Defendants object to Admission Request No. 164 on the grounds that it is vague and ambiguous as it fails to define "arrest", for example if it is at the point when Plaintiff was first placed in handcuffs or some other time, and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Defendants further object to this admission request on the grounds that it confusing and unintelligible as it states

"when [Plaintiff or he] was arrested" twice. Notwithstanding  and without waiving or in any way limiting these or the General Objections, Defendants state that, after reasonable inquiry, including an interview of Captain Malcolm regarding the subject incident and a review of the information in their possession or that is readily attainable, they cannot either admit or deny whether Captain Ryon Malcolm was within 10 feet of Plaintiff at the time he was handcuffed on June 4, 2020.

**ADMISSION REQUEST NO. 165:**

Captain Ryon Malcolm observed Kedwin Payamps near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 165:**

Defendants object to Admission Request No. 165 on the grounds that it is vague, ambiguous, and overbroad as it fails to define the term "near" and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny."  *Dubin*, 125 F.R.D. at 376. Notwithstanding  and without waiving or in any way limiting this or the General Objections, Defendants state that Captain Ryon Malcolm does not believe he observed Kedwin Payamps on June 4, 2020.

**ADMISSION REQUEST NO. 166:**

Captain Ryon Malcolm spoke with Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 166:**

Deny.

**ADMISSION REQUEST NO. 167:**

Captain Ryon Malcolm gave an order or command to Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 167:**

Defendants object to Admission Request No. 167 on the grounds that it is vague and ambiguous as it fails to define  the terms "order" and "command" and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants deny.

**ADMISSION REQUEST NO. 168:**

Captain Ryon Malcolm physically touched Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 168:**

Defendants state that after reasonable inquiry and review of the information it knows or can readily obtain, they are unable to  admit or deny Admission Request No. 168 on the grounds that it is unknown whether Captain Ryon Malcolm unknowingly made physical contact with Kedwin Payamps on June 4, 2020, however, Defendants deny that Captain Ryon Malcolm made any intentional physical contact with Kedwin Payamps.

**ADMISSION REQUEST NO. 169:**

Captain Ryon Malcolm used force on Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 169:**

Defendants deny to the extent that "used force" is defined as intentional conduct; otherwise, Defendants refer Plaintiff to their response to Admission Request No. 168.

**ADMISSION REQUEST NO. 170:**

Captain Ryon Malcolm heard another NYPD member speak with Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 170:**

Deny.

**ADMISSION REQUEST NO. 171:**

Captain Ryon Malcolm heard another NYPD member give an order or command to Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 171:**

Defendants object to Admission Request No. 171 on the grounds that it is vague and ambiguous as it fails to define the terms "order" and "command" and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding  and without waiving or in any way limiting these or the General Objections, Defendants deny.

**ADMISSION REQUEST NO. 172:**

Captain Ryon Malcolm observed another NYPD member touch Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 172:**

Deny.

**ADMISSION REQUEST NO. 173:**

Captain Ryon Malcolm observed another NYPD member use force on Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 173:**

Defendants object to Admission Request No. 173 on the grounds that it is vague and ambiguous as it fails to define the term "force" and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376.  Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants deny.

**ADMISSION REQUEST NO. 174:**

Captain Ryon Malcolm has Personal Knowledge related to a use of force against Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 174:**

Defendants object to Admission Request No. 174 on the grounds that it is vague and ambiguous as it fails to define the term "use of force" and whether "Personal Knowledge" includes the mere knowledge that Plaintiff has made the allegation via the instant civil rights action or something beyond that. Additionally, Defendants object to the extent it seeks information protected by the Attorney-Client privilege. Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants deny that Captain Ryon Malcolm has knowledge, defined as that, on June 4, 2020, he personally observed a use of force upon Kedwin Payamps.

**ADMISSION REQUEST NO. 175:**

Captain Ryon Malcolm received information from another person regarding NYPD use of force on Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 175:**

Defendants object to Admission Request No. 175 to the extent it seeks information which is subject to the Attorney-Client privilege. Defendants further object on the grounds that it is vague and ambiguous as the terms "information" "another person," and "use of force" as those terms are overbroad and not defined and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Defendants further object on the grounds that Admission Request No. 175 is overbroad as it does not provide a specific timeframe for the requested information. Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants state that, after reasonable inquiry,

including an interview of Captain Malcolm regarding the subject incident and a review of the information in their possession or that is readily attainable, they are unable to fairly admit or deny Admission Request No. 175 because they are unclear as to what is specifically requested to be admitted or denied.

**ADMISSION REQUEST NO. 176:**

Captain Ryon Malcolm received information from another person regarding NYPD interactions with Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 176:**

Defendants object to Admission Request No. 176 to the extent it seeks information which is subject to the Attorney-Client privilege. Defendants further object on the grounds that it is vague and ambiguous as the terms "information" "another person," and "use of force" as those terms are overbroad and not defined and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Defendants further object on the grounds that Admission Request No. 176 is overbroad as it does not provide a specific timeframe for the requested information. Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants state that, after reasonable inquiry, including an interview of Captain Malcolm regarding the subject incident and a review of the information in their possession or that is readily attainable, they are unable to fairly admit or deny Admission Request No. 176 because they are unclear as to what is specifically requested to be admitted or denied.

**ADMISSION REQUEST NO. 177:**

Officer Janelle Nerette was on duty working a shift as an NYPD member on June 4, 2020 when the events depicted in DEF 327 occurred.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 177:**

Defendants object to Admission Request No. 177 on the grounds that it is vague and ambiguous as to the meaning of and fails to define the term "events" and, furthermore, uses "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin v. E.F. Hutton Group Inc.*, 125 F.R.D. 372, 376 (S.D.N.Y. 1989). Notwithstanding these specific objections, and subject to, and without waiving or in any way limiting these specific objections, or the General Objections, Defendants admit that, on June 4, 2020 at or around the time of Plaintiff's arrest at 10:12 p.m., Officer Janelle Nerette was on duty for her scheduled tour as an NYPD officer.

**ADMISSION REQUEST NO. 178:**

Officer Janelle Nerette was present near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 178:**

Defendants object to Admission Request No. 178 on the grounds that it is vague, ambiguous, and overbroad as it fails to defines the term "near" and, furthermore, uses "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants admit that during his June 4, 2020 tour, Officer Janelle Nerette was present in the neighborhood where Washington Avenue and Fulton Street in Brooklyn, New York are located.

**ADMISSION REQUEST NO. 179:**

Officer Janelle Nerette was within 15 feet of Defendant Lance near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York when the events depicted in DEF 327 occurred on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 179:**

Defendants object to Admission Request No. 179 on the grounds that it is vague, ambiguous and overbroad as it fails to define the term "near" and "events" and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants admit that, on June 4, 2020, at or around the time of Plaintiff's arrest at 10:12 p.m., Officer Janelle Nerette was within 15 feet of Defendant Lance near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York.

**ADMISSION REQUEST NO. 180:**

Officer Janelle Nerette was within 10 feet of Plaintiff when he was arrested near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York when Plaintiff was arrested on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 180:**

Defendants object to Admission Request No. 180 on the grounds that it is vague and ambiguous as it fails to define "arrest", for example if it is at the point when Plaintiff was first placed in handcuffs or some other time, and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Defendants further object to this admission request on the grounds that it confusing and unintelligible as it states "when [Plaintiff or he] was arrested" twice. Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants admit that, on June 4, 2020, at or around the time of Plaintiff's arrest at 10:12 p.m., Officer Janelle Nerette was within 10 feet of Plaintiff Lance near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York.

**ADMISSION REQUEST NO. 181:**

Officer Janelle Nerette observed Kedwin Payamps near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 181:**

Defendants object to Admission Request No. 181 on the grounds that it is vague, ambiguous, and overbroad as it fails to define the term "near" and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants admit that, on June 4, 2020, at or around the time of Plaintiff's arrest at 10:12 p.m., Officer Janelle Nerette observed Kedwin Payamps near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York on June 4, 2020.

**ADMISSION REQUEST NO. 182:**

Officer Janelle Nerette spoke with Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 182:**

Defendants admit that, on June 4, 2020, at or around the time of Plaintiff's arrest at 10:12 p.m., near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York, Officer Janelle Nerette, upon information and belief, stated to Plaintiff, in sum and substance, to stand up.

**ADMISSION REQUEST NO. 183:**

Officer Janelle Nerette gave an order or command to Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 183:**

Defendants object to Admission Request No. 183 on the grounds that it is vague and ambiguous as it fails to define the terms "order" and "command" and "vague and

ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants refer Plaintiff to their response to Admission Request No. 182.

**ADMISSION REQUEST NO. 184:**

        Officer Janelle Nerette physically touched Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 184:**

        Defendants admit that, on June 4, 2020, at or around the time of Plaintiff's arrest at 10:12 p.m., near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York, Officer Janelle Nerette, upon information and belief, made physical contact with the Plaintiff in the process of assisting him to stand up off the ground.

**ADMISSION REQUEST NO. 185:**

        Officer Janelle Nerette used force on Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 185:**

        Defendants refer Plaintiff to their response to Admission Request No. 184.

**ADMISSION REQUEST NO. 186:**

        Officer Janelle Nerette heard another NYPD member speak with Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 186:**

        Defendants state that, after reasonable inquiry, including an interview of Officer Nerette regarding the subject incident and a review of the information in their possession or that is readily attainable, they are unable to admit or deny whether Officer Janelle Nerette heard another NYPD member speak with Kedwin Payamps on June 4, 2020.

**ADMISSION REQUEST NO. 187:**

Officer Janelle Nerette heard another NYPD member give an order or command to Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 187:**

Defendants object to Admission Request No. 187 on the grounds that it is vague and ambiguous as it fails to define the terms "order" and "command" and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding  and without waiving or in any way limiting these or the General Objections, Defendants state that, after reasonable inquiry, including an interview of Officer Nerette regarding the subject incident and a review of the information in their possession or that is readily attainable, they cannot either admit or deny whether Officer Janelle Nerette heard another NYPD member give an order or command to Kedwin Payamps on June 4, 2020.

**ADMISSION REQUEST NO. 188:**

Officer Janelle Nerette observed another NYPD member touch Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 188:**

Defendants admit that, on June 4, 2020, at or around the time of Plaintiff's arrest at 10:12 p.m., near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York, Officer Janelle Nerette observed another NYPD member make physical contact with the Plaintiff in the process of transporting him to a NYPD vehicle.

**ADMISSION REQUEST NO. 189:**

Officer Janelle Nerette observed another NYPD member use force on Kedwin Payamps on June 4, 2020.

- 85 -

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 189:**

Defendants object to Admission Request No. 189 on the grounds that it is vague and ambiguous as it fails to define the term "force" and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants deny.

**ADMISSION REQUEST NO. 190:**

Officer Janelle Nerette has Personal Knowledge related to a use of force against Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 190:**

Defendants object to Admission Request No. 190 on the grounds that it is vague and ambiguous as it fails to define the term "use of force" and whether "Personal Knowledge" includes the mere knowledge that Plaintiff has made the allegation via the instant civil rights action or something beyond that. Additionally, Defendants object to the extent it seeks information protected by the Attorney-Client privilege. Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants deny that Officer Janelle Nerette has knowledge, defined as that, on June 4, 2020, she personally observed a use of force upon Kedwin Payamps.

**ADMISSION REQUEST NO. 191:**

Officer Janelle Nerette received information from another person regarding NYPD use of force on Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 191:**

Defendants object to Admission Request No. 191 to the extent it seeks information which is subject to the Attorney-Client privilege. Defendants further object on the grounds that it is vague and ambiguous as the terms "information" "another person," and "use of

force" as those terms are overbroad and not defined and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376.  Defendants further object on the grounds that Admission Request No. 191 is overbroad as it does not provide a specific timeframe for the requested information. Notwithstanding  and without waiving or in any way limiting these or the General Objections, Defendants state that, after reasonable inquiry, including an interview of Officer Nerette regarding the subject incident and a review of the information in their possession or that is readily attainable, they are unable to fairly admit or deny Admission Request No. 191 because they are unclear as to what is specifically requested to be admitted or denied.

**ADMISSION REQUEST NO. 192:**

Officer Janelle Nerette received information from another person regarding NYPD interactions with Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 192:**

Defendants object to Admission Request No. 192 to the extent it seeks information which is subject to the Attorney-Client privilege. Defendants further object on the grounds that it is vague and ambiguous as the terms "information" "another person," and "use of force" as those terms are overbroad and not defined and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376.  Defendants further object on the grounds that Admission Request No. 192 is overbroad as it does not provide a specific timeframe for the requested information. Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants state that, after reasonable inquiry, including an interview of Officer Nerette regarding the subject incident and a review of the information in their possession or that is readily attainable, they are unable to fairly admit or

deny Admission Request No. 192 because they are unclear as to what is specifically requested to be admitted or denied.

**ADMISSION REQUEST NO. 193:**

Captain Danny Murria was on duty working a shift as an NYPD member on June 4, 2020 when the events depicted in DEF 327 occurred.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 193:**

Defendants object to Admission Request No. 193 on the grounds that it is vague and ambiguous as to the meaning of and fails to define the term "events"  and, furthermore, uses "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin v. E.F. Hutton Group Inc.*, 125 F.R.D. 372, 376 (S.D.N.Y. 1989). Notwithstanding these specific objections, and subject to, and without waiving or in any way limiting these specific objections, or the General Objections, Defendants admit that, on June 4, 2020 at or around the time of Plaintiff's arrest at 10:12 p.m., Captain Danny Murria was on duty for his scheduled tour as an NYPD officer.

**ADMISSION REQUEST NO. 194:**

Captain Danny Murria was present near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 194:**

Defendants object to Admission Request No. 194 on the grounds that it is vague, ambiguous, and overbroad as it fails to defines the term "near" and, furthermore, uses "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding  and without waiving or in any way limiting these or the General Objections, Defendants state that, after reasonable inquiry, including an interview of Captain Murria regarding the subject incident and a review of the information in their possession or that

is readily attainable, they cannot either admit or deny whether Captain Danny Murria was present near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York on June 4, 2020.

**ADMISSION REQUEST NO. 195:**

Captain Danny Murria was within 15 feet of Defendant Lance near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York when the events depicted in DEF 327 occurred on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 195:**

Defendants object to Admission Request No. 195 on the grounds that it is vague, ambiguous and overbroad as it fails to define the term "near" and "events" and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants state that, after reasonable inquiry, including an interview of Captain Murria regarding the subject incident and a review of the information in their possession or that is readily attainable, they cannot either admit or deny whether Captain Danny Murria was within 15 feet of Defendant Lance at all or any times of the documented events depicted in the video produced as DEF 327.

**ADMISSION REQUEST NO. 196:**

Captain Danny Murria was within 10 feet of Plaintiff when he was arrested near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York when Plaintiff was arrested on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 196:**

Defendants object to Admission Request No. 196 on the grounds that it is vague and ambiguous as it fails to define "arrest", for example if it is at the point when Plaintiff was

- 89 -

first placed in handcuffs or some other time, and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Defendants further object to this admission request on the grounds that it confusing and unintelligible as it states "when [Plaintiff or he] was arrested" twice. Notwithstanding  and without waiving or in any way limiting these or the General Objections, Defendants state that, after reasonable inquiry, including an interview of Captain Murria regarding the subject incident and a review of the information in their possession or that is readily attainable, they cannot either admit or deny whether Captain Danny Murria was within 10 feet of Plaintiff at the time he was handcuffed on June 4, 2020.

**ADMISSION REQUEST NO. 197:**

Captain Danny Murria observed Kedwin Payamps near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 197:**

Defendants object to Admission Request No. 197 on the grounds that it is vague, ambiguous, and overbroad as it fails to define the term "near" and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding  and without waiving or in any way limiting these or the General Objections, Defendants state that, after reasonable inquiry, including an interview of Captain Murria regarding the subject incident and a review of the information in their possession or that is readily attainable, they cannot either admit or deny whether Captain Danny Murria observed Kedwin Payamps near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York on June 4, 2020.

**ADMISSION REQUEST NO. 198:**

Captain Danny Murria spoke with Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 198:**

Defendants state that, after reasonable inquiry, including an interview of Captain Murria regarding the subject incident and a review of the information in their possession or that is readily attainable, they cannot either admit or deny whether Captain Danny Murria spoke with the Plaintiff on June 4, 2020.

**ADMISSION REQUEST NO. 199:**

Captain Danny Murria gave an order or command to Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 199:**

Defendants object to Admission Request No. 199 on the grounds that it is vague and ambiguous as it fails to define  the terms "order" and "command" and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding  and without waiving or in any way limiting these or the General Objections, Defendants state that, after reasonable inquiry, including an interview of Captain Murria regarding the subject incident and a review of the information in their possession or that is readily attainable, they cannot either admit or deny whether Captain Danny Murria gave an order or command to Kedwin Payamps on June 4, 2020.

**ADMISSION REQUEST NO. 200:**

Captain Danny Murria physically touched Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 200:**

Defendants state that after reasonable inquiry and review of the information it knows or can readily obtain, they are unable to  admit or deny Admission Request No. 200 on

the grounds that it is unknown whether Captain Danny Murria unknowingly made physical contact with Kedwin Payamps on June 4, 2020, however, Defendants deny that Captain Danny Murria made any intentional physical contact with Kedwin Payamps.

**ADMISSION REQUEST NO. 201:**

Captain Danny Murria used force on Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 201:**

Defendants deny to the extent that "used force" is defined as intentional conduct; otherwise, Defendants refer Plaintiff to their response to Admission Request No. 200.

**ADMISSION REQUEST NO. 202:**

Captain Danny Murria heard another NYPD member speak with Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 202:**

Defendants state that, after reasonable inquiry, including an interview of Captain Murria regarding the subject incident and a review of the information in their possession or that is readily attainable, they cannot either admit or deny whether Captain Danny Murria heard another NYPD member speak with Kedwin Payamps on June 4, 2020.

**ADMISSION REQUEST NO. 203:**

Captain Danny Murria heard another NYPD member give an order or command to Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 203:**

Defendants object to Admission Request No. 203 on the grounds that it is vague and ambiguous as it fails to define the terms "order" and "command" and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding  and without waiving or in any way limiting these or the General Objections,

Defendants state that, after reasonable inquiry, including an interview of Captain Murria regarding the subject incident and a review of the information in their possession or that is readily attainable, they cannot either admit or deny whether Captain Danny Murria heard another NYPD member give an order or command to Kedwin Payamps on June 4, 2020.

**ADMISSION REQUEST NO. 204:**

Captain Danny Murria observed another NYPD member touch Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 204:**

Defendants state that, after reasonable inquiry, including an interview of Captain Murria regarding the subject incident and a review of the information in their possession or that is readily attainable, they cannot either admit or deny whether Captain Danny Murria observed another NYPD member touch Kedwin Payamps on June 4, 2020.

**ADMISSION REQUEST NO. 205:**

Captain Danny Murria observed another NYPD member use force on Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 205:**

Defendants object to Admission Request No. 205 on the grounds that it is vague and ambiguous as it fails to define the term "force" and uses "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding  and without waiving or in any way limiting these or the General Objections, Defendants state that, after reasonable inquiry, including an interview of Captain Murria regarding the subject incident and a review of the information in their possession or that is readily attainable, they cannot either admit or deny whether Captain Danny Murria observed another NYPD member use force on Kedwin Payamps on June 4, 2020.

**ADMISSION REQUEST NO. 206:**

Captain Danny Murria has Personal Knowledge related to a use of force against Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 206:**

Defendants object to Admission Request No. 206 on the grounds that it is vague and ambiguous as it fails to define the term "use of force" and whether "Personal Knowledge" includes the mere knowledge that Plaintiff has made the allegation via the instant civil rights action or something beyond that. Additionally, Defendants object to the extent it seeks information protected by the Attorney-Client privilege. Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants deny that Captain Danny Murria has knowledge, defined as that, on June 4, 2020, he personally observed a use of force upon Kedwin Payamps.

**ADMISSION REQUEST NO. 207:**

Captain Danny Murria received information from another person regarding NYPD use of force on Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 207:**

Defendants object to Admission Request 207 to the extent it seeks information which is subject to the Attorney-Client privilege. Defendants further object on the grounds that it is vague and ambiguous as the terms "information" "another person," and "use of force" as those terms are overbroad and not defined and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Defendants further object on the grounds that Admission Request No. 207 is overbroad as it does not provide a specific timeframe for the requested information. Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants state that, after reasonable inquiry,

including an interview of Captain Murria regarding the subject incident and a review of the information in their possession or that is readily attainable, they are unable to fairly admit or deny Admission Request No. 207 because they are unclear as to what is specifically requested to be admitted or denied.

**ADMISSION REQUEST NO. 208:**

Captain Danny Murria received information from another person regarding NYPD interactions with Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 208:**

Defendants object to Admission Request No. 208 to the extent it seeks information which is subject to the Attorney-Client privilege. Defendants further object on the grounds that it is vague and ambiguous as the terms "information" "another person," and "use of force" as those terms are overbroad and not defined and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Defendants further object on the grounds that Admission Request No. 208 is overbroad as it does not provide a specific timeframe for the requested information. Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants state that, after reasonable inquiry, including an interview of Captain Murria regarding the subject incident and a review of the information in their possession or that is readily attainable, they are unable to fairly admit or deny Admission Request No. 208 because they are unclear as to what is specifically requested to be admitted or denied.

**ADMISSION REQUEST NO. 209:**

Lieutenant Randy Shapiro was on duty working a shift as an NYPD member on June 4, 2020 when the events depicted in DEF 327 occurred.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 209:**

Defendants object to Admission Request No. 209 on the grounds that it is vague and ambiguous as to the meaning of and fails to define the term "events"  and, furthermore, uses "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin v. E.F. Hutton Group Inc.*, 125 F.R.D. 372, 376 (S.D.N.Y. 1989). Notwithstanding these specific objections, and subject to, and without waiving or in any way limiting these specific objections, or the General Objections, Defendants admit that, on June 4, 2020 at or around the time of Plaintiff's arrest at 10:12 p.m., Lieutenant Randy Shapiro was on duty for his scheduled tour as an NYPD officer.

**ADMISSION REQUEST NO. 210:**

Lieutenant Randy Shapiro was present near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 210:**

Defendants object to Admission Request No. 210 on the grounds that it is vague, ambiguous, and overbroad as it fails to defines the term "near" and, furthermore, uses "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding and without waiving or in any way limiting these  or the General Objections, Defendants admit that during his June 4, 2020 tour, Lieutenant Randy Shapiro was present in the neighborhood where Washington Avenue and Fulton Street in Brooklyn, New York are located.

**ADMISSION REQUEST NO. 211:**

Lieutenant Randy Shapiro was within 15 feet of Defendant Lance near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York when the events depicted in DEF 327 occurred on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 211:**

Defendants object to Admission Request No. 211 on the grounds that it is vague, ambiguous and overbroad as it fails to define the term "near" and "events" and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants state that, after reasonable inquiry, including an interview of Lieutenant Shapiro regarding the subject incident and a review of the information in their possession or that is readily attainable, they cannot either admit or deny whether Lieutenant Randy Shapiro was within 15 feet of Defendant Lance at all or any times of the documented events depicted in the video produced as DEF 327.

**ADMISSION REQUEST NO. 212:**

Lieutenant Randy Shapiro was within 10 feet of Plaintiff when he was arrested near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York when Plaintiff was arrested on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 212:**

Defendants object to Admission Request No. 212 on the grounds that it is vague and ambiguous as it fails to define "arrest", for example if it is at the point when Plaintiff was first placed in handcuffs or some other time, and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Defendants further object to this admission request on the grounds that it confusing and unintelligible as it states "when [Plaintiff or he] was arrested" twice. Notwithstanding  and without waiving or in any way limiting these or the General Objections, Defendants state that, after reasonable inquiry, including an interview of Lieutenant Shapiro regarding the subject incident and a review of the information in their possession or that is readily attainable, they cannot either admit or deny

whether Lieutenant Randy Shapiro was within 10 feet of Plaintiff at the time he was handcuffed on June 4, 2020.

**ADMISSION REQUEST NO. 213:**

Lieutenant Randy Shapiro observed Kedwin Payamps near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 213:**

Defendants object to Admission Request No. 213 on the grounds that it is vague, ambiguous, and overbroad as it fails to define the term "near" and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding  and without waiving or in any way limiting these or the General Objections, Defendants state that, after reasonable inquiry, including an interview of Lieutenant Shapiro regarding the subject incident and a review of the information in their possession or that is readily attainable, they cannot either admit or deny whether Lieutenant Randy Shapiro observed Kedwin Payamps near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York on June 4, 2020.

**ADMISSION REQUEST NO. 214:**

Lieutenant Randy Shapiro spoke with Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 214:**

Defendants state that, after reasonable inquiry, including an interview of Lieutenant Shapiro regarding the subject incident and a review of the information in their possession or that is readily attainable, they cannot either admit or deny whether Lieutenant Randy Shapiro spoke with the Plaintiff on June 4, 2020.

**ADMISSION REQUEST NO. 215:**

Lieutenant Randy Shapiro gave an order or command to Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 215:**

Defendants object to Admission Request No. 215 on the grounds that it is vague and ambiguous as it fails to define  the terms "order" and "command" and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding  and without waiving or in any way limiting these or the General Objections, Defendants state that, after reasonable inquiry, including an interview of Lieutenant Shapiro regarding the subject incident and a review of the information in their possession or that is readily attainable, they cannot either admit or deny whether Lieutenant Randy Shapiro gave an order or command to the Plaintiff on June 4, 2020.

**ADMISSION REQUEST NO. 216:**

Lieutenant Randy Shapiro physically touched Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 216:**

Defendants state that after reasonable inquiry and review of the information it knows or can readily obtain, they are unable to  admit or deny Admission Request No. 216 on the grounds that it is unknown whether Lieutenant Randy Shapiro unknowingly made physical contact with Kedwin Payamps on June 4, 2020, however, Defendants deny that Lieutenant Randy Shapiro made any intentional physical contact with Kedwin Payamps.

**ADMISSION REQUEST NO. 217:**

Lieutenant Randy Shapiro used force on Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 217:**

Defendants deny to the extent that "used force" is defined as intentional conduct; otherwise, Defendants refer Plaintiff to their response to Admission Request No. 216.

**ADMISSION REQUEST NO. 218:**

Lieutenant Randy Shapiro heard another NYPD member speak with Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 218:**

Defendants state that, after reasonable inquiry, including an interview of Lieutenant Shapiro regarding the subject incident and a review of the information in their possession or that is readily attainable, they cannot either admit or deny whether Lieutenant Randy Shapiro heard another NYPD member speak with Kedwin Payamps on June 4, 2020.

**ADMISSION REQUEST NO. 219:**

Lieutenant Randy Shapiro heard another NYPD member give an order or command to Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 219:**

Defendants object to Admission Request No. 219 on the grounds that it is vague and ambiguous as it fails to define the terms "order" and "command" and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding  and without waiving or in any way limiting these or the General Objections, Defendants state that, after reasonable inquiry, including an interview of Lieutenant Shapiro regarding the subject incident and a review of the information in their possession or that is readily attainable, they cannot either admit or deny whether Lieutenant Randy Shapiro heard another NYPD member give an order or command to Kedwin Payamps on June 4, 2020.

**ADMISSION REQUEST NO. 220:**

Lieutenant Randy Shapiro observed another NYPD member touch Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 220:**

Defendants state that, after reasonable inquiry, including an interview of Lieutenant Shapiro regarding the subject incident and a review of the information in their possession or that is readily attainable, they cannot either admit or deny whether Lieutenant Randy Shapiro observed another NYPD member touch Kedwin Payamps on June 4, 2020.

**ADMISSION REQUEST NO. 221:**

Lieutenant Randy Shapiro observed another NYPD member use force on Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 221:**

Defendants object to Admission Request No. 221 on the grounds that it is vague and ambiguous as it fails to define the term "force" and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376.  Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants state that, after reasonable inquiry, including an interview of Lieutenant Shapiro regarding the subject incident and a review of the information in their possession or that is readily attainable, they cannot either admit or deny whether Lieutenant Randy Shapiro observed another NYPD member use force on Kedwin Payamps on June 4, 2020.

**ADMISSION REQUEST NO. 222:**

Lieutenant Randy Shapiro has Personal Knowledge related to a use of force against Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 222:**

Defendants object to Admission Request No. 222 on the grounds that it is vague and ambiguous as it fails to define the term "use of force" and whether "Personal Knowledge" includes the mere knowledge that Plaintiff has made the allegation via the instant civil rights action or something beyond that.  Additionally, Defendants object to the extent it seeks information protected by the Attorney-Client privilege. Notwithstanding  and without waiving or in any way limiting these or the General Objections, Defendants deny that Lieutenant Randy Shapiro has Personal Knowledge related to a use of force against Kedwin Payamps on June 4, 2020.

**ADMISSION REQUEST NO. 223:**

Lieutenant Randy Shapiro received information from another person regarding NYPD use of force on Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 223:**

Defendants object to Admission Request No. 222 to the extent it seeks information which is subject to the Attorney-Client privilege. Defendants further object on the grounds that it is vague and ambiguous as the terms "information" "another person," and "use of force" as those terms are overbroad and not defined and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376.  Defendants further object on the grounds that Admission Request No. 223 is overbroad as it does not provide a specific timeframe for the requested information. Notwithstanding  and without waiving or in any way limiting these or the General Objections, Defendants state that, after reasonable inquiry, including an interview of Lieutenant Shapiro regarding the subject incident and a review of the information in their possession or that is readily attainable, they are unable to fairly admit or

deny Admission Request No. 223 because they are unclear as to what is specifically requested to be admitted or denied.

**ADMISSION REQUEST NO. 224:**

Lieutenant Randy Shapiro received information from another person regarding NYPD interactions with Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 224:**

Defendants object to Admission Request No. 224 to the extent it seeks information which is subject to the Attorney-Client privilege. Defendants further object on the grounds that it is vague and ambiguous as the terms "information" "another person," and "use of force" as those terms are overbroad and not defined and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Defendants further object on the grounds that Admission Request No. 224 is overbroad as it does not provide a specific timeframe for the requested information. Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants state that, after reasonable inquiry, including an interview of Lieutenant Shapiro regarding the subject incident and a review of the information in their possession or that is readily attainable, they are unable to fairly admit or deny Admission Request No. 224 because they are unclear as to what is specifically requested to be admitted or denied.

**ADMISSION REQUEST NO. 225:**

Deputy Inspector Kenneth Noonan was on duty working a shift as an NYPD member on June 4, 2020 when the events depicted in DEF 327 occurred.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 225:**

Defendants object to Admission Request No. 225 on the grounds that it is vague and ambiguous as to the meaning of and fails to define the term "events" and, furthermore, uses

"vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin v. E.F. Hutton Group Inc.*, 125 F.R.D. 372, 376 (S.D.N.Y. 1989). Notwithstanding these specific objections, and subject to, and without waiving or in any way limiting these specific objections, or the General Objections, Defendants admit that, on June 4, 2020 at or around the time of Plaintiff's arrest at 10:12 p.m., Deputy Inspector Noonan was on duty for his scheduled tour as an NYPD officer.

**ADMISSION REQUEST NO. 226:**

Deputy Inspector Kenneth Noonan was present near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 226:**

Defendants object to Admission Request No. 226 on the grounds that it is vague, ambiguous, and overbroad as it fails to defines the term "near" and, furthermore, uses "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding and without waiving or in any way limiting these  or the General Objections, Defendants admit that during his June 4, 2020 tour, Deputy Inspector Noonan was present in the neighborhood where Washington Avenue and Fulton Street in Brooklyn, New York are located.

**ADMISSION REQUEST NO. 227:**

Deputy Inspector Kenneth Noonan was within 15 feet of Defendant Lance near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York when the events depicted in DEF 327 occurred on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 227:**

Defendants object to Admission Request No. 227 on the grounds that it is vague, ambiguous and overbroad as it fails to define the term "near" and "events" and "vague and

ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants state that, after reasonable inquiry, including an interview of Deputy Inspector Noonan regarding the subject incident and a review of the information in their possession or that is readily attainable, they cannot either admit or deny whether Deputy Inspector Noonan was within 15 feet of Defendant Lance at all or any times of the documented events depicted in the video produced as DEF 327.

**ADMISSION REQUEST NO. 228:**

Deputy Inspector Kenneth Noonan was within 10 feet of Plaintiff when he was arrested near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York when Plaintiff was arrested on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 228:**

Defendants object to Admission Request No. 228 on the grounds that it is vague and ambiguous as it fails to define "arrest", for example if it is at the point when Plaintiff was first placed in handcuffs or some other time, and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Defendants further object to this admission request on the grounds that it confusing and unintelligible as it states "when [Plaintiff or he] was arrested" twice. Notwithstanding  and without waiving or in any way limiting these or the General Objections, Defendants state that, after reasonable inquiry, including an interview of Deputy Inspector Noonan regarding the subject incident and a review of the information in their possession or that is readily attainable, they cannot either admit or deny whether Deputy Inspector Noonan was within 10 feet of Plaintiff at the time he was handcuffed on June 4, 2020.

**ADMISSION REQUEST NO. 229:**

Deputy Inspector Kenneth Noonan observed Kedwin Payamps near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 229:**

Defendants object to Admission Request No. 229 on the grounds that it is vague, ambiguous, and overbroad as it fails to define the term "near" and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding  and without waiving or in any way limiting these or the General Objections, Defendants state that, after reasonable inquiry, including an interview of Deputy Inspector Noonan regarding the subject incident and a review of the information in their possession or that is readily attainable, they cannot either admit or deny whether Deputy Inspector Noonan observed Kedwin Payamps near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York on June 4, 2020.

**ADMISSION REQUEST NO. 230:**

Deputy Inspector Kenneth Noonan spoke with Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 230:**

Defendants state that, after reasonable inquiry, including an interview of Deputy Inspector Noonan regarding the subject incident and a review of the information in their possession or that is readily attainable, they cannot either admit or deny whether Deputy Inspector Noonan spoke with Kedwin Payamps on June 4, 2020.

**ADMISSION REQUEST NO. 231:**

Deputy Inspector Randy Noonan gave an order or command to Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 231:**

Defendants object to Admission Request No. 231 on the grounds that it is vague and ambiguous as it fails to define  the terms "order" and "command" and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding  and without waiving or in any way limiting these or the General Objections, Defendants state that, after reasonable inquiry, including an interview of Deputy Inspector Noonan regarding the subject incident and a review of the information in their possession or that is readily attainable, they cannot either admit or deny whether Deputy Inspector Noonan gave an order or command to Kedwin Payamps on June 4, 2020.

**ADMISSION REQUEST NO. 232:**

Deputy Inspector Kenneth Noonan physically touched Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 232:**

Defendants state that after reasonable inquiry and review of the information it knows or can readily obtain, they are unable to  admit or deny Admission Request No. 232 on the grounds that it is unknown whether Deputy Inspector Noonan unknowingly made physical contact with Kedwin Payamps on June 4, 2020, however, Defendants deny that Deputy Inspector Nonnan made any intentional physical contact with Kedwin Payamps.

**ADMISSION REQUEST NO. 233:**

Deputy Inspector Kenneth Noonan used force on Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 233:**

Defendants deny to the extent that "used force" is defined as intentional conduct; otherwise, Defendants refer Plaintiff to their response to Admission Request No. 232.

**ADMISSION REQUEST NO. 234:**

Deputy Inspector Kenneth Noonan heard another NYPD member speak with Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 234:**

Defendants state that, after reasonable inquiry, including an interview of Deputy Inspector Noonan regarding the subject incident and a review of the information in their possession or that is readily attainable, they cannot either admit or deny whether Deputy Inspector Noonan heard another NYPD member speak with Kedwin Payamps on June 4, 2020.

**ADMISSION REQUEST NO. 235:**

Deputy Inspector Kenneth Noonan heard another NYPD member give an order or command to Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 235:**

Defendants object to Admission Request No. 235 on the grounds that it is vague and ambiguous as it fails to define the terms "order" and "command" and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding  and without waiving or in any way limiting these or the General Objections, Defendants state that, after reasonable inquiry, including an interview of Deputy Inspector Kenneth Noonan regarding the subject incident and a review of the information in their possession or that is readily attainable, they cannot either admit or deny whether Deputy Inspector Kenneth Noonan heard another NYPD member give an order or command to Kedwin Payamps on June 4, 2020.

**ADMISSION REQUEST NO. 236:**

Deputy Inspector Kenneth Noonan observed another NYPD member touch Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 236:**

Defendants state that, after reasonable inquiry, including an interview of Deputy Inspector Randy Noonan regarding the subject incident and a review of the information in their possession or that is readily attainable, they cannot either admit or deny whether Deputy Inspector Randy Noonan observed another NYPD member touch Kedwin Payamps on June 4, 2020.

**ADMISSION REQUEST NO. 237:**

Deputy Inspector Kenneth Noonan observed another NYPD member use force on Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 237:**

Defendants object to Admission Request No. 237 on the grounds that it is vague and ambiguous as it fails to define the term "force" and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376.  Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants state that, after reasonable inquiry, including an interview of Deputy Inspector Kenneth Noonan regarding the subject incident and a review of the information in their possession or that is readily attainable, they cannot either admit or deny whether Deputy Inspector Kenneth Noonan observed another NYPD member use force on Kedwin Payamps on June 4, 2020.

**ADMISSION REQUEST NO. 238:**

Deputy Inspector Kenneth Noonan has Personal Knowledge related to a use of force against Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 238:**

Defendants object to Admission Request No. 238 on the grounds that it is vague and ambiguous as it fails to define the term "use of force" and whether "Personal Knowledge"

includes the mere knowledge that Plaintiff has made the allegation via the instant civil rights action or something beyond that.   Additionally, Defendants object to the extent it seeks information protected by the Attorney-Client privilege. Notwithstanding  and without waiving or in any way limiting these or the General Objections, Defendants state that, after reasonable inquiry, including an interview of Deputy Inspector Kenneth Noonan regarding the subject incident and a review of the information in their possession or that is readily attainable, they cannot either admit or deny whether Deputy Inspector Kenneth Noonan has Personal Knowledge related to a use of force against Kedwin Payamps on June 4, 2020.

## ADMISSION REQUEST NO. 239:

Deputy Inspector Kenneth Noonan received information from another person regarding NYPD use of force on Kedwin Payamps on June 4, 2020.

## OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 239:

Defendants object to Admission Request No. 239 to the extent it seeks information which is subject to the Attorney-Client privilege. Defendants further object on the grounds that it is vague and ambiguous as the terms "information" "another person," and "use of force" as those terms are overbroad and not defined and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376.  Defendants further object on the grounds that Admission Request No. 239 is overbroad as it does not provide a specific timeframe for the requested information. Notwithstanding  and without waiving or in any way limiting these or the General Objections, Defendants state that, after reasonable inquiry, including an interview of Deputy Inspector Kenneth Noonan regarding the subject incident and a review of the information in their possession or that is readily attainable, they are unable to fairly admit or deny Admission Request No. 239 because they are unclear as to what is specifically requested to be admitted or denied.

**ADMISSION REQUEST NO. 240:**

Deputy Inspector Kenneth Noonan received information from another person regarding NYPD interactions with Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 240:**

Defendants object to Admission Request No. 240 to the extent it seeks information which is subject to the Attorney-Client privilege. Defendants further object on the grounds that it is vague and ambiguous as the terms "information" "another person," and "use of force" as those terms are overbroad and not defined and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Defendants further object on the grounds that Admission Request No. 240 is overbroad as it does not provide a specific timeframe for the requested information. Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants state that, after reasonable inquiry, including an interview of Deputy Inspector Kenneth Noonan regarding the subject incident and a review of the information in their possession or that is readily attainable, they are unable to fairly admit or deny Admission Request No. 240 because they are unclear as to what is specifically requested to be admitted or denied.

**ADMISSION REQUEST NO. 241:**

Sergeant Jason Reisgerzog was on duty working a shift as an NYPD member on June 4, 2020 when the events depicted in DEF 327 occurred.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 241:**

Defendants object to Admission Request No. 241 on the grounds that it is vague and ambiguous as to the meaning of and fails to define the term "events" and, furthermore, uses "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin v. E.F. Hutton Group Inc.*, 125 F.R.D. 372, 376 (S.D.N.Y. 1989). Notwithstanding these

specific objections, and subject to, and without waiving or in any way limiting these specific

objections, or the General Objections, Defendants admit that, on June 4, 2020 at or around the

time of Plaintiff's arrest at 10:12 p.m., Sergeant Jason Reisgerzog was on duty for his scheduled

tour as an NYPD officer.

**ADMISSION REQUEST NO. 242:**

Sergeant Jason Reisgerzog was present near the intersection of Washington

Avenue and Fulton Street in Brooklyn, New York on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 242:**

Defendants object to Admission Request No. 242 on the grounds that it is vague,

ambiguous, and overbroad as it fails to defines the term "near" and, furthermore, uses "vague

and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125

F.R.D. at 376. Notwithstanding and without waiving or in any way limiting these or the General

Objections, Defendants state that, after reasonable inquiry, including an interview of Sergeant

Reisgerzog regarding the subject incident and a review of the information in their possession or

that is readily attainable, they cannot either admit or deny whether Sgt. Reisgerzog was present

near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York on June 4,

2020.

**ADMISSION REQUEST NO. 243:**

Sergeant Jason Reisgerzog was within 15 feet of Defendant Lance near the

intersection of Washington Avenue and Fulton Street in Brooklyn, New York when the events

depicted in DEF 327 occurred on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 243:**

Defendants object to Admission Request No. 243 on the grounds that it is vague,

ambiguous and overbroad as it fails to define the term "near" and "events" and "vague and

ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants state that, after reasonable inquiry, including an interview of Sergeant Reisgerzog regarding the subject incident and a review of the information in their possession or that is readily attainable, they cannot either admit or deny whether Sergeant Jason Reisgerzog was within 15 feet of Defendant Lance at all or any times of the documented events depicted in the video produced as DEF 327.

## ADMISSION REQUEST NO. 244:

Sergeant Jason Reisgerzog was within 10 feet of Plaintiff when he was arrested near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York when Plaintiff was arrested on June 4, 2020.

## OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 244:

Defendants object to Admission Request No. 244 on the grounds that it is vague and ambiguous as it fails to define "arrest", for example if it is at the point when Plaintiff was first placed in handcuffs or some other time, and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Defendants further object to this admission request on the grounds that it confusing and unintelligible as it states "when [Plaintiff or he] was arrested" twice. Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants state that, after reasonable inquiry, including an interview of Sergeant Reisgerzog regarding the subject incident and a review of the information in their possession or that is readily attainable, they cannot either admit or deny whether Sergeant Jason Reisgerzog was within 10 feet of Plaintiff at the time he was handcuffed on June 4, 2020.

**ADMISSION REQUEST NO. 245:**

Sergeant Jason Reisgerzog observed Kedwin Payamps near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 245:**

Defendants object to Admission Request No. 245 on the grounds that it is vague, ambiguous, and overbroad as it fails to define the term "near" and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants state that, after reasonable inquiry, including an interview of Sergeant Reisgerzog regarding the subject incident and a review of the information in their possession or that is readily attainable, they cannot either admit or deny whether Sergeant Jason Reisgerzog observed Kedwin Payamps near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York on June 4, 2020.

**ADMISSION REQUEST NO. 246:**

Sergeant Jason Reisgerzog spoke with Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 246:**

Defendants state that, after reasonable inquiry, including an interview of Sergeant Reisgerzog regarding the subject incident and a review of the information in their possession or that is readily attainable, they cannot admit or deny whether Sergeant Jason Reisgerzog spoke with Kedwin Payamps on June 4, 2020.

**ADMISSION REQUEST NO. 247:**

Sergeant Jason Reisgerzog gave an order or command to Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 247:**

Defendants object to Admission Request No. 247 on the grounds that it is vague and ambiguous as it fails to define  the terms "order" and "command" and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants state that, after reasonable inquiry, including an interview of Sergeant Reisgerzog regarding the subject incident and a review of the information in their possession or that is readily attainable, they cannot either admit or deny whether Sgt. Reisgerzog gave an order or command to the Plaintiff on June 4, 2020.

**ADMISSION REQUEST NO. 248:**

Sergeant Jason Reisgerzog physically touched Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 248:**

Defendants state that, after reasonable inquiry, including an interview of Sergeant Reisgerzog regarding the subject incident and a review of the information in their possession or that is readily attainable, they cannot admit or deny whether Sergeant Jason Reisgerzog physically touched Kedwin Payamps on June 4, 2020.

**ADMISSION REQUEST NO. 249:**

Sergeant Jason Reisgerzog used force on Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 249:**

Defendants state that, after reasonable inquiry, including an interview of Sergeant Reisgerzog regarding the subject incident and a review of the information in their possession or that is readily attainable, they cannot admit or deny whether Sergeant Jason Reisgerzog used force on Kedwin Payamps on June 4, 2020.

**ADMISSION REQUEST NO. 250:**

Sergeant Jason Reisgerzog heard another NYPD member speak with Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 250:**

Defendants state that, after reasonable inquiry, including an interview of Sergeant Reisgerzog regarding the subject incident and a review of the information in their possession or that is readily attainable, they cannot admit or deny whether Sergeant Jason Reisgerzog heard another NYPD member speak with Kedwin Payamps on June 4, 2020.

**ADMISSION REQUEST NO. 251:**

Sergeant Jason Reisgerzog heard another NYPD member give an order or command to Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 251:**

Defendants object to Admission Request No. 251 on the grounds that it is vague and ambiguous as it fails to define the terms "order" and "command" and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding  and without waiving or in any way limiting these or the General Objections, Defendants state that, after reasonable inquiry, including an interview of Sergeant Reisgerzog regarding the subject incident and a review of the information in their possession or that is readily attainable, they cannot either admit or deny whether Sergeant Jason Reisgerzog heard another NYPD member give an order or command to Kedwin Payamps on June 4, 2020.

**ADMISSION REQUEST NO. 252:**

Sergeant Jason Reisgerzog observed another NYPD member touch Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 252:**

Defendants state that, after reasonable inquiry, including an interview of Sergeant Reisgerzog regarding the subject incident and a review of the information in their possession or that is readily attainable, they cannot admit or deny whether Sergeant Jason Reisgerzog observed another NYPD member touch Kedwin Payamps on June 4, 2020.

**ADMISSION REQUEST NO. 253:**

Sergeant Jason Reisgerzog observed another NYPD member use force on Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 253:**

Defendants object to Admission Request No. 253 on the grounds that it is vague and ambiguous as it fails to define the term "force" and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376.  Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants state that, after reasonable inquiry, including an interview of Sergeant Reisgerzog regarding the subject incident and a review of the information in their possession or that is readily attainable, they cannot either admit or deny whether Sergeant Jason Reisgerzog observed another NYPD member use force on Kedwin Payamps on June 4, 2020.

**ADMISSION REQUEST NO. 254:**

Sergeant Jason Reisgerzog has Personal Knowledge related to a use of force against Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 254:**

Defendants object to Admission Request No. 254 on the grounds that it is vague and ambiguous as it fails to define the term "use of force" and whether "Personal Knowledge" includes the mere knowledge that Plaintiff has made the allegation via the instant civil rights

action or something beyond that.   Additionally, Defendants object to the extent it seeks information protected by the Attorney-Client privilege. Notwithstanding  and without waiving or in any way limiting these or the General Objections, Defendants state that, after reasonable inquiry, including an interview of Sergeant Reisgerzog regarding the subject incident and a review of the information in their possession or that is readily attainable, they cannot either admit or deny whether Sergeant Jason Reisgerzog has Personal Knowledge related to a use of force against Kedwin Payamps on June 4, 2020.

**ADMISSION REQUEST NO. 255:**

Sergeant Jason Reisgerzog received information from another person regarding NYPD use of force on Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 255:**

Defendants object to Admission Request No. 255 to the extent it seeks information which is subject to the Attorney-Client privilege. Defendants further object on the grounds that it is vague and ambiguous as the terms "information" "another person," and "use of force" as those terms are overbroad and not defined and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376.  Defendants further object on the grounds that Admission Request No. 255 is overbroad as it does not provide a specific timeframe for the requested information. Notwithstanding  and without waiving or in any way limiting these or the General Objections, Defendants state that after reasonable inquiry, including an interview of Sergeant Jason Reisgerzog regarding the subject incident and a review of the information in their possession or that is readily attainable, Defendants are unable to fairly admit or deny Admission Request No. 255 because they are unclear as to what is specifically requested to be admitted or denied.

**ADMISSION REQUEST NO. 256:**

Sergeant Jason Reisgerzog received information from another person regarding NYPD interactions with Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 256:**

Defendants object to Admission Request No. 256 to the extent it seeks information which is subject to the Attorney-Client privilege. Defendants further object on the grounds that it is vague and ambiguous as the terms "information" "another person," and "use of force" as those terms are overbroad and not defined and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376.  Defendants further object on the grounds that Admission Request No. 256 is overbroad as it does not provide a specific timeframe for the requested information. Notwithstanding  and without waiving or in any way limiting these or the General Objections, Defendants state that after reasonable inquiry, including an interview of Sergeant Jason Reisgerzog regarding the subject incident and a review of the information in their possession or that is readily attainable, Defendants are unable to fairly admit or deny Admission Request No. 256 because they are unclear as to what is specifically requested to be admitted or denied.

**ADMISSION REQUEST NO. 257:**

Officer Andrae Fernandez was on duty working a shift as an NYPD member on June 4, 2020 when the events depicted in DEF 327 occurred.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 257:**

Defendants object to Admission Request No. 257 on the grounds that it is vague and ambiguous as to the meaning of and fails to define the term "events"  and, furthermore, uses "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin v. E.F. Hutton Group Inc.*, 125 F.R.D. 372, 376 (S.D.N.Y. 1989). Notwithstanding these

specific objections, and subject to, and without waiving or in any way limiting these specific objections, or the General Objections, Defendants admit that, on June 4, 2020 at or around the time of Plaintiff's arrest at 10:12 p.m., Officer Andrae Fernandez was on duty for his scheduled tour as an NYPD officer.

**ADMISSION REQUEST NO. 258:**

Officer Andrae Fernandez was present near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 258:**

Defendants object to Admission Request No. 258 on the grounds that it is vague, ambiguous, and overbroad as it fails to defines the term "near" and, furthermore, uses "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding and without waiving or in any way limiting these  or the General Objections, Defendants admit that during his June 4, 2020 tour, Officer Andrae Fernandez was present in the neighborhood where Washington Avenue and Fulton Street in Brooklyn, New York are located.

**ADMISSION REQUEST NO. 259:**

Officer Andrae Fernandez was within 15 feet of Defendant Lance near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York when the events depicted in DEF 327 occurred on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 259:**

Defendants object to Admission Request No. 259 on the grounds that it is vague, ambiguous and overbroad as it fails to define the term "near" and "events" and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding and without waiving or in any way limiting these or the General

Objections, Defendants state that, after reasonable inquiry, including an interview of Officer Fernandez regarding the subject incident and a review of the information in their possession or that is readily attainable, they cannot either admit or deny Officer Andrae Fernandez was within 15 feet of Defendant Lance at all or any times of the documented events depicted in the video produced as DEF 327.

**ADMISSION REQUEST NO. 260:**

Officer Andrae Fernandez was within 10 feet of Plaintiff when he was arrested near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York when Plaintiff was arrested on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 260:**

Defendants object to Admission Request No. 260 on the grounds that it is vague and ambiguous as it fails to define "arrest", for example if it is at the point when Plaintiff was first placed in handcuffs or some other time, and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Defendants further object to this admission request on the grounds that it confusing and unintelligible as it states "when [Plaintiff or he] was arrested" twice. Notwithstanding  and without waiving or in any way limiting these or the General Objections, Defendants state that, after reasonable inquiry, including an interview of Officer Fernandez regarding the subject incident and a review of the information in their possession or that is readily attainable, they cannot either admit or deny whether Officer Andrae Fernandez was within 10 feet of Plaintiff at the time he was handcuffed on June 4, 2020.

**ADMISSION REQUEST NO. 261:**

Officer Andrae Fernandez observed Kedwin Payamps near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 261:**

Defendants object to Admission Request No. 261 on the grounds that it is vague, ambiguous, and overbroad as it fails to define the term "near" and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding and without waiving or in any way limiting this or the General Objections, Defendants state that Officer Andrae Fernandez does not believe he observed Kedwin Payamps on June 4, 2020.

**ADMISSION REQUEST NO. 262:**

Officer Andrae Fernandez spoke with Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 262:**

Deny.

**ADMISSION REQUEST NO. 263:**

Officer Andrae Fernandez gave an order or command to Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 263:**

Defendants object to Admission Request No. 263 on the grounds that it is vague and ambiguous as it fails to define the terms "order" and "command" and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants deny.

**ADMISSION REQUEST NO. 264:**

Officer Andrae Fernandez physically touched Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 264:**

Defendants state that after reasonable inquiry and review of the information it knows or can readily obtain, they are unable to admit or deny Admission Request No. 8 on the grounds that it is unknown whether Officer Andrae Fernandez unknowingly made physical contact with Kedwin Payamps on June 4, 2020, however, Defendants deny that Officer Andrae Fernandez made any intentional physical contact with Kedwin Payamps.

**ADMISSION REQUEST NO. 265:**

Officer Andrae Fernandez used force on Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 265:**

Defendants deny to the extent that "used force" is defined as intentional conduct; otherwise, Defendants refer Plaintiff to their response to Admission Request No. 264.

**ADMISSION REQUEST NO. 266:**

Officer Andrae Fernandez heard another NYPD member speak with Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 266:**

Deny.

**ADMISSION REQUEST NO. 267:**

Officer Andrae Fernandez heard another NYPD member give an order or command to Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 267:**

Defendants object to Admission Request No. 267 on the grounds that it is vague and ambiguous as it fails to define the terms "order" and "command" and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376.

Notwithstanding  and without waiving or in any way limiting these or the General Objections, Defendants deny.

**ADMISSION REQUEST NO. 268:**

Officer Andrae Fernandez observed another NYPD member touch Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 268:**

Deny.

**ADMISSION REQUEST NO. 269:**

Officer Andrae Fernandez observed another NYPD member use force on Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 269:**

Defendants object to Admission Request No. 269 on the grounds that it is vague and ambiguous as it fails to define the term "force" and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376.  Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants deny.

**ADMISSION REQUEST NO. 270:**

Officer Andrae Fernandez has Personal Knowledge related to a use of force against Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 270:**

Defendants object to Admission Request No. 270 on the grounds that it is vague and ambiguous as it fails to define the term "use of force" and whether "Personal Knowledge" includes the mere knowledge that Plaintiff has made the allegation via the instant civil rights action or something beyond that.   Additionally, Defendants object to the extent it seeks information protected by the Attorney-Client privilege. Notwithstanding  and without waiving or

in any way limiting these or the General Objections, Defendants deny that Officer Andrae Fernandez has knowledge, defined as that, on June 4, 2020, he personally observed a use of force upon Kedwin Payamps.

## ADMISSION REQUEST NO. 271:

Officer Andrae Fernandez received information from another person regarding NYPD use of force on Kedwin Payamps on June 4, 2020.

## OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 271:

Defendants object to Admission Request No. 271 to the extent it seeks information which is subject to the Attorney-Client privilege. Defendants further object on the grounds that it is vague and ambiguous as the terms "information" "another person," and "use of force" as those terms are overbroad and not defined and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376.  Defendants further object on the grounds that Admission Request No. 271 is overbroad as it does not provide a specific timeframe for the requested information. Notwithstanding  and without waiving or in any way limiting these or the General Objections, Defendants state that after reasonable inquiry, including an interview of Officer Fernandez regarding the subject incident and a review of the information in their possession or that is readily attainable, Defendants are unable to fairly admit or deny Admission Request No. 271 because they are unclear as to what is specifically requested to be admitted or denied.

## ADMISSION REQUEST NO. 272:

Officer Andrae Fernandez received information from another person regarding NYPD interactions with Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 272:**

        Defendants object to Admission Request No. 272 to the extent it seeks information which is subject to the Attorney-Client privilege. Defendants further object on the grounds that it is vague and ambiguous as the terms "information" "another person," and "use of force" as those terms are overbroad and not defined and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376.  Defendants further object on the grounds that Admission Request No. 272 is overbroad as it does not provide a specific timeframe for the requested information. Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants state that after reasonable inquiry, including an interview of Officer Fernandez regarding the subject incident and a review of the information in their possession or that is readily attainable, Defendants are unable to fairly admit or deny Admission Request No. 272 because they are unclear as to what is specifically requested to be admitted or denied.

**ADMISSION REQUEST NO. 273:**

        Officer Nathaniel Lester was on duty working a shift as an NYPD member on June 4, 2020 when the events depicted in DEF 327 occurred.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 273:**

        Defendants object to Admission Request No. 273 on the grounds that it is vague and ambiguous as to the meaning of and fails to define the term "events"  and, furthermore, uses "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin v. E.F. Hutton Group Inc.*, 125 F.R.D. 372, 376 (S.D.N.Y. 1989). Notwithstanding these specific objections, and subject to, and without waiving or in any way limiting these specific objections, or the General Objections, Defendants admit that, on June 4, 2020 at or around the

time of Plaintiff's arrest at 10:12 p.m., Officer Nathaniel Lester was on duty for his scheduled tour as an NYPD officer.

**ADMISSION REQUEST NO. 274:**

Officer Nathaniel Lester was present near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 274:**

Defendants object to Admission Request No. 274 on the grounds that it is vague, ambiguous, and overbroad as it fails to defines the term "near" and, furthermore, uses "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants admit that during his June 4, 2020 tour, Officer Nathaniel Lester was present in the neighborhood where Washington Avenue and Fulton Street in Brooklyn, New York are located.

**ADMISSION REQUEST NO. 275:**

Officer Nathaniel Lester was within 15 feet of Defendant Lance near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York when the events depicted in DEF 327 occurred on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 275:**

Defendants object to Admission Request No. 275 on the grounds that it is vague, ambiguous and overbroad as it fails to define the term "near" and "events" and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants state that, after reasonable inquiry, including an interview of Officer Lester regarding the subject incident and a review of the information in their possession or that is

readily attainable, they cannot either admit or deny whether Officer Nathaniel Lester was within 15 feet of Defendant Lance at all or any times of the documented events depicted in the video produced as DEF 327.

**ADMISSION REQUEST NO. 276:**

Officer Nathaniel Lester was within 10 feet of Plaintiff when he was arrested near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York when Plaintiff was arrested on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 276:**

Defendants object to Admission Request No. 276 on the grounds that it is vague and ambiguous as it fails to define "arrest", for example if it is at the point when Plaintiff was first placed in handcuffs or some other time, and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Defendants further object to this admission request on the grounds that it confusing and unintelligible as it states "when [Plaintiff or he] was arrested" twice. Notwithstanding  and without waiving or in any way limiting these or the General Objections, Defendants state that, after reasonable inquiry, including an interview of Officer Lester regarding the subject incident and a review of the information in their possession or that is readily attainable, they cannot either admit or deny whether Officer Nathaniel Lester was within 10 feet of Plaintiff at the time he was handcuffed on June 4, 2020.

**ADMISSION REQUEST NO. 277:**

Officer Nathaniel Lester observed Kedwin Payamps near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 277:**

Defendants object to Admission Request No. 277 on the grounds that it is vague, ambiguous, and overbroad as it fails to define the term "near" and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding  and without waiving or in any way limiting this or the General Objections, Defendants state that Officer Nathaniel Lester does not believe he observed Kedwin Payamps on June 4, 2020.

**ADMISSION REQUEST NO. 278:**

Officer Nathaniel Lester spoke with Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 278:**

Deny.

**ADMISSION REQUEST NO. 279:**

Officer Nathaniel Lester gave an order or command to Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 279:**

Defendants object to Admission Request No. 279 on the grounds that it is vague and ambiguous as it fails to define  the terms "order" and "command" and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants deny.

**ADMISSION REQUEST NO. 280:**

Officer Nathaniel Lester physically touched Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 280:**

Defendants state that after reasonable inquiry and review of the information it knows or can readily obtain, they are unable to  admit or deny Admission Request No. 8 on the grounds that it is unknown whether Officer Nathaniel Lester unknowingly made physical contact with Kedwin Payamps on June 4, 2020, however, Defendants deny that Officer Nathaniel Lester made any intentional physical contact with Kedwin Payamps.

**ADMISSION REQUEST NO. 281:**

Officer Nathaniel Lester used force on Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 281:**

Defendants deny to the extent that "used force" is defined as intentional conduct; otherwise, Defendants refer Plaintiff to their response to Admission Request No. 280.

**ADMISSION REQUEST NO. 282:**

Officer Nathaniel Lester heard another NYPD member speak with Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 282:**

Deny.

**ADMISSION REQUEST NO. 283:**

Officer Nathaniel Lester heard another NYPD member give an order or command to Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 283:**

Defendants object to Admission Request No. 283 on the grounds that it is vague and ambiguous as it fails to define the terms "order" and "command" and uses "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125

F.R.D. at 376. Notwithstanding  and without waiving or in any way limiting these or the General Objections, Defendants deny.

**ADMISSION REQUEST NO. 284:**

Officer Nathaniel Lester observed another NYPD member touch Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 284:**

Deny.

**ADMISSION REQUEST NO. 285:**

Officer Nathaniel Lester observed another NYPD member use force on Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 285:**

Defendants object to Admission Request No. 285 on the grounds that it is vague and ambiguous as it fails to define the term "force" and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376.  Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants deny.

**ADMISSION REQUEST NO. 286:**

Officer Nathaniel Lester has Personal Knowledge related to a use of force against Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 286:**

Defendants object to Admission Request No. 286 on the grounds that it is vague and ambiguous as it fails to define the term "use of force" and whether "Personal Knowledge" includes the mere knowledge that Plaintiff has made the allegation via the instant civil rights action  or  something  beyond  that.    Additionally,  Defendants  object  to  the  extent  it  seeks information protected by the Attorney-Client privilege. Notwithstanding  and without waiving or

in any way limiting these or the General Objections, Defendants deny that Officer Nathaniel Lester has knowledge, defined as that, on June 4, 2020, he personally observed a use of force upon Kedwin Payamps.

**ADMISSION REQUEST NO. 287:**

   Officer Nathaniel Lester received information from another person regarding NYPD use of force on Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 287:**

   Defendants object to Admission Request No. 287 to the extent it seeks information which is subject to the Attorney-Client privilege. Defendants further object on the grounds that it is vague and ambiguous as the terms "information" "another person," and "use of force" as those terms are overbroad and not defined and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376.  Defendants further object on the grounds that Admission Request No. 287 is overbroad as it does not provide a specific timeframe for the requested information. Notwithstanding  and without waiving or in any way limiting these or the General Objections, Defendants state that after reasonable inquiry including an interview of Officer Lester regarding the subject incident and a review of the information in their possession or that is readily attainable, they are unable to fairly admit or deny Admission Request No. 287 because they are unclear as to what is specifically requested to be admitted or denied.

**ADMISSION REQUEST NO. 288:**

   Officer Nathaniel Lester received information from another person regarding NYPD interactions with Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 288:**

Defendants object to Admission Request No. 288 to the extent it seeks information which is subject to the Attorney-Client privilege. Defendants further object on the grounds that it is vague and ambiguous as the terms "information" "another person," and "use of force" as those terms are overbroad and not defined and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Defendants further object on the grounds that Admission Request No. 288 is overbroad as it does not provide a specific timeframe for the requested information. Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants. state that after reasonable inquiry including an interview of Officer Lester regarding the subject incident and a review of the information in their possession or that is readily attainable, are unable to fairly admit or deny Admission Request No. 288 because they are unclear as to what is specifically requested to be admitted or denied.

**ADMISSION REQUEST NO. 289:**

Sergeant Kevin Lynch was on duty working a shift as an NYPD member on June 4, 2020 when the events depicted in DEF 327 occurred.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 289:**

Defendants object to Admission Request No. 289 on the grounds that it is vague and ambiguous as to the meaning of and fails to define the term "events" and, furthermore, uses "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin v. E.F. Hutton Group Inc.*, 125 F.R.D. 372, 376 (S.D.N.Y. 1989). Notwithstanding these specific objections, and subject to, and without waiving or in any way limiting these specific objections, or the General Objections, Defendants deny that, on June 4, 2020 at or around the

time of Plaintiff's arrest at 10:12 p.m., Sergeant Kevin Lynch was on duty for his scheduled tour as an NYPD officer.

**ADMISSION REQUEST NO. 290:**

Sergeant Kevin Lynch was present near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 290:**

Defendants object to Admission Request No. 290 on the grounds that it is vague, ambiguous, and overbroad as it fails to defines the term "near" and, furthermore, uses "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants deny that during his June 4, 2020 tour, Sergeant Kevin Lynch was present in the neighborhood where Washington Avenue and Fulton Street in Brooklyn, New York are located.

**ADMISSION REQUEST NO. 291:**

Sergeant Kevin Lynch was within 15 feet of Defendant Lance near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York when the events depicted in DEF 327 occurred on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 291:**

Defendants object to Admission Request No. 291 on the grounds that it is vague, ambiguous and overbroad as it fails to define the term "near" and "events" and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants deny.

**ADMISSION REQUEST NO. 292:**

Sergeant Kevin Lynch was within 10 feet of Plaintiff when he was arrested near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York when Plaintiff was arrested on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 292:**

Defendants object to Admission Request No. 292 on the grounds that it is vague and ambiguous as it fails to define "arrest", for example if it is at the point when Plaintiff was first placed in handcuffs or some other time, and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Defendants further object to this admission request on the grounds that it confusing and unintelligible as it states "when [Plaintiff or he] was arrested" twice. Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants deny.

**ADMISSION REQUEST NO. 293:**

Sergeant Kevin Lynch observed Kedwin Payamps near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 293:**

Defendants object to Admission Request No. 293 on the grounds that it is vague, ambiguous, and overbroad as it fails to define the term "near" and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding and without waiving or in any way limiting this or the General Objections, Defendants deny.

**ADMISSION REQUEST NO. 294:**

Sergeant Kevin Lynch spoke with Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 294:**

Deny.

**ADMISSION REQUEST NO. 295:**

Sergeant Kevin Lynch gave an order or command to Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 295:**

Defendants object to Admission Request No. 295 on the grounds that it is vague and ambiguous as it fails to define the terms "order" and "command" and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants deny.

**ADMISSION REQUEST NO. 296:**

Sergeant Kevin Lynch physically touched Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 296:**

Deny.

**ADMISSION REQUEST NO. 297:**

Sergeant Kevin Lynch used force on Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 297:**

Deny.

**ADMISSION REQUEST NO. 298:**

Sergeant Kevin Lynch heard another NYPD member speak with Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 298:**

Deny.

**ADMISSION REQUEST NO. 299:**

Sergeant Kevin Lynch heard another NYPD member give an order or command to Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 299:**

Defendants object to Admission Request No. 299 on the grounds that it is vague and ambiguous as it fails to define the terms "order" and "command" and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding  and without waiving or in any way limiting these or the General Objections, Defendants deny.

**ADMISSION REQUEST NO. 300:**

Sergeant Kevin Lynch observed another NYPD member touch Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 300:**

Deny.

**ADMISSION REQUEST NO. 301:**

Sergeant Kevin Lynch observed another NYPD member use force on Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 301:**

Defendants object to Admission Request No. 301 on the grounds that it is vague and ambiguous as it fails to define the term "force" and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376.  Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants deny.

**ADMISSION REQUEST NO. 302:**

Sergeant Kevin Lynch has Personal Knowledge related to a use of force against Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 302:**

Defendants object to Admission Request No. 302 on the grounds that it is vague and ambiguous as it fails to define the term "use of force" and whether "Personal Knowledge" includes the mere knowledge that Plaintiff has made the allegation via the instant civil rights action or something beyond that. Additionally, Defendants object to the extent it seeks information protected by the Attorney-Client privilege. Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants deny that Sgt. Lynch has knowledge, defined as that, on June 4, 2020, he personally observed a use of force upon Kedwin Payamps.

**ADMISSION REQUEST NO. 303:**

Sergeant Kevin Lynch received information from another person regarding NYPD use of force on Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 303:**

Defendants object to Admission Request No. 303 to the extent it seeks information which is subject to the Attorney-Client privilege. Defendants further object on the grounds that it is vague and ambiguous as the terms "information" "another person," and "use of force" as those terms are overbroad and not defined and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Defendants further object on the grounds that Admission Request No. 303 is overbroad as it does not provide a specific timeframe for the requested information. Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants state that after reasonable inquiry

including an interview of Sgt. Lynch regarding the subject incident and a review of the information in their possession or that is readily attainable, they are unable to fairly admit or deny Admission Request No. 303 because they are unclear as to what is specifically requested to be admitted or denied.

**ADMISSION REQUEST NO. 304:**

Sergeant Kevin Lynch received information from another person  regarding NYPD interactions with Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 304:**

Defendants object to Admission Request No. 304 to the extent it seeks information which is subject to the Attorney-Client privilege. Defendants further object on the grounds that it is vague and ambiguous as the terms "information" "another person," and "use of force" as those terms are overbroad and not defined and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376.  Defendants further object on the grounds that Admission Request No. 304 is overbroad as it does not provide a specific timeframe for the requested information. Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants state that after reasonable inquiry including an interview of Sgt. Lynch regarding the subject incident and a review of the information in their possession or that is readily attainable, they are unable to fairly admit or deny Admission Request No. 304 because they are unclear as to what is specifically requested to be admitted or denied.

**ADMISSION REQUEST NO. 305:**

Officer Jorge Ramos was on duty working a shift as an NYPD member on June 4, 2020 when the events depicted in DEF 327 occurred.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 305:**

Defendants object to Admission Request No. 305 on the grounds that it is vague and ambiguous as to the meaning of and fails to define the term "events"  and, furthermore, uses "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin v. E.F. Hutton Group Inc.*, 125 F.R.D. 372, 376 (S.D.N.Y. 1989). Notwithstanding these specific objections, and subject to, and without waiving or in any way limiting these specific objections, or the General Objections, Defendants admit that, on June 4, 2020 at or around the time of Plaintiff's arrest at 10:12 p.m., Officer Jorge Ramos was on duty for his scheduled tour as an NYPD officer.

**ADMISSION REQUEST NO. 306:**

Officer Jorge Ramos was present near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 306:**

Defendants object to Admission Request No. 306 on the grounds that it is vague, ambiguous, and overbroad as it fails to defines the term "near" and, furthermore, uses "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding and without waiving or in any way limiting these  or the General Objections, Defendants admit that during his June 4, 2020 tour, Officer Jorge Ramos was present in the neighborhood where Washington Avenue and Fulton Street in Brooklyn, New York are located.

**ADMISSION REQUEST NO. 307:**

Officer Jorge Ramos was within 15 feet of Defendant Lance near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York when the events depicted in DEF 327 occurred on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 307:**

Defendants object to Admission Request No. 307 on the grounds that it is vague, ambiguous and overbroad as it fails to define the term "near" and "events" and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants state that, after reasonable inquiry, including an interview of Office Ramos regarding the subject incident and a review of the information in their possession or that is readily attainable, they cannot either admit or deny whether Officer Jorge Ramos was within 15 feet of Defendant Lance at all or any times of the documented events depicted in the video produced as DEF 327.

**ADMISSION REQUEST NO. 308:**

Officer Jorge Ramos was within 10 feet of Plaintiff when he was arrested near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York when Plaintiff was arrested on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 308:**

Defendants object to Admission Request No. 308 on the grounds that it is vague and ambiguous as it fails to define "arrest", for example if it is at the point when Plaintiff was first placed in handcuffs or some other time, and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Defendants further object to this admission request on the grounds that it confusing and unintelligible as it states "when [Plaintiff or he] was arrested" twice. Notwithstanding  and without waiving or in any way limiting these or the General Objections, Defendants state that, after reasonable inquiry including an interview of Office Ramos regarding the subject incident and a review of the information in

their possession or that is readily attainable, they cannot either admit or deny whether Officer Jorge Ramos was within 10 feet of Plaintiff at the time he was handcuffed on June 4, 2020.

**ADMISSION REQUEST NO. 309:**

Officer Jorge Ramos observed Kedwin Payamps near the intersection of Washington Avenue and Fulton Street in Brooklyn, New York on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 309:**

Defendants object to Admission Request No. 309 on the grounds that it is vague, ambiguous, and overbroad as it fails to define the term "near" and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding and without waiving or in any way limiting this or the General Objections, Defendants state that Officer Jorge Ramos does not believe he observed Kedwin Payamps on June 4, 2020.

**ADMISSION REQUEST NO. 310:**

Officer Jorge Ramos spoke with Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 310:**

Deny.

**ADMISSION REQUEST NO. 311:**

Officer Jorge Ramos gave an order or command to Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 311:**

Defendants object to Admission Request No. 311 on the grounds that it is vague and ambiguous as it fails to define the terms "order" and "command" and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125

F.R.D. at 376. Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants deny.

**ADMISSION REQUEST NO. 312:**

Officer Jorge Ramos physically touched Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 312:**

Defendants state that after reasonable inquiry and review of the information it knows or can readily obtain, they are unable to admit or deny Admission Request No. 312 on the grounds that it is unknown whether Officer Jorge Ramos unknowingly made physical contact with Kedwin Payamps on June 4, 2020, however, Defendants deny that Officer Jorge Ramos made any intentional physical contact with Kedwin Payamps.

**ADMISSION REQUEST NO. 313:**

Officer Jorge Ramos used force on Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 313:**

Defendants deny to the extent that "used force" is defined as intentional conduct; otherwise, Defendants refer Plaintiff to their response to Admission Request No. 312.

**ADMISSION REQUEST NO. 314:**

Officer Jorge Ramos heard another NYPD member speak with Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 314:**

Deny.

**ADMISSION REQUEST NO. 315:**

Officer Jorge Ramos heard another NYPD member give an order or command to Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 315:**

Defendants object to Admission Request No. 315 on the grounds that it is vague and ambiguous as it fails to define the terms "order" and "command" and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Notwithstanding  and without waiving or in any way limiting these or the General Objections, Defendants deny.

**ADMISSION REQUEST NO. 316:**

Officer Jorge Ramos observed another NYPD member touch Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 316:**

Deny.

**ADMISSION REQUEST NO. 317:**

Officer Jorge Ramos observed another NYPD member use force on Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 317:**

Defendants object to Admission Request No. 317 on the grounds that it is vague and ambiguous as it fails to define the term "force" and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376.  Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants deny.

**ADMISSION REQUEST NO. 318:**

Officer Jorge Ramos has Personal Knowledge related to a use of force against Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 318:**

Defendants object to Admission Request No. 318 on the grounds that it is vague and ambiguous as it fails to define the term "use of force" and whether "Personal Knowledge" includes the mere knowledge that Plaintiff has made the allegation via the instant civil rights action or something beyond that.  Additionally, Defendants object to the extent it seeks information protected by the Attorney-Client privilege. Notwithstanding  and without waiving or in any way limiting these or the General Objections, Defendants deny that Officer Jorge Ramos has knowledge, defined as that, on June 4, 2020, he personally observed a use of force upon Kedwin Payamps.

**ADMISSION REQUEST NO. 319:**

Officer Jorge Ramos received information from another person regarding NYPD use of force on Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 319:**

Defendants object to Admission Request No. 319 to the extent it seeks information which is subject to the Attorney-Client privilege. Defendants further object on the grounds that it is vague and ambiguous as the terms "information" "another person," and "use of force" as those terms are overbroad and not defined and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376.  Defendants further object on the grounds that Admission Request No. 319 is overbroad as it does not provide a specific timeframe for the requested information. Notwithstanding  and without waiving or in any way limiting these or the General Objections, Defendants state that after reasonable inquiry including an interview of Office Ramos regarding the subject incident and a review of the information in their possession or that is readily attainable, they are unable to fairly admit or

deny Admission Request No. 319 because they are unclear as to what is specifically requested to be admitted or denied.

**<u>ADMISSION REQUEST NO. 320:</u>**

Officer Jorge Ramos received information from another person regarding NYPD interactions with Kedwin Payamps on June 4, 2020.

**OBJECTION AND RESPONSE TO ADMISSION REQUEST NO. 320:**

Defendants object to Admission Request No. 320 to the extent it seeks information which is subject to the Attorney-Client privilege. Defendants further object on the grounds that it is vague and ambiguous as the terms "information" "another person," and "use of force" as those terms are overbroad and not defined and "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin*, 125 F.R.D. at 376. Defendants further object on the grounds that Admission Request No. 320 is overbroad as it does not provide a specific timeframe for the requested information. Notwithstanding and without waiving or in any way limiting these or the General Objections, Defendants. state that after reasonable inquiry including an interview of Office Ramos regarding the subject incident and a review of the information in their possession or that is readily attainable, they are unable to fairly admit or deny Admission Request No. 320 because they are unclear as to what is specifically requested to be admitted or denied.

Dated:      New York, New York
            July 21, 2023

                              HON. SYLVIA O. HINDS-RADIX
                              Corporation Counsel of the
                               City of New York
                              *Attorney for Defendants*
                              100 Church Street, Room 227
                              New York, New York 10007
                              (212) 356-2617
                              mpvirove@law.nyc.gov

                    By:    _____
                              MICHAEL PESIN-VIROVETS
                              *Assistant Corporation Counsel*

- 147 -

TO:   JESSICA MASSIMI
      *Attorney for Plaintiff*
      1639 Centre Street
      Suite 216
      Ridgewood (Queens), NY 11385
      t: (929) 888-9480
      f: (929) 888-9457
      jessica@femmelaw.com